UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| M D | CIVIL ACTION NO. 6:22-CV-02089 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| LOUISIANA BOARD OF REGENTS ET AL | MAGISTRATE JUDGE DAVID J. AYO |

### REPORT AND RECOMMENDATION

Before the Court is a MOTION TO DISMISS PURSUANT TO RULE 12(B) (Rec. Doc. 10) filed by Defendant Lafayette Police Department (LPD) on the grounds that the LPD is not a juridical person and thus lacks capacity to be sued. Plaintiffs M.D., P.P., J.B, and Jane Does 1 – 100 filed a CONSENT MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT LAFAYETTE POLICE DEPARTMENT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) (Rec. Doc. 15). This Court granted Plaintiffs' motion and extended the deadline to file an opposition to November 5, 2022. (Rec. Doc. 24). No opposition has been filed. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that LPD's motion be GRANTED and that the claims against LPD be dismissed with prejudice.

**A. Factual Background**

Plaintiffs filed this suit on July 13, 2022 asserting claims for damages stemming from their respective alleged sexual assaults by Victor Daniel Silva (Silva), a former student of Louisiana State University (LSU), University of Louisiana at

Lafayette (ULL), and Louisiana Tech University (Tech).[1] M.D. was a student at LSU, P.P. was a student at ULL, and J.B. was working for a private employer (where Silva also worked) at the time of the alleged assaults. Jane Does 1- 100 also assert claims for damages as students at the defendant universities who were allegedly "victims of sexual assault or misconduct, including by Victor Silva and whose reports went unprosecuted, and/or whose assailants were never appropriately sanctioned." (Rec. Doc. 1, ¶ 10).

Plaintiffs' initial complaint names as defendants the Louisiana Board of Regents, the Board of Supervisors of the University of Louisiana System (ULS), Joseph Savoie, Les Guice, Lafayette Consolidated Government (LCG), LPD, Thomas Glover, John/Jane Doe Chiefs of Police, the LSU Board of Supervisors (LSU Board), Thomas C. Galligan, Jr., William F. Tate, IV, and Fieldon King Alexander. The complaint alleges violations of Title IX of the Educational Amendments Act of 1972, 20 U.S.C. § 1681, et seq. ("Title IX"), 42 U.S.C. § 1983 and negligence.

Defendant brings the instant motion on the grounds that LPD "is not a juridical person under the laws of Louisiana as defined by Civil Code article 24 and thus lacks procedural capacity to be sued pursuant to Louisiana Code of Civil Procedural articles 731, et seq., as well as federal law." (Rec. Doc. 10). As stated above, although Plaintiffs initially filed a motion requesting an extension of time to

---

[1] Jane Doe, a former student at Louisiana Tech, filed suit in the Middle District of Louisiana against the LSU Board of Supervisors, Lafayette Consolidated Government, and the Board of Supervisors of the University of Louisiana System for damages arising out of an alleged sexual assault by Silva. *Doe v Board of Supervisors of La. Sys., et al*, Case No. 3:22-cv-00338.

2

oppose (Rec. Doc. 15), which this Court granted (Rec. Doc. 24), Plaintiffs did not file an opposition to the instant motion. In addition, in contrast to the initial complaint,[2] Plaintiffs' amended complaint (Rec. Doc. 70) does not appear to name the LPD as a separate defendant but includes them in the paragraph naming LCG as a defendant, which states as follows:

> At all times relevant to this complaint, Defendant Lafayette Consolidated Government has been an incorporated municipality located in Lafayette Parish, State of Louisiana. During the relevant timeframe, Lafayette Police Department ("LPD") has been a municipal agency within Defendant Lafayette Consolidated Government, organized and existing pursuant to Louisiana law. As codified in Act 172, as a law enforcement entity, LPD, as an entity within Defendant Lafayette Consolidated Government, was responsible for coordinating and communicating with various post-secondary institutions about potential sexual assailants with the potential to cause harm on institutional campuses, and to institutional students and employees.

(Rec. Doc. 36-1 at ¶ 22).

B. **Law and Discussion**

---

[2] The initial complaint states:

> At all times relevant to this complaint, Defendant Lafayette Police Department ("LPD") has been a municipal agency within Defendant Lafayette Consolidated Government, organized and existing pursuant to Louisiana law, and with a jurisdiction including and encompassing Lafayette Parish. As codified in Act 172, as a law enforcement entity, Defendant LPD was responsible for coordinating and communicating with various post-secondary institutions about potential sexual assailants with the potential to cause harm on institutional campuses, and to institutional students and employees.

(Rec. Doc. 1 at ¶ 23).

It appears that that Plaintiffs do not intend to pursue their claims against LPD as a separate entity from LCG and thus the instant motion may be moot. Nevertheless, out of an abundance of caution, the Court will address the motion. In support of their motion, LPD submits the affidavit of LCG Mayor-President Joshua Guillory attesting as follows:

> That the Lafayette Police Department is merely a subdivision of the City of Lafayette and is not an autonomous, separate, independent or distinct body corporate but rather is merely an agency or division of the greater corporate juridical body, that being the City of Lafayette.
> That the City of Lafayette has not granted the police department the status of a corporate body and has not placed it under a separate board with powers of self-government.

(Rec. Doc. 10-3).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Rule 17(b) of the Federal Rules of Civil Procedure provides that "[c]apacity to sue or be sued shall be determined ... by the law of the state in which the court is located ..." Under Louisiana law, an entity must qualify as a juridical person to possess the capacity to be sued. La. C.C. Art 24. A person may be either natural or juridical. "A natural person is a human being" and a "juridical person is an entity to which the law attributes personality, such as a corporation or partnership." *Id.* In *Roberts v. Sewerage & Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994) the Louisiana Supreme Court explained that "a local government unit may be deemed to be a

4

juridical person separate and distinct from other government entities[ ] when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity." Thus, where there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity under the *Roberts* analysis. *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 613–616 (La. App. 3rd Cir. 1994), writ denied, 650 So. 2d 244 (La. 1995). Accordingly, courts have consistently held that city police departments are merely "branches or parts of the greater corporate body politic or judicial entity" and thus lack the capacity to be sued. *Wilder v. Morgan*, 2022 WL 839128 at *2 (W.D. La.). The City of Lafayette is governed by a Home Rule Charter, and, under that charter, LPD is a division of the City's administrative branch. That charter does not grant LPD the status of a corporate body or place it under a separate board with powers of self-government, nor does it otherwise grant LPD the legal capacity to function independently. *Edmond v. Lafayette Consol. Gov't*, 2016 WL 3693653 (W.D. La. May 24, 2016). As a result, courts have consistently held that LPD does not have the legal capacity to be sued. *Wilder*, *supra*. Applying the *Roberts* analysis in this case, the Court agrees that LPD is not a separate juridical person under Louisiana law. Accordingly, LPD's motion should be GRANTED and the claims asserted against LPD dismissed with prejudice.

5

## Conclusion

For the reasons discussed herein, the Court recommends that the Lafayette Police Department's MOTION TO DISMISS PURSUANT TO RULE 12(B) (Rec. Doc. 10) be GRANTED and that the claims asserted against LPD be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 18th day of July, 2023.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE