UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| M.D., J.B., P.P., and<br>JANE DOES 1-100 | * <br> * <br> * | CIVIL ACTION |
| VERSUS | * <br> * | NO.:  6:22-cv-02089-DCJ-DJA |
| LOUISIANA BOARD OF REGENTS,<br>LOUISIANA STATE UNIVERSITY<br>BOARD OF SUPERVISORS, UNIVERSITY<br>OF LOUISIANA BOARD OF<br>SUPERVISORS, LAFAYETTE<br>CONSOLIDATED GOVERNMENT,<br>LAFAYETTE POLICE DEPARTMENT,<br>JOSEPH SAVOIE, LES GUICE, FIELDON<br>KING ALEXANDER, TOM GALLIGAN,<br>WILLIAM F. TATE, THOMAS GLOVER,<br>And JOHN/JANE DOE CHIEFS OF<br>POLICE, individually and in their<br>official capacities | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | JUDGE:<br>DAVID C. JOSEPH<br><br>MAGISTRATE JUDGE:<br>DAVID J. AYO |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**UNOPPOSED MOTION FOR CLARIFICATION AND FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' AMENDING COMPLAINTS**

NOW INTO COURT, through undersigned counsel, come Defendants, JOSEPH SAVOIE ("Savoie") and LES GUICE ("Guice") (collectively "Defendants"),[1] who appear solely to seek clarification from the Court regarding a recent Order and, alternatively, to request an extension of time to respond to Plaintiffs' First Amended Complaint. (Doc. 70).

On July 14, 2023, the Court issued an Order (Doc. 69) on Plaintiffs' Motion for Leave to File First Amended Complaint, (Doc. 36).  The Order reflects that "remaining defendants expressed no position on whether they opposed this motion but filed no opposition to it." (Doc. 69, n. 1).  The "remaining defendants" includes Savoie and Guice.  Savoie and Guice did not

---

[1] BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM ("UL System") previously filed a Motion to Dismiss under Rule 12(b)(2) and 12(b)(5) based upon improper service of process.  (R. Doc. 41).  This motion remains pending.

appear until after Plaintiffs sought leave of court to amend the Complaint. Thus, they were not given the opportunity to oppose or consent to the amendment. Regardless, when Savoie and Guice filed their motion to dismiss under Rule 12(b)(6), they opposed any amendment to the Complaint. (Doc. 49-2, p. 17).

The Court continues in its Order granting leave to amend the Complaint to find that listed "pending pre-amendment motions to dismiss" are denied as moot and may be re-urged. (Doc. 69, pp. 1-2). Savoie and Guice's Rule 12 motion is not listed. Presumably, this is because Savoie and Guice's motion was filed after Plaintiffs sought leave of Court to amend the Complaint. Regardless, Savoie and Guice's Rule 12 motion has not been dismissed as moot and remains pending for consideration.

Plaintiffs' Complaint has now been amended. (Doc. 70). Defendants are unclear whether they must respond to Plaintiffs' Amended Complaint by re-filing their Rule 12 motion to dismiss considering their motion was not listed in the Court's Order. (Doc. 69, p. 2). Defendants move this Court for clarification.

Alternatively, and to the extent Defendants will need to re-file their Rule 12 motion to dismiss in response to Plaintiffs' Amended Complaint (Doc. 70), Defendants request an extension of time to do so. First, Defendants seek clarification before incurring the expense of re-filing its motion. An extension of time would allow for the Court to clarify without prejudicing Defendants' response to the Amended Complaint. Second, Plaintiffs' counsel recently provided a draft and proposed Second Amended Complaint to Defendants, seeking consent to the filing of same. Due to the procedural posture set forth above, the Court's Order (Doc. 69), and the substantive changes contained in the proposed Second Amended Complaint, Defendants advised that they do not consent to the Second Amended Complaint. Because Plaintiffs intend to seek leave of Court to amend the Complaint a second time, the Amended Complaint (Doc. 70) may become moot. Rather than re-urge its motion to dismiss unnecessarily, Defendants contend that good cause exists for an

extension of time to gain clarity of record and secure an operative Complaint. To the extent Defendants must respond to Plaintiffs' Amended Complaint prior to a ruling on its pending motion, Defendants move the Court for an extension of time until August 21, 2023.

Undersigned counsel certifies Plaintiffs do not oppose the request for an extension of time. LR 7.9.

WHEREFORE, based on the foregoing, Defendants, JOSEPH SAVOIE and LES GUICE, respectfully request clarity from the Court on Doc. 69. Alternatively, to the extent Defendants must respond to Plaintiffs' Amended Complaint prior to a ruling on its pending motion, Defendants move the Court for an extension of time until August 21, 2023, to do so.

Respectfully submitted,

**JEFF LANDRY**
**Attorney General**

By:  /s/ Andrew Blanchfield
     Andrew Blanchfield, T.A. (#16812)
     Email: ablanchfield@keoghcox.com
     Christopher K. Jones (#28101)
     Email: cjones@keoghcox.com
     C. Reynolds LeBlanc (#33937)
     Email: rleblanc@keoghcox.com
     Catherine S. Giering (#26495)
     Email:  cgiering@keoghcox.com
     Chelsea A. Payne (#35952)
     Email: cpayne@keoghcox.com
     Special Assistant Attorneys General
     701 Main Street (70802)
     Post Office Box 1151
     Baton Rouge, Louisiana 70821
     Telephone: (225) 383-3796
     Facsimile: (225) 343-9612
     *(Counsel for Defendants, Board of*
     *Supervisors of The University of Louisiana*
     *System, Joseph Savoie and Les Guice)*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 28th day of July, 2023.

                                          /s/ Andrew Blanchfield
                                          Andrew Blanchfield