Exhibit C



UNIVERSITY of
LOUISIANA
L A F A Y E T T E®

**POWER-BASED VIOLENCE POLICY**

| Policy # | HR.008.1 |
|---|---|
| **Responsible Executive:** | Vice President for Administration and Finance |
| **Responsible Office:** | Human Resources |
| **Originally Issued:** | 10/21/2021 |
| **Latest Revision:** | 10/21/2021 |

1.  **Policy Statement**
2.  **Purpose of Policy**
3.  **Applicability**
4.  **Definitions**
5.  **Policy Procedure**
6.  **Enforcement**
7.  **Policy Management**
8.  **Exclusions**
9.  **Effective Date**
10. **Adoption**
11. **Appendices, References, and Related Materials**
12. **Revision History**

<div style="background-color:red;color:white">

**I.      Policy Statement**

</div>

Pursuant to this Policy, the University of Louisiana at Lafayette (the "University") is committed to maintaining an educational, living, and working environment free from Power-Based Violence, in accordance with federal and state law, including Act 472 of the 2021 Legislative Session of the Louisiana Legislature ("Act 472"), Title IX of the Education Amendments of 1972 ("Title IX" or "Title IX Regulations"), and Title VII of the Civil Rights Act of 1964 ("Title VII"), the Violence Against Women Act ("VAWA"), the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act ("Clery Act"), and other applicable laws. This Policy includes procedures, practices, and educational programs to prevent, respond to, and redress incidents involving acts of Power-Based Violence (which includes sexual misconduct).

Inquiries about the application of this Policy should be directed to the University's Title IX Coordinator:

Teressa LeDay
Title IX Coordinator and EEO Investigator
111 Boucher Drive, Buchanan Hall, Suite 116
PO Box 40196 Lafayette, Louisiana 70504
337-482-1819
https://titleix.louisiana.edu/
titleix@louisiana.edu

This Policy is not intended to infringe upon or restrict rights guaranteed by the United States Constitution, including the right to free speech under the First Amendment or the due process clauses of the Fifth and Fourteenth Amendments.

## II.    Purpose of Policy

As part of the University's commitment to creating and maintaining an environment in which dignity, decency, and respect remain the hallmarks of its culture, the University shall address allegations of Power-Based Violence, including sexual harassment and sexual assault, in a timely and effective manner. Further, the University will provide resources as needed for affected persons (i.e., Reporters, Complainants, Respondents, and third parties within the University community) and will not tolerate retaliation against any person who reports allegations of Power-Based Violence.

Each student has a right to learn in an environment free of Power-Based Violence. Through this Policy, the University shall address the prevention and reporting of incidents of Power-Based Violence committed by or against students or Employees at the University.

### A.  NOTICE OF NON-DISCRIMINATION

The University shall not discriminate on the basis of race, color, national origin, age (forty (40) years old or older), religion, sex (including pregnancy, gender identity, and transgender status), sexual orientation, disability, genetic information, veteran or military status, or retirement status in its administration of education policies, programs, or activities; admissions policies; scholarship and loan programs; athletic or other University-administered programs; or employment in its programs and activities as required by Title VI and Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Age Discrimination Act of 1975, the Equal Pay Act of 1963, Title IX of the Education Amendments of 1972, Executive Order 11246, Executive Order 13988, Section 503 and 504 of the Rehabilitation Act of 1973, Section 402 of the Vietnam Era Veterans Readjustment Assistance Act of 1974, the Genetic Information Nondiscrimination Act of 2008, and the 1990 Americans With Disabilities Act, and amendments thereto. See the University's Non-Discrimination Policy.

### B.  PROHIBITED CONDUCT

#### 1.  Power-Based Violence

This Policy prohibits Power-Based Violence, including in but not limited to Power-Based Violence in University's activities, programs, and online instruction. Power-Based Violence involves any form of interpersonal violence intended to control or intimidate another person through the assertion of power over the person, sexual misconduct, and sexual harassment beyond Title IX regulations.

Prohibited conduct under Power-Based Violence includes the following conduct:

> **a.** Dating violence;
>
> **b.** Domestic abuse and family violence;
>
> **c.** Nonconsensual observation of another person's sexuality without the other person's Consent;
>
> **d.** Sexual Exploitation;
>
> **e.** Sexual Harassment;
>
> **f.** Stalking;
>
> **g.** Unlawful communications; or

DocuSign Envelope ID: BB7E605D-0E83-482D-AD85-D864561421A7

      **h.** Unwelcome sexual or sex-or-gender-based conduct.

***When Power-Based Violence meets the criteria specified in the Title IX Regulations, it must be addressed under the Sexual Harassment and other Prohibited Sexual Conduct Policy, and not the Policy on Power-Based Violence, to the extent the procedures differ between the Policies. (See 34 C.F.R. §106.44-.45).***

    **2. Retaliation**

This Policy prohibits Retaliatory or Intimidating conduct (including, but not limited to, reprisal and harassment) against any individual who has made an allegation of Power-Based Violence, or who has testified or assisted in any manner in an investigation pursuant to this Policy. The University will take strong responsive action against any attempt at such Retaliation. Retaliation will be grounds for a separate violation of this Policy.

