UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| M.D., et al. | § | CIVIL ACTION NO. 6:22-cv-002089 |
| | § | |
| VERSUS | § | |
| | § | JUDGE DAVID C. JOSEPH |
| LOUISIANA BOARD OF REGENTS, | § | |
| LOUISIANA STATE UNIVERSITY | § | MAGISTRATE JUDGE DAVID J. |
| BOARD OF SUPERVISORS, et al. | § | AYO |
| | § | |
| | § | |

**RESPONSE TO COURT ORDER AND IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS BASED ON INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU" or "Defendant"), respectfully submits this Response to the Court's Order (Doc. No. 68) and in further support of LSU's Motion to Dismiss the Complaint filed on behalf of Plaintiffs, M.D., P.P., J.B., and Jane Does 1-100. For the reasons set forth below, and those stated in LSU's original motion to dismiss and reply brief, as if copied herein *in extenso*, Plaintiffs are still unable to overcome the objections to service of process raised in LSU's Motion to Dismiss. Further, Plaintiffs have not compiled with this Court's order to file into the record proof of summons and timely service of process on the Louisiana Attorney General and the Office of Risk Management.

In opposition to LSU's motion to dismiss (Doc. No. 19) Plaintiffs argued that they have complied with the service of process requirements set forth in Federal Rules of Civil Procedure Rule 4(j)(2) and the Louisiana Revised Statutes regarding service on state agencies, La. R.S. 13:5107 and 39:1538, because they obtained a waiver of service from William F. Tate, IV

1

("President Tate") and have allegedly served the Attorney General and Office of Risk Management (Doc. No. 30). Plaintiffs also contended that because service was timely **requested** on LSU that their failure to serve the Attorney General and the Office of Risk Management within 90 days of commencement of this action is immaterial, and, further, moot, as now all parties have allegedly been properly served. While Plaintiffs contended that all three of the required entities have been served (and served timely), nothing had been filed in the record showing proof of service on all three entities. Thus, recognizing the lack of evidence in the record reflecting proof of service, the Court ordered Plaintiffs to file such proof of service into the record as to the Attorney General **and** the Office of Risk Management. (Doc. No. 68).

Louisiana Revised Statutes 13:1507 and 39:1538 collectively require service on all three entities: LSU, the Attorney General, and the Office of Risk Management. As set forth in Defendant's Motion to Dismiss, this Court has specifically held that the requirements of La. R.S. 13:5107 are *mandatory*, meaning that if the requirements for dismissal are met, dismissal of the action is *required*. *See Thibodeaux v. City of Rayne*, No. 13-3073 (W.D. La. 8/20/2014), 2014 WL 4181471 at *3. Moreover, [w]hen service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Richardson v. U.S. Federal Bureau of Investigations*, No. 3:20-cv-01050 (W.D. La. 3/15/2021), 2021 WL 1207752, at *8 (citing *Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-1062 (W.D. La. 5/12/2020), 2020 WL 2404911, at *3). "Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Id.* (citing *Landry v. Garber*, No. 19-0367 (W.D. La. 6/21/2019), 2019 WL 2946149, at *2). "Good cause 'requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Johnson v.*

2

*City of* Monroe, No. 3:22-00828 (W.D. La. 10/31/2022), 2022 WL 16954833, at *2 (quoting *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x. 688, 692 (5th Cir. 2008)). Plaintiffs have not met this burden.

In response to this Court's July 14, 2023 Order Plaintiffs filed a "Proof of Service" document that shows that the Louisiana Attorney General's Office was served with summons as far back as October 18, 2022 (Doc. No. 74-1, p. 2). However, Plaintiffs' response to the Court's Order contains no proof of service on the Office of Risk Management. Accordingly, because of that defect alone, Plaintiffs' suit should be dismissed for failure to comply with this Court's Order, La. R.S. 13:1507 and La. R.S. 39:1538.  Additionally, if this Court were to take a leap of faith and accept the proof of service on the Attorney General as prima facie evidence, Plaintiffs' purported proof of service on the Attorney General's Office is untimely as it was supposedly made on October 18, 2022, seven days too late. Thus, Plaintiffs' response and proof of service filed remains deficient, as Plaintiffs produced no evidence, and the record is devoid of any showing that service has actually been made upon all of the parties as required under Louisiana law. For this reason alone, LSU's dismissal is warranted. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (district court did not abuse its discretion in dismissing plaintiff's suit after it warned plaintiff and granted her generous extensions of time, but plaintiff still failed to effect service properly).

Additionally, for the reasons set forth above, and those stated in LSU's original motion to dismiss and reply brief, Defendant's Motion to Dismiss is not moot. Plaintiffs' failure to comply with this Court's Order warrants that Plaintiffs' claims against LSU be dismissed without prejudice. *See Calbert v. Batiste*, 2012-852 (La. App. 3 Cir. 2/6/13), 109 So. 3d 505, 508 (dismissing petition without prejudice where plaintiff served the attorney general but failed to

serve the head of DOTD and ORM as required by statute). Accordingly, Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, prays that its Motion to Dismiss be granted and hereby dismissed from Plaintiffs' action.

Dated: August 10, 2023

Respectfully submitted,

/s/ Elizabeth Bailly Bloch
**CHRISTINE S. KEENAN** (No. 23293)
**ERIC R. MILLER** (No. 21359)
**ELIZABETH BAILLY BLOCH** (No. 37591)
**MARY KATHRYN GIMBER** (No. 38748)
THE KULLMAN FIRM APLC
4605 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
Email: EM@kullmanlaw.com
　　　　CSK@kullmanlaw.com
　　　　EBB@kullmanlaw.com
　　　　MKG@kullmanlaw.com

**Counsel For Movant,**
**Board of Supervisors of Louisiana State University And Agricultural And Mechanical College**

### CERTIFICATE OF SERVICE

I hereby certify that I have, on this 10th day of August 2023, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

/s/Elizabeth Bailly Bloch
Elizabeth Bailly Bloch