UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| M.D., J.B., P.P., and | * | |
| JANE DOES 1-100 | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.:  6:22-cv-02089-DCJ-DJA |
| | * | |
| LOUISIANA BOARD OF REGENTS, | * | JUDGE: |
| LOUISIANA STATE UNIVERSITY | * | DAVID C. JOSEPH |
| BOARD OF SUPERVISORS, UNIVERSITY | * | |
| OF LOUISIANA BOARD OF | * | MAGISTRATE JUDGE: |
| SUPERVISORS, LAFAYETTE | * | DAVID J. AYO |
| CONSOLIDATED GOVERNMENT, | * | |
| LAFAYETTE POLICE DEPARTMENT, | * | |
| JOSEPH SAVOIE, LES GUICE, FIELDON | * | |
| KING ALEXANDER, TOM GALLIGAN, | * | |
| WILLIAM F. TATE, THOMAS GLOVER, | * | |
| And JOHN/JANE DOE CHIEFS OF | * | |
| POLICE, individually and in their | * | |
| official capacities | * | |

**************************************************************************

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, come Defendants, BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM ("UL System"),[1] JOSEPH SAVOIE and LES GUICE,[2] who oppose Plaintiffs' Motion for Leave of Court to File Second Amended Complaint, (R. Doc. 76), for the following reasons.

---

[1] UL System filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(5) based upon improper service of process.  (R. Doc. 41).  It is pending for consideration.  UL System reserves its objection set forth in its Rule 12(b)(2) and (b)(5) motion and related memoranda.

[2] Joseph Savoie, President of University of Louisiana at Lafayette ("ULL"), and Les Guice, President of Louisiana Technical University ("Tech"), are named in their individual capacities only. (R. Doc. 1 at p. 35 ("against individual defendants"); ¶ 240 ("in their individual capacities due to…")).  Their motion under Rule 12(b)(6) remains pending. All objections and rights are reserved.

## **PROCEDURAL POSTURED**

UL System filed a motion pursuant to Rule 12(b)(2) and 12(b)(5) based upon improper service of process. (R. Doc. 41). UL System, Savoie and Guice filed a Motion to Dismiss pursuant to Rule 12(b)(6). (R. Doc. 49). Both motions remain pending. Both motions were filed after Plaintiffs had filed a Motion for Leave of Court to File a First Amended Complaint. (R. Doc. 36).

On July 14, 2023, the Court issued an Order (R. Doc. 69) on Plaintiffs' Motion for Leave to File First Amended Complaint, (R. Doc. 36). The Order grants leave of court and reflects that "pending pre-amendment motions to dismiss" are denied as moot and may be re-urged. (R. Doc. 69, pp. 1-2). UL System, Savoie and Guice's Rule 12 motions were not listed. Because Defendants were unclear whether they must respond to Plaintiffs' Amended Complaint considering their motions were not listed, Defendants moved the Court for clarification. (R. Doc. 75). Alternatively, Defendants sought an extension of time to respond to the First Amended Complaint because Plaintiffs had circulated a proposed Second Amended Complaint. Because Plaintiffs intended, and now do, seek leave of Court to amend the Complaint a second time, Defendants argued that good cause existed for an extension of time to gain clarity of record and secure an operative Complaint. (R. Doc. 75, pp. 2-3). The motion remains pending.

It is important to note that Plaintiffs had a motion for leave to amend its Complaint pending when they opposed all of the Defendants' Rule 12 motions. Plaintiffs did not include in their oppositions an additional plea to further amend their Complaint at the time of opposing the motions. (R. Doc. 51; 57). If the Rule 12 motions invoked a basis to amend the Complaint, Plaintiffs' opposition would have been the time to seek leave. *Haygood v. Begue*, 2016 WL 8229032, * 2 (W.D. La. July 7, 2016)("preferable" to amend a complaint when motions to dismiss are filed because it "makes for more efficient litigation" that avoids repeated motion practice).

Plaintiffs are encouraged to amend their Complaint *when responding to a Rule 12 motion* under Federal Rule of Civil Procedure 15, not long after. *Kennedy v. Jackson*, 2022 WL 3994726, * 1 (W.D. La. Aug. 31, 2022); *Hobley v. Kansas City Southern Railway Co.*, 2019 WL 13218921, * 1 (W.D. La. June 7, 2019)(The plaintiff did not request leave to amend her complaint in response to Rule 12 motion; therefore, leave to amend was not granted.)

Due to the procedural posture of this matter, including the various pending motions which may result in the dismissal of UL System, Savoie and Guice, Defendants oppose the Second Amended Complaint.

