UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| M.D., et al. | § | C/A NO. 6:22-cv-002089-DCJ-DJA |
| | § | |
| VERSUS | § | |
| | § | JUDGE DAVID C. JOSEPH |
| LOUISIANA BOARD OF REGENTS, | § | |
| LOUISIANA STATE UNIVERSITY | § | MAGISTRATE JUDGE DAVID J. |
| BOARD OF SUPERVISORS, et al. | § | AYO |

**PLAINTIFFS' MOTION TO EXTEND THE DEADLINE
TO SERVE THE LOUSIANA ATTORNEY GENERAL
AND OFFICE OF RISK MANAGEMENT WITH COPIES
OF THE SUMMONS AND COMPLAINT SPECIFIC TO
EACH STATE AGENCY DEFENDANT**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (Fed.R.Civ.Pro.), Plaintiffs respectfully submit this motion requesting an additional two weeks to serve duplicative copies of the summons and complaint specific to each state agency defendant on the Louisiana Attorney General and the Office of Risk Management ("O.R.M."). As demonstrated by Plaintiffs' proof of service filing (E.C.F. #74), the Louisiana Attorney General and O.R.M. have both received copies of the summons and complaint detailing the parties to the action and the claims brought against the Defendants. Additionally, both the Louisiana Attorney General and O.R.M. were each served with four copies of the operative Complaint on August 17, 2023, one for each governmental entity named in this action. As such, Plaintiffs merely request an additional two weeks to file the corresponding Affidavits of Service with this Court. While Plaintiffs do not believe this measure is necessary to comply with the language and spirit of Louisiana's statutory scheme, as demonstrated below, Plaintiffs' request is supported by Louisiana law and would not prejudice Defendants.

**ARGUMENT AND CITATION TO AUTHORITY**

1.      Extending this Court's deadline for serving the Attorney General and O.R.M. is fully supported by Louisiana law. Despite Defendants'[1] contention to the contrary, a party is not required to serve the Attorney General or Office of Risk Management within 90 days. Rather, as established by the Louisiana Supreme Court, LSA–R.S. 39:1538 requires a party to serve the head of the department concerned, the O.R.M., and the Attorney General, but it "does not mandate that service of citation be requested within 90 days of the filing of the petition or that the failure to do so warrants the dismissal of the action." *Whitley v. State ex rel. Bd. of Supervisors of La. State Univ. Agr. Mech. Coll.*, 66 So.3d 470, 480 (2011). The Court in *Whitley* similarly explained that "the Louisiana Code of Civil Procedure requirement for service within 90 days and the corresponding dismissal for a failure to serve within 90 days is limited to '*named defendants*.'" *Id.* at 481 (emphasis added). Accordingly, there is no time requirement for serving the Attorney General and O.R.M. under LSA–R.S. 39:1538.[2] *See id.* at 481–82 ("[A]lthough a plaintiff must serve multiple entities/persons under LSA–R.S. 39:1538(4), which applies to tort actions against the state and its agencies, that statutory provision does not require that the plaintiff make service

---

[1] Plaintiffs would also point out that Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") was properly served under Rule 4(j)(2)(A), as Plaintiffs obtained a waiver of service from LSU's president, William F. Tate, IV. *See* E.C.F. #30, pg. 3–4; *see also* Fed. R. Civ. Pro 4(j)(2)(A) (providing that a plaintiff may effect service on a state agency by "delivering a copy of the summons and of the complaint to its chief executive officer").

[2] Similarly, the Louisiana Supreme Court has held that a party is not required to serve the Attorney General within 90 days under LSA–R.S. 13:5107 if the party timely serves the head of the agency being sued. *See Whitley*, 66 So.3d at 477 ("Providing permission to request service on the AG and the head of the agency does not impose a requirement that the plaintiff's request for service pertain to both. *The fact that these phrases are joined by a conjunctive 'and' does not make the phrases mandatory*." (emphasis added)). There is no argument that Plaintiffs failed to serve the "agency head" of each state agency defendant within 90 days. Thus, Plaintiff complied with LSA–R.S. 13:5107. *See id.* at 479 ("[Plaintiff's] request for service of citation on [the university defendant] satisfied the requirements of LSA–R.S. 13:5107(A) and (D).").

