UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **M.D., et al.** | § | **CIVIL ACTION NO.  6:22-cv-002089** |
| | § | |
| **VERSUS** | § | |
| | § | **JUDGE DAVID C. JOSEPH** |
| **LOUISIANA BOARD OF REGENTS,** | § | |
| **LOUISIANA STATE UNIVERSITY** | § | **MAGISTRATE JUDGE DAVID J.** |
| **BOARD OF SUPERVISORS, et al.** | § | **AYO** |
| | § | |
| | § | |

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FILED ON BEHALF OF LSU PRESIDENTS, DR. FIELDON KING ALEXANDER, THOMAS C. GALLIGAN, JR. AND WILLIAM F. TATE, IV**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Dr. Fieldon King Alexander ("Alexander"), Thomas C. Galligan, Jr., ("Galligan")[1] and William F. Tate, IV ("Tate") (collectively "Defendants" or "the LSU Presidents"), who move this Court to dismiss Plaintiffs' First Amended Complaint ("Amended Complaint") filed on behalf of Plaintiffs, M.D., P.P., J.B., and Jane Does 1-100 (Rec. Doc. 70).  In support of this request, Defendants state as follows:

1. Plaintiffs, M.D., P.P., J.B., and Jane Does 1-100, ("Plaintiffs") originally filed suit against LSU on July 13, 2022 (Rec. Doc. 1).

2. On October 10, 2022, Galligan and Tate filed a Motion to Dismiss for Failure to State a Claim (Rec. Doc. 20) and Alexander filed a similar Motion to Dismiss for Failure to State a Claim on October 25, 2022 (Rec. Doc. 28).

3. Plaintiffs opposed these motions on October 31, 2022 (Rec. Docs. 31 & 35) and November 14, 2022 (Rec. Doc. 44), respectively.

---

[1] See Doc. No. 1, p. 1 and 14, Thomas C. Galligan, Jr. was improperly identified at Tom Galligan.

4. On November 4, 2022, Plaintiffs moved for leave to file their First Amended Complaint (Rec. Doc. 36).

5. On July 14, 2023, the Court granted Plaintiffs' Motion for Leave and denied Defendants' Motions to Dismiss as moot but allowing Defendants to file new motions to dismiss (Rec. Doc. 69). Accordingly, the operative Complaint is Plaintiffs' First Amended Complaint (Rec. Doc. 70).

6. Plaintiffs' First Amended Complaint alleges no new allegations or causes of action against the LSU Presidents. Rather it amends the Original Complaint to name the proper Chief of Police for the Lafayette Police Department and to allege new causes of action against the Lafayette Defendants (Rec. Doc. 70 ¶¶23, 25, 45, 258-300).

7. In the Amended Complaint, Plaintiffs present only a single claim against the LSU Presidents – a §1983 claim. As set forth more fully in Defendants' Memorandum in Support, this claim is untimely on its face.

8. "Federal law does not establish a statute of limitations for Section 1983 claims; therefore, federal courts hearing Section 1983 claims must borrow a relevant statute of limitations from the forum state. Section 1983 claims are best characterized as personal injury actions; therefore, federal courts borrow the forum state's law governing the prescription of personal injury claims. In Louisiana, personal injury claims are governed by Civil Code Article 3492, which provides for a one-year prescriptive period. Consequently, Louisiana's one-year prescriptive period governs the plaintiffs' Section 1983 claims." *Dugas v. City of Ville Platte*, No. 6:17-CV-00337, 2017 WL 6521660, at *5 (W.D. La. Nov. 17, 2017), report and recommendation adopted, No. 6:17-CV-00337, 2017 WL 6521148 (W.D. La. Dec. 19, 2017).

9. Plaintiffs allege that they were sexually assaulted on several different occasions between Spring 2015 and February 2021 (Rec. Doc. 70, ¶¶ 98, 101, 123, 136, 141, 148, 155).[2] Plaintiffs did not file suit until July 13, 2022, more than one year, and up to seven years, after each of the alleged incidents of sexual assault. As such, Plaintiffs' claims against Defendants, the LSU Presidents, should be dismissed with prejudice in their entirety as untimely.

10. This lawsuit is untimely on its face and the doctrine of *contra non valentum* does not save it.

11. Even if Plaintiffs' claims were timely, the LSU Presidents are entitled to qualified immunity.

12. In order to defeat the LSU Presidents' qualified immunity defense, Plaintiffs' Amended Complaint must allege facts that, if true, show that each defendant violated their rights by acting in a way that he should have known was unlawful. Plaintiffs' Amended Complaint does not contain such allegations.