Any Employee or student making a Formal Complaint pursuant to this Policy will be protected from Retaliation or Intimidating conduct. Likewise, any individual providing information or otherwise participating in the investigation of such a Formal Complaint will be protected from Retaliation or Intimidating conduct.

Retaliation regarding Power-Based Violence must be promptly reported to the Title IX Coordinator. If a Formal Complaint is made and the investigation reveals that Retaliation or Intimidating conduct has occurred against a Complainant or anyone participating in the investigative process, appropriate disciplinary action, up to and including expulsion or termination, as appropriate, will be taken.

   **C. MANDATED COMPLIANCE**

    **1. Training**

The University recognizes that implementation of this Policy and its procedures alone is insufficient to prevent and address Power-Based Violence. Robust education and training programs for both students and Employees are the cornerstone of these efforts and essential to supporting a culture in which sexual misconduct and Power-Based Violence is rare and both Complainants and Respondents are supported.

      **a. Employees**

Employees are required to successfully complete Power-Based Violence training upon hire and on a continuing basis thereafter. Annual training concerning this Policy and the Procedures for Reporting and Responding to Alleged Power-Based Violence Policy Violations will be provided to all Employees.

      **b. Students**

Students will receive this Policy as part of new student orientation. All students will also be encouraged to take the free, online Everfi student training program regarding Power-Based Violence. Additionally, all incoming freshmen students participating in student organizations and student athletes are required to take the Everfi student training program regarding Power-Based Violence.

    **2. Education, Prevention, and Awareness Programs**

The University's annual education and prevention programs available to Employees shall include, but not be limited to: (a) awareness programs; (b) bystander intervention programs; (c) ongoing prevention and awareness campaigns; (d) primary prevention programs; (e) education on risk reduction; and (f) development of an institutional task force to assess additional prevention initiatives. These programs will

cover, at a minimum: (1) how to identify and prevent Power-Based Violence; (2) how to detect potential threats to school safety exhibited online, including on any social media platform; (3) how to report incidents of Power-Based Violence, crimes on campus, violations of the Student Code of Conduct, and possible threats to campus safety; and (4) where to find reports regarding campus safety.

### a.   Awareness Programs

Awareness programs consist of community-wide or audience-specific programming, initiatives, and strategies that increase audience knowledge and share information and resources to prevent violence, promote safety, and reduce Power-Based Violence.

### b.   Bystander Intervention

Bystander intervention consists of safe and positive options that may be carried out by an individual or individuals to prevent harm or intervene when there is a risk of Power-Based Violence. It also includes recognizing situations of potential harm, understanding institutional structures and cultural conditions that facilitate violence, overcoming barriers to intervening, identifying safe and effective intervention options, and taking action to intervene.

### c.   Ongoing Prevention and Awareness Campaigns

Ongoing prevention and awareness campaigns consist of programming, initiatives, and strategies that are sustained over time and focus on increasing understanding of topics relevant to, and skills for addressing, Power-Based Violence using a range of strategies with audiences throughout the University.

### d.   Prevention Programs

Prevention programs consist of initiatives and strategies informed by research or assessed for value, effectiveness, or outcome that are intended to stop Power-Based Violence before they occur through the promotion of positive and healthy behaviors that foster healthy, mutually respectful relationships and sexuality, encourage safe bystander intervention, and seek to change behavior and social norms in healthy and safe directions.

### e.   Risk Reduction

Risk reduction consists of options designed to decrease perpetration and bystander inaction and to increase empowerment for Complainants to promote safety and to help individuals and communities address conditions that facilitate Power-Based Violence. Additional options may include designation and publication of "red zones" (i.e., times and places of high incidence of crimes, including sexual violence).

### 3.   Mandatory Reporting for Employees

In accordance with Act 472 and this Policy, any Employee who receives a direct statement regarding or witnesses an incident of Power-Based Violence committed by or against a student is deemed a Responsible Employee. In this context, unless designated specifically as a Confidential Advisor, all Employees are considered Responsible Employees including residential assistants and graduate assistants. All Responsible Employees must promptly report the incident to the Title IX Coordinator. A Responsible Employee who is determined to have knowingly failed to make a report or, with the intent to harm or deceive, made a report that is knowingly false will be terminated.