## **SUBSTANTIVE CHANGES**

The proposed Second Amended Complaint seeks to substantively alter Plaintiffs' Complaint. (R. Doc. 76-1). The proposed substantive amendments are directed at the LSU Defendants, not UL System, Savoie, and Guice. Specifically:

- Plaintiffs seek to add an entire section of factual allegations regarding "Defendant LSU's Willful Failure to Comply with Act 172." (*Id*. at pp. 27-28).

- The proposed Second Amended Complaint seeks to add allegations directed towards the issue of timeliness of filing, tied to the new factual allegations against LSU. (R. Doc. 76-1, ¶ 198; ¶¶ 220-221).

- Plaintiffs seek to plead new allegations of intentional disregard for Act 172. (R. Doc. 76-1, ¶¶ 212-213).

- Plaintiffs seek to add claims of "failing to comply with Act 172" and "failing to properly train their staff to respond to reports of sexual assault and/or misconduct." (R. Doc. 76-1, ¶ 229 (a) and (c)).

- Plaintiffs add entirely new Counts: Count III, "Heightened Risk – Deliberate Indifference to Sexual Misconduct by a Known Perpetrator"; and Count IV, "Heightened Risk – Institutional Policy of Deliberate Indifference". (R. Doc. 76-1, pp. 37-40).

Defendants oppose this motion and seek a denial of Plaintiffs' motion for leave to amend. Allowing an amendment of Plaintiffs' claims, including to add wholly new claims, would allow

3

Plaintiffs to introduce new theories into the case. While all of the proposed new claims and theories are primarily targeted at the LSU Defendants, the styling of the proposed amendment, overall, would introduce new claims to which UL System, Savoie and Guice would be forced to respond with the same Rule 12 motions. Further, the proposed amendments would not cure any of the deficiencies argued in the pending Rule 12 motions urged by UL System, Savoie, and Guice, rendering the amendment futile. *Alexander v. City Police of Lafayette*, 2021 WL 4396016, * 13 (W.D. La. Sept. 24, 2021); *Tra-Dor Inc. v. Underwriters at Lloyds London*, 2022 WL 1613184, * 3 (W.D. La. May 20, 2022)(citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)) ("The district court does not abuse its discretion if it denies a motion for leave to amend based on a proper finding of futility, because if the complaint as amended could not survive a Rule 12(b)(6) motion then there is no reason to permit the amendment."); *Robinson v. ElDorado Resorts Inc.*, 2021 WL 6275221, * 2 (W.D. La. Mar. 23, 2021)(The plaintiff did not demonstrate that leave to amend was warranted, so the motion for leave was denied.); *Campos v. City of Natchitoches*, 2019 WL 2147365, * 5 (W.D. La. Apr. 8, 2019)(citing *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)("Although Rule 15(a) 'evinces a bias in favor of granting leave to amend,' the Court is entrusted with the discretion to deny a motion to amend if it is futile.").

As set forth above, the Rule 12 motions by all other Defendants except for UL System, Savoie and Guice have been dismissed without prejudice to allow for the First Amended Complaint and a re-filing or new response to that Complaint. Therefore, the other Defendants will be responding to a newly amended complaint regardless of whether leave of court is granted a second time or not. However, UL System, Savoie and Guice are not postured in the same manner. Their Rule 12 motions remain pending and ripe for consideration. Plaintiffs should not be granted

leave to amend their Complaint, which would not cure Defendants' pending motions, rendering the amendment futile.  Also, UL System, Savoie and Guice should not be unfairly prejudiced and their Rule 12 motions further delayed in consideration, forcing Defendants to re-brief their longstanding motions.

Recognizing that the proposed amendment is more directed to Plaintiffs' claims against the LSU Defendants, who do not oppose Plaintiffs' motion for leave to amend, Defendants respectfully suggest that their Rule 12 motions be ruled upon *before* Plaintiffs are allowed to amend their Complaint a second time.

Respectfully submitted,

**JEFF LANDRY**
**Attorney General**

By:  s/Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Catherine S. Giering (#26495)
Email: cgiering@keoghcox.com
Special Assistant Attorneys General
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone:  (225) 383-3796
Facsimile:  (225) 343-9612
*(Counsel for Defendants, Board of Supervisors of The University of Louisiana System, Joseph Savoie and Les Guice)*

-and-

*Signature Block and Certificate of Service Continued on Following Page*

5

 

**DeCuir, Clark & Adams, L.L.P.**

s/ Brandon J. DeCuir
Brandon J. DeCuir (#28014)
Linda Law Clark (#22305)
Monica Gant Moton (#27222)
732 North Boulevard
Baton Rouge, La 70802
Tel: 225.346.8716
Fax: 225.336.1950
*(Counsel for Defendants, Board of Supervisors of The University of Louisiana System, Joseph Savoie and Les Guice)*

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 17th day of August, 2023.

/s/ Andrew Blanchfield