(or request that service be made) within a certain time period or provide for dismissal."); *id*. at 472–82 (finding that a party cured defects in service by faxing a copy of the citation and petition to the Attorney General and O.R.M. two-and-a-half years after suit was filed). As such, allowing Plaintiffs an additional two weeks to serve the Attorney General and O.R.M. with duplicative copies of the summons and complaint is supported by Louisiana law and firmly within this Court's discretion.

2. While Plaintiffs submit that leave is not necessary as no time constraint upon service exists, allowing Plaintiff additional time to serve the Attorney General and O.R.M. would not prejudice the Defendants. Plaintiffs' assert that LSA–R.S. 39:1538 does not require duplicative service on the Attorney General and O.R.M for each Defendant. Rather, as the Louisiana Supreme Court has explained, "[t]he purpose of LSA–R.S. 39:1538 is to provide notice to the AG, the ORM, and the department head that a tort action has been brought." *Whitley*, 66 So.3d at 481. Here, the Plaintiffs have clearly demonstrated that the Attorney General, and the O.R.M. have received notice of this case. As demonstrated by Plaintiffs' proof of service filing (E.C.F. #74) and conceded by Defendants in their motions to dismiss (E.C.F. #79 & #80), the Louisiana Attorney General and O.R.M. have both received copies of the summons and complaint detailing the parties to the action and the claims brought against the Defendants. As such, both offices have been provided notice (1) that a tort action has been brought, (2) of the state agencies that have been named as defendants, and (3) of the claims that Plaintiffs have brought against such defendants. Thus, Plaintiffs assert that the notice provided to both offices satisfies LSA–R.S. 39:1538.[3] *See id*. at 472–82 (finding that a party cured defects in service by simply *faxing a copy*

---

[3] *See id*. at 478 ("[I]f the legislature's word choice makes [a statute] susceptible to two possible constructions, this statute should be construed in favor of maintaining [the plaintiff's] claim.").

3

*of the citation and petition* to the Attorney General and O.R.M. two-and-a-half years after suit was filed). Defendants only quibble over the fact that Plaintiffs did not provide proof that it served duplicative copies of the summons and complaint on both offices as to each state agency defendant. Because Defendants insist that Plaintiffs must serve both offices with copies of the summons and complaint specific to each state agency, Plaintiffs request an additional two weeks to accomplish the same. To that end, Plaintiffs have already engaged a process server. Plaintiffs' request will not prejudice Defendants because, as demonstrated above, each department head, the Attorney General, and the O.R.M. have long had notice of this action, the parties involved, and the claims.

Based on the foregoing, Plaintiffs move the Court for a two-week extension[4] to file the Affidavits of Service for the Louisiana Attorney General and O.R.M.

Respectfully this 18th day of August 2023.

WE SO MOVE:

**DORAN & CAWTHORNE, PLLC**

*s/ Pride Doran*
Pride J. Doren (#25035)
Nahshon J. Route (#37848)
529 E. Landry Street (70570)
Post Office Box 2119
Opalousas, LA 70571
Phone: (337) 948-8008
Fax: (337) 948-0098
Email: pride@doranlawfirm.com
nahshon@doranlawfirm.com

*Attorneys for the Plaintiffs*

---

[4] At the time of the filing of this motion, Plaintiffs have already effectuated duplicative service on the Attorney General and O.R.M.

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.4.1, Plaintiffs have attempted to obtain consent for the filing and granting of this motion from all parties having an interest to oppose. Defendants, Louisiana State University Board of Supervisors, Fieldon Alexander, Tom Galligan, and William Tate, oppose this motion. The remaining Defendants did not respond.

*s/ Pride Doran*
Pride Doran

August 18, 2023

## **CERTIFICATE OF FILING**

      This shall serve as notice that all parties of record have been served with this filing pursuant to CM/ECF.

*s/ Pride Doran*
Pride Doran

This 18th day of August, 2023.