13. Plaintiffs' §1983 claims against Alexander, Galligan, and Tate are nothing more than general and conclusory assertions that the Defendants failed "to comply with the administrative requirements of Title IX and their own Title IX policies…" (Rec. Doc. 70 ¶¶ 249 & 250). Critically, Plaintiffs make no specific allegation of wrongdoing against

---

[2] Alternatively, because Does 1-100's have not alleged any specific allegations regarding their alleged assaults or their identities their claims are untimely as well. *See Whitt v. Stephens Cnty.*, 529 F.3d 278, 282–83 (5th Cir. 2008) e.g. ("We have held, however, that an amendment to substitute a named party for a John Doe does not relate back under rule 15(c).")

There appears to be some overlap with the paragraphs marked 136 regarding P.P. and J.B. Here, Defendants refer the Court to Paragraph 136 for the section of the Amended Complaint under P.P. and then also to Paragraph 136 under the section for J.B.

either Alexander, Galligan, or Tate individually or that they violated a clearly established *constitutional* right.

14. Such allegations are wholly insufficient and fail to include any particular conduct of any individual defendant that would demonstrate that Alexander, Galligan, or Tate acted in a way that they knew was unlawful.

15. In sum, the allegations in Plaintiffs' Amended Complaint are far too vague and conclusory to overcome the defense of qualified immunity and Plaintiffs' claims against the LSU Presidents should be dismissed with prejudice.

16. While Plaintiffs' Amended Complaint seems to indicate that Alexander, Galligan, and Tate are being sued solely in their individual capacities, the allegations are not entirely clear on this point. However, Plaintiffs' §1983 claims against the LSU Presidents, to the extent they are filed against them in any official capacity, should be dismissed as a matter of law.

17. Plaintiffs allege that Alexander, Galligan, and Tate are state actors and at all relevant times were acting under color of law. In their official capacities, §1983 provides no relief.

18. Consequently, Plaintiffs' §1983 claims against the LSU Presidents, in their official capacities, is barred by sovereign immunity. Further, §1983 claims may only be asserted against "persons" and the jurisprudence is clear that a state official sued in his official capacity for money damages is not a "person" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989); *Burnette v. Brooks*, 250 F.3d 740 (5th Cir. 2001) ("[N]either a state not state officials acting in their official capacities are 'persons' under 42 U.S.C. § 1983.").

19. La. R.S. 9:2798.1(B) provides, "Liability shall not be imposed on public entities *or their officers or employees* based upon the exercise or performance or the failure to exercise or

4

      perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties. (emphasis added).

20. In their lawsuit, Plaintiffs allege that LSU and the LSU Presidents failed to notify ULL of Silva's alleged incidents on LSU's campus in 2014 and 2015. As an initial matter, LSU investigated the first alleged incident and could not corroborate the allegations. In this instance, there was no law that prescribed a certain action by anyone at LSU. Thus, any decision LSU reached or any action the LSU Presidents took (or did not take) was within their discretionary authority and grounded in university policy.

21. In the present case, LSU had no affirmative obligation to notify ULL of any incident involving Silva during the 2014-2015 school year. Regardless, LSU did notify ULL of Silva's arrest for rape. (Rec. Doc. 70, ¶¶ 69, 70).

22. Because Plaintiffs' Amended Complaint fails to contain any specific allegations that would allow Plaintiffs to overcome this defense, they have failed to state a claim for which relief can be granted.

**WHEREFORE**, Defendants, Dr. Fieldon King Alexander, Thomas C. Galligan, and William F. Tate, IV pray M.D.'s, P.P.'s, J.B.'s and Jane Does 1-100's suit be dismissed with prejudice without leave to amend, attorney's fees be awarded to these Defendants under 42 U.S.C. 1988(b) as the prevailing parties, and for all other general and equitable relief.

Dated: August 21, 2023　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　**JEFF LANDRY**
　　　　　　　　　　　　　　　　　　　　　**ATTORNEY GENERAL**

　　　　　　　　　　　　　　　　　　　　　*/s/Elizabeth Bailly Bloch*

**CHRISTINE S. KEENAN** (No. 23293)
**ERIC R. MILLER** (No. 21359)
**ELIZABETH BAILLY BLOCH** (No. 37591)
**MARY KATHRYN GIMBER** (No. 38748)
Special Assistants Attorney General
THE KULLMAN FIRM APLC
4605 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana  70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
Email: EM@kullmanlaw.com
       CSK@kullmanlaw.com
       EBB@kullmanlaw.com
       MKG@kullmanlaw.com

**Counsel For Defendants, Dr. Fieldon King Alexander, Thomas C. Galligan, Jr., and William F. Tate, IV**

## CERTIFICATE

I hereby certify that I have, on this 21st day of August 2023, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

*/s/ Elizabeth Bailly Bloch*
Elizabeth Bailly Bloch