A Responsible Employee must report the following to the Title IX Coordinator:

a.   The identity of the alleged Complainant;

DocuSign Envelope ID: BB7E605D-0F83-482D-AD85-D864561421A7

    b. The identity of the alleged Respondent;

    c. The type of Power-Based Violence or Retaliation alleged to have been committed;

    d. Any other information about witnesses, location, date, and time that the incident occurred; and

    e. Any other relevant information.

Pursuant to Act 472, a Responsible Employee is not required to make a report if information involving Power-Based Violence was received in the following circumstances:

    a. During a public forum or awareness event in which an individual discloses an incident of Power-Based Violence as part of educating others;

    b. Disclosure made in the course of academic work consistent with the assignment; or

    c. Disclosure made indirectly, such as in the course of overhearing a conversation.

If an Employee believes an individual may intend to share any information regarding an instance of Power-Based Violence, the Employee should seek to confirm that the reporting party understands the Employee's obligation to report. If the reporting party would prefer to speak with a confidential resource, the Employee should direct the reporting party to a confidential resource.

If an individual chooses to make an initial report to an Employee other than the Title IX Coordinator, that Employee must refer the information to the Title IX Coordinator because the Title IX Office bears responsibility for responding to reports of Power-Based Violence. Once the information is received by the Title IX Coordinator, it shall constitute a report.

## 4. Power-Based Violence Climate Survey

Consistent with the Louisiana Board of Regents ("BOR") Uniform Policy on Power-Based Violence/Sexual Misconduct and the University Louisiana System ("UL System") Sexual Misconduct/Power-Based Violence Policy (Policy Number S-II.XXI), beginning with the 2022-2023 academic year and every third year thereafter, the University will administer an anonymous Power-Based Violence Climate Survey to its students. Student participation in this survey is voluntary. No student shall be required or coerced to participate in the Survey, nor shall any student face retribution or negative consequences of any kind for declining to participate. In consultation with the UL System, the Power-Based Violence climate survey will be developed by the BOR. The University will be required to submit results of the survey to the UL System and publish at https://police.louisiana.edu/jeanne-clery-act/campus-security-report/power-based-violence.

## 5. Campus Security Report

In accordance with Act 447 of the 2021 Regular Legislative Session of the Louisiana Legislature, the University will publish a semiannual security report to contain all information relative to campus security policies and campus crime statistics at https://police.louisiana.edu/jeanne-clery-act/campus-security-report/power-based-violence.

## 6. Transcript Withholding and Communication

In accordance with Act 472, the BOR's Uniform Policy on Power-Based Violence and Sexual Misconduct, the UL System's Policy on Power-Based Violence and Sexual Misconduct (Policy Number

S-II.XXI), and the UL System's Notation of Disciplinary Action of Academic Transcript Policy (Policy Number S-II.I.B.-1), the University shall either (1) withhold the transcript of the student or (2) place a notation on the student's transcript with respect to any student who attempts to transfer to another institution and is the subject of a Power-Based Violence Formal Complaint.

The University will notify the student that their transcript has been withheld or notated, and of the appeals process to have the hold or notation removed. Specific transcript notations and determination of an appeal is described in detail in the Procedures for Reporting and Responding to Alleged Power-Based Violence Policy Violations.

## 7.  Coordination with Local Law Enforcement

The University has a Memorandum of Understanding ("MOU") with local law enforcement and criminal justice agencies located within each parish of the campus of the University and other organizations such as crisis centers regarding the coordination of its efforts with those of local law enforcement agencies and other organizations such as crisis centers as appropriate. The MOU clearly delineates the responsibilities and sharing of information between the University, the local law enforcement agencies, and other organizations in accordance with applicable federal and state confidentiality laws including, but not limited to, trends about sexually-oriented criminal offenses occurring against students of the University and joint or shared trauma-informed training specific to assisting Sexual Assault victims.

## 8.  Website

The University's Title IX website, found at https://titleix.louisiana.edu/, not only includes access to this Policy and the Procedures for Reporting and Responding to Alleged Power-Based Violence Policy Violations, but also includes contact information for Confidential Advisors; reporting options for Complainants; the process of investigation and disciplinary proceedings of the University; the process of investigation and adjudication of the criminal justice system; contact information for local, state and national advocacy groups; identified medical facilities trained in sexual assault forensic medical examination and evidence collections; transportation options and available reimbursement for a visit to such facility; current MOUs between the University and local law enforcement agencies and other organizations such as crisis centers; and other information regarding accommodations, training, and resources available to Complainants and Respondents.

## 9.  National Collegiate Athletic Association ("NCAA") Compliance

As a NCAA member institution and in accordance with the NCAA Sexual Violence Policy, the University is required to obtain conduct information on all current and potential students seeking to participate in intercollegiate athletics at the University. All incoming, current, and transfer student athletes must disclose annually to the University any conduct that has resulted in discipline through a Title IX proceeding or a criminal conviction for sexual, interpersonal (which includes Power-Based Violence) or other acts of violence. Additionally, all incoming, current, and transfer student athletes must disclose any proceedings that are pending or were not completed. Failure by the student athlete to accurately and fully disclose pending or incomplete hearings, a disciplinary action, or criminal conviction may result in penalties, including being prohibited from practice or competition, a loss of athletic scholarship, or a loss of athletics eligibility. Information obtained through the conduct inquiry will be evaluated prior to acceptance into the University's Athletic Program.

The Department of Athletics, in consultation with the University's Title IX Coordinator will comply with the requirements set in the NCAA Board of Governor's Policy on Campus Sexual Violence.

## 10. Complainant and Respondent Rights

**a. Complainant (Reporting Party) Rights**: Complainants are afforded the following rights in the University's investigative and resolution process:

    **i.**    To be treated with respect, dignity, and sensitivity throughout the process;

    **ii.**    To seek and receive appropriate support services at the University;

    **iii.**    To the presence of an Advisor throughout the process;

    **iv.**    To confidentiality and protection under the Family Education Rights and Privacy Act ("FERPA"). The University will make all reasonable efforts to ensure preservation of privacy, restricting information to those with a legitimate need to know;

    **v.**    To be informed of this Policy;

    **vi.**    To a prompt and thorough investigation of the allegations;

    **vii.**    To challenge any individual taking part in an administrative review process if a conflict of interest is present;

    **viii.**    To participate or decline to participate in the University's investigation. The University will determine an outcome with the information available pursuant to applicable proceedings;

    **ix.**    To be notified in writing of the case resolution, including the outcome of any sanctions/remedial action and appeal;

    **x.**    To report incidents of criminal sexual and gender-based misconduct to law enforcement if the individual wishes to do so; and

    **xi.**    To understand that information collected in this process may be subpoenaed in criminal or civil proceedings.

**b. Respondent(s) Rights**: Respondents are afforded the following rights in the University's investigative and resolution process:

    **i.**    To be treated with respect, dignity, and sensitivity throughout the process;

    **ii.**    To seek and receive appropriate support services at the University;

    **iii.**    To the presence of an Advisor throughout the process;

    **iv.**    To confidentiality and protection under FERPA. The University will make all reasonable efforts to ensure preservation of privacy, restricting information to those with a legitimate need to know;

    **v.**    To be informed of this Policy;

    **vi.**    To a prompt and thorough investigation of the allegations;

    **vii.**    To challenge any individual taking part in an administrative review process if a conflict of interest is present;

       viii.    To participate or decline to participate in the University's investigation. The University will determine an outcome with the information available pursuant to applicable proceedings;

       ix.    To be notified in writing of the case resolution, including the outcome of any sanctions/remedial action and appeal; and

       x.    To understand that information collected in this process may be subpoenaed in criminal or civil proceedings.

**E. FREE SPEECH**

This Policy and the Procedures for Reporting and Responding to Alleged Power-Based Violence Policy Violations will not be implemented in a manner that infringes on any form of speech or conduct that is protected by the First Amendment.

## III.    Applicability

This Policy is applicable to and enforceable against all students, Employees, individuals affiliated with the University by contract or otherwise (including, but not limited to, non-Employees, such as vendors and independent contractors, maintenance personnel, clients, consultants, volunteers, student organization advisors), and visitors. This Policy applies to the entire University community, regardless of an individual's sexual orientation or gender identity, including transgender status. This Policy may include Power-Based Violence that has taken place on or off campus.

With respect to Employees, this Policy applies to all University Employees regardless of position, rank, or status. This includes classified and unclassified Employees, as well as full time, part time, seasonal, and temporary Employees. The tenets of this Policy are equally applicable to appointing authorities, executive management, faculty, administrators, directors, managers, supervisors, staff members, student workers, and interns. This Policy applies not only to the customary workplace and work locations where University Employees may be assigned, but also prohibits such behavior while traveling for work, while attending conferences or off-site meetings, workshops, training, business trips, and business-related social events.

## IV.    Definitions

Where starred (*), the terms listed herein are defined as stated in the BOR's Uniform Policy on Power-Based Violence/Sexual Misconduct.

1. <u>**Advisor\***</u>**:** is a person chosen by a party or appointed by the University to accompany the party to meetings related to the resolution process, to advise the party on that process, and to conduct cross-examination for the party at the hearing, if any.

2. <u>**President (of the University)**</u>**:** The chief executive officer of the University.

3. <u>**Coercion\***</u>**:** is the use of express or implied threats, intimidation, or physical force, which places an individual in fear of immediate harm or physical injury or causes a person to engage in unwelcome sexual activity. Coercion also includes administering a drug, intoxicant, or similar substance with the intent to impair that person's ability to Consent prior to engaging in sexual activity.

DocuSign Envelope ID: 9B7E6865D-0583-482D-AB85-D866561424A7

4. **Complainant\*:** is an individual who is alleged to be the victim of behavior that could constitute Power-Based Violence under this Policy (or an individual who is alleged to be the victim of conduct that could constitute sexual harassment under Title IX) irrespective of whether a Formal Complaint has been filed.

5. **Confidential Advisor\*:** is a person designated by the University to provide emergency and ongoing support to students who are alleged victims of Power-Based Violence.

6. **Consent\*:** Consent to engage in sexual activity must exist from beginning to end of each instance of sexual activity. Consent is demonstrated through mutually understandable words and/or actions that clearly indicate a willingness to engage in a specific sexual activity. Silence alone, without actions evidencing permission, does not demonstrate Consent. Consent must be knowing and voluntary. To give Consent, a person must be of legal age. Assent does not constitute Consent if obtained through Coercion or from an individual whom the Alleged Offender knows or reasonably should know is Incapacitated. The responsibility of obtaining Consent rests with the person initiating sexual activity. Use of alcohol or drugs does not diminish one's responsibility to obtain Consent. Consent to engage in sexual activity may be withdrawn by any person at any time. Once withdrawal of Consent has been expressed, the sexual activity must cease. Consent is automatically withdrawn by a person who is no longer capable of giving Consent. A current or previous consensual dating or sexual relationship between the parties does not itself imply Consent or preclude a finding of responsibility.

7. **Employee\*:** is defined as:

   a. An administrative officer, official, or employee of a public postsecondary education board or the University;

   b. Anyone appointed to a public postsecondary education board or the University;

   c. Anyone employed by or through a public postsecondary education board or the University; or

   d. Anyone employed by a foundation or association related to a UL System Management Board or the University.

   The Employee category does not include a student enrolled at the University unless the student works for the University in a position such as a teaching assistant or residential advisor.

8. **Formal Complaint\*:** is a signed document filed by a Complainant or signed by the Title IX Coordinator alleging Power-Based Violence or Retaliation and requesting the University investigate and possibly adjudicate the alleged issue. A third party who knows of or witnessed an incident of Power-Based Violence but who did not suffer such conduct themselves may request that the University treat their third-party report as a Formal Complaint. The University can convert a report to a Formal Complaint if it determines that, in order to meet its state and/or federal obligations to provide a safe and nondiscriminatory environment for the broader institutional community, it must take further steps to address and resolve the matter.

   For purposes of alleged misconduct that satisfies the jurisdictional requirements of Title IX, see Formal Complaint in the BOR's Title IX Grievance Policy and the University's Policy on Sexual Harassment and other Prohibited Sexual Misconduct.

9. **Grievance Process:** is the process by which complaints of Power-Based Violence or Retaliation in violation of this Policy are made to the University and are addressed by the University through a formal or informal process (as appropriate).

10. **Incapacitation\*:** an individual is considered to be Incapacitated if, by reason of mental or physical condition, the individual is manifestly unable to make a knowing and deliberate choice to engage in sexual activity. Individuals who are asleep, unresponsive, or unconscious are Incapacitated. Other indicators that an individual may be Incapacitated include, but are not limited to, inability to communicate coherently, inability to dress/undress without assistance, inability to walk without assistance, slurred speech, loss of coordination, vomiting, or inability to perform other physical or cognitive tasks without assistance.

11. **Mandatory Reporter\*:** is an individual who is obligated by law to report any knowledge they may have of Power-Based Violence. For purposes of this Policy, Mandatory Reporters include Responsible Employees. (See definition of Responsible Employee).

12. **Power-Based Violence\*:** is any form of interpersonal violence intended to control or intimidate another person through the assertion of power over the person, to include the following:

    a. Dating violence (La. R.S. §46:2151(C)).

    b. Domestic abuse and family violence (La. R.S. §46:2121.1(2) and 2132(3)). For the purpose of this Part, domestic abuse shall also include any act or threat to act that is intended to coerce, control, punish, intimidate, or exact revenge on the other party, for the purpose of preventing the victim from reporting to law enforcement or requesting medical assistance or emergency victim services, or for the purpose of depriving the victim of the means or ability to resist the abuse or escape the relationship.

    c. Nonconsensual observation of another person's sexuality without the other person's Consent, including voyeurism (La. R.S. § 14:283.1), video voyeurism (La. R.S. §14:283), nonconsensual disclosure of a private image (La. R.S. §14:283.2), and peeping tom activities (La. R.S. §14:284).

    d. Sexual assault (La. R.S. §14:41, 42 through 43.5, 89, 89.1, and 106).

        i. Sexual battery (La. R.S. §14:43.1)

        ii. Misdemeanor sexual battery (La. R.S. §14:43.1.1)

        iii. Second degree sexual battery (La. R.S. §14:43.2)

        iv. Oral sexual battery (La. R.S. §14:43.3)

        v. Female genital mutilation (La. R.S. §14:43.4)

        vi. Intentional exposure to HIV (La. R.S. §14:43.5)

        vii. Crime against nature (La. R.S. §14:89)

        viii. Aggravated Crime against nature (La. R.S. §14:89.1)

        ix. Obscenity (La. R.S. §14:106)

    e. Sexual exploitation means an act attempted or committed by a person for sexual gratification, financial gain, or other advancement through the abuse of another person's sexuality including prostituting another person ([La. R.S. §14:46.2](#) and 82 through 86).

        i. Human trafficking ([La. R.S §14:46.2](#))

        ii. Prostitution ([La. R.S. §14:82](#))

        iii. Prostitution of person under 18 ([La. R.S. §14:82.1](#))

        iv. Purchase of commercial sexual activity ([La. R.S. §14:82.2](#))

        v. Solicitation for prostitutes ([La. R.S. §14:83](#))

        vi. Inciting prostitution ([La. R.S. §14:83.1](#))

        vii. Promoting prostitution ([La. R.S. §14:83.2](#))

        viii. Prostitution by massage ([La. R.S. §14:83.3](#))

        ix. Sexual massages ([La. R.S. §14:83.4](#))

        x. Pandering (sexual) ([La. R.S. §14:84](#))

        xi. Letting premises for prostitution ([La. R.S. §14:85](#))

        xii. Enticing persons into prostitution ([La. R.S. §14:86](#))

    f. Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal, physical, or inappropriate conduct of a sexual nature when the conduct explicitly or implicitly affects an individual's employment or education, unreasonably interferes with an individual's work or educational performance, or creates an intimidating, hostile, or offensive work or educational environment and has no legitimate relationship to the subject matter of a course or academic research.

    g. Stalking ([La. R.S. §14:40.2](#)) and cyberstalking ([La. R.S. §14:40.3](#)).

    h. Unlawful communications ([La. R.S. §14:285](#)).

    i. Unwelcome sexual or sex- or gender-based conduct that is objectively offensive and has a discriminatory intent.

**13.  Reporter\***: an individual who reports to an Institution that they are a victim or survivor of power-based violence or that they have been affected by sex/gender discrimination or power-based violence (sometimes referred to as a "First-Party Reporter") or that they have knowledge of power-based violence happening to or affecting someone else (sometimes referred to as a "Third-Party Reporter")

**14. Respondent\*:** is an individual who has been accused in a report or Formal Complaint of conduct that could constitute Power-Based Violence prohibited under this Policy (or, under the BOR's Title IX Grievance Policy, an individual alleged to be the perpetrator of conduct that could constitute sexual harassment under Title IX).

DocuSign Envelope ID: 9B7E5955-0E83-482D-AB85-D864561424A7

15. **Responsible Employee\*:** is an Employee who receives a direct statement regarding or witnesses an incident of Power-Based Violence. Responsible Employees do not include an Employee designated as a Confidential Advisor pursuant to La. R.S. §17:3399.15 (b) or an Employee who has privileged communications with a student as provided by law. (For the purposes of this Policy all Employees are considered Responsible Employees, including, Resident Assistants and Graduate Assistants.)

16. **UL System President:** The president of the UL System.

17. **Title IX Coordinator\*:** is the individual designated by the University as the official for coordinating the University's efforts to comply with and carry out its responsibilities under Title IX of the Education Amendments of 1972 and Act 472 the 2021 Regular Legislative Session of the Louisiana Legislature.

## V.   Policy Procedure

In accordance with this Policy and the Procedures for Reporting and Responding to Alleged Power-Based Violence Policy Violations, the Title IX Coordinator shall coordinate the University's response to allegations and complaints that involve possible Power-Based Violence to monitor outcomes, identify and address any patterns, and assess effects on the campus climate, so the University can address issues that affect the wider University community.

## A.  REPORTING INCIDENTS OF POWER-BASED VIOLENCE

There are several methods for reporting Power-Based Violence. Although the University does not require a fixed reporting time or deadline, when an individual experiences conduct in possible violation of this Policy, prompt and timely reporting is encouraged. Reports must be made to the Title IX Coordinator or a Deputy Title IX Coordinator by phone, email, or mail.

**The University's Title IX Coordinator is:**

Teressa LeDay Title IX Coordinator and EEO Investigator
111 Boucher Drive, Buchanan Hall, Suite 116
PO Box 40196 Lafayette, Louisiana 70504
337-482-1819
titleix@louisiana.edu

**The University's Deputy Title IX Coordinators are:**

Axel Vasquez, Sr. Human Resources Business Partner Deputy Title IX Coordinator (Athletics)
111 Boucher Drive, Buchanan Hall, Suite 118
PO Box 40196
Lafayette, Louisiana 70504
or Cox Communications Building
201 Reinhardt Drive Lafayette, Louisiana 70506
337-482-1093
axel.vasquez@louisiana.edu

Margarita Perez, Dean of Students Deputy Title IX Coordinator (Students)
PO Box 44572, Student Union, Room 169
Lafayette, Louisiana 70504
337-482-6276

mperez@louisiana.edu

**Anonymous Reporting:**

Individuals may anonymously submit reports incidents of Power-Based Violence via the University's third-party services (i.e., EthicsPoint, RealRecruit-Athletics, and the Office of Human Resources website).

## B. STATE AND FEDERAL LAWS REGARDING ADMINISTRATIVE REPORTING

### 1. Employees

This Policy also identifies methods to administratively report and address complaints of Power-Based Violence. This Policy is intended to supplement rather than replace or supersede the private and/or statutory procedures regarding sexually inappropriate workplace behavior available to Employees under state and federal law, including Title VII of the Civil Rights Act and La. R.S. 42:342 et seq. Employees should be aware that there are certain procedures and time delays, including the filing of a complaint with the Equal Employment Opportunity Commission ("EEOC") or the Louisiana Commission on Human Rights ("LCHR"), which must be satisfied prior to initiating civil litigation regarding inappropriate workplace sexual behavior. For more information or to initiate a claim under federal or state law, Employees are referred to the EEOC and the LCHR:

| EEOC: | LCHR: |
|---|---|
| 800-669-4000 (voice) | 225-342-6969 (voice) |
| 504-589-2958 (TDD) | 888-241-0859 (TDD) |
| 504-595-2844 (fax) | 225-342-2063 (fax) |
| https://www.eeoc.gov | http://gov/page/lchr |

### 2. Students

All student inquiries or complaints that involve potential violations of Title IX may also be referred to the Regional Civil Rights Director, Office for Civil Rights, Dallas, Texas 75201-6810; (214) 661-9600; Fax (214) 661-9587; TDD (800) 877-8339; Email: OCR.Dallas@ed.gov.

## C. FALSE REPORTING

Any student or Employee who knowingly and in bad faith makes a false accusation of Power-Based Violence or Retaliation of any form will be subject to an investigation for a potential violation of this Policy and may be subject to disciplinary action.

## D. GRIEVANCE PROCESS

The University will courteously treat any person who invokes the Grievance Process and handle all complaints in a reasonably prompt manner and as confidentially as possible in light of the need to take appropriate action. Lodging a good faith complaint will not be used against an individual or have an adverse impact on the individual's status at the University. When a report of conduct is received which alleges Power-Based Violence in violation of this Policy, the Title IX Coordinator shall conduct an initial assessment of the allegation(s) to determine the appropriate resolution process (Procedures for Reporting and Responding to Alleged Power-Based Violence Policy Violations versus Procedures for Reporting and Responding to Violations of the Policy on Sexual Harassment and Other Prohibited Sexual Conduct). The University shall presume the Respondent is not responsible for the alleged conduct until a final determination is made at the conclusion of the Grievance Process.

## E. REQUIRED SUMMARIZED REPORTS

Pursuant to ACT 472 the University's Title IX Coordinator, University's President, UL System President, and BOR are required to submit summarized reports on Power-Based Violence incidents as prescribed below.

1. Title IX Coordinator: No later than October 10th and April 10th of each year, the University's Title IX Coordinator must submit to the University President a written report on the reports of Power-Based Violence received in accordance with this Policy.

2. University President: Must submit a report to the BOR and UL System within 14 days of receiving a report from the Title IX Coordinator in accordance with this Policy.

3. UL System President: Must submit a UL System-wide summary report within 14 days of receiving reports from the President of the University.

4. UL System Management Board: Will send an annual UL System-wide summary report to BOR by December 31st of each year.

5. BOR: Must annually submit a report to the Governor, the president of the Senate, the speaker of the House of Representatives, and the Senate and House Education Committees by January 15th each year which shall include the state information.

## VI.   Enforcement

The Chief Human Resources Officer is responsible for enforcement of this Policy. Sanctions for violations of this Policy may include, but are not limited to, disciplinary action up to termination of employment, expulsion, rescission of contractual relationship, campus ban, and other sanctions detailed in the Procedures for Reporting and Responding to Alleged Power-Based Violence Policy Violations.

Regardless of the outcome of University enforcement of this Policy, the Complainant has the option of pursuing a claim under state or federal law. Initiation of such a claim is not dependent upon the outcome nor completion of the University's administrative investigation.

## A. EMPLOYEES

Any Employee regardless of rank or status who, upon completion of the Power-Based Violence Grievance Process, is found responsible with any element of this Policy, will be subject to disciplinary action. Classified Employees are subject to the provisions of Chapter 12 of the Louisiana Civil Service Handbook, Discipline; Corrective Actions; Separations. All unclassified Employees are subject to disciplinary action, up to and including termination, in accordance with the University's Code of Conduct and Ethical Behavior Policy and as stated in the Procedures for Reporting and Responding to Alleged Power-Based Violence Policy Violation Involving a Faculty, Staff, or Visitor. In addition, other appropriate measures, including but not limited to, follow-up inquiries and re-training, may be utilized to ensure that a violation of this Policy does not recur.

## B. STUDENTS

Any student regardless of rank or status who, upon completion of the Power-Based Violence Grievance Process, is found responsible with any element of this Policy, will be subject to disciplinary action in accordance with the University's Student Code of Conduct and as stated in the Procedures for Reporting and Responding to Alleged Power-Based Violence Policy Violations Involving a Student as a Respondent.

## VII.   Policy Management

Upon adoption, the Vice President of Administration and Finance shall be the Responsible Executive for this Policy in charge of the management of this Policy. The Office of Human Resources shall be the Responsible Office for this Policy. The Assistant Vice President of Administration and Finance and Chief Human Resources Officer shall be the Responsible Officer for this Policy.

## VIII.   Exclusions

N/A

## IX.   Effective Date

This Policy shall apply to all incidents of Power-Based Violence that are reported on or after August 10, 2021 (as prescribed in the BOR Uniform Policy on Power-Based Violence/Sexual Misconduct).

## X.   Adoption

This Policy is hereby adopted 10/21/2021 _____.

DocuSigned by:

*Joseph Savoie*

1405E1487C93461...

**Dr. E. Joseph Savoie**
**President**

## XI.   Appendices, References, and Related Materials

- Procedures for Reporting and Responding to Alleged Power-Based Violence Policy Violations

- Title IX of the 1972 Education Amendments; Title 20 U.S.C. Sections 1681-1688

- The Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act (Clery Act) as amended; 20 U.S.C. 1092(f)

- Section 304 of the Violence against Women Reauthorization Act of 2013 (VAWA); PL113-4 (March 7, 2013)

- Louisiana Revised Statutes, Titles 14 and 46

- La. R.S. 17:1805(H); 40:2405.8(A); (C)(1)

- La. R.S. 17:3351

- Louisiana Campus Accountability and Safety Act, La. R.S. 17:3399.11 et seq.

- La. Executive Order No. BJ 2014-14

- Louisiana Board of Regents Uniform Policy on Power-Based Violence/Sexual Misconduct

- University Louisiana System Sexual Misconduct/Power-Based Violence Policy (S-II.XXI)

DocuSign Envelope ID: 9B7E6B5D-0E83-48CD-AB85-D86456142AA7

- UL System's Notation of Disciplinary Action of Academic Transcript Policy (Policy Number S-II.I.B.-1)

- University Policy on Academic Freedom

- University Policy on Non-Discrimination University of Louisiana System Board Bylaws and Rules, Part Two, Chapter II, Students, Section XIX, Student Conduct and Appeal Procedures

- University's Non-Discrimination Policy

- University's Sexual Harassment and Other Prohibited Sexual Conduct Policy

- https://police.louisiana.edu/jeanne-clery-act/campus-security-report/power-based-violence

- https://titleix.louisiana.edu/

- La. R.S. §46:2151(C)

- La. R.S. §46:2121.1(2) - 2132(3)

- La. R.S. §14:283

- La. R.S. §14:284

- La. R.S. §14:41, 42, 43, 89, 89.1, and 106

- La. R.S. §14:46.2

- La. R.S. §14:82

- La. R.S. §14:83

- La. R.S. §14:84

- La. R.S. §14:85

- La. R.S. §14:86

- La. R.S. §14:40

- La. R.S. §14:285

## XII.   Revision History

Original adoption date of Policy: ___10/21/2021___