UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **M.D., et al.** § | **CIVIL ACTION NO. 6:22-cv-002089** | |
| §§ | | |
| **VERSUS** § | | |
| § | **JUDGE DAVID C. JOSEPH** | |
| § | | |
| **LOUISIANA BOARD OF REGENTS,** § | | |
| **LOUISIANA STATE UNIVERSITY** § | **MAGISTRATE JUDGE DAVID J.** | |
| **BOARD OF SUPERVISORS, et al.** § | **AYO** | |

**MOTION TO DISMISS PLAINTIFFS' SUIT BASED ON INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION BY DEFENDANT, BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**

**NOW INTO COURT**, through undersigned counsel, comes Defendant the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU" or "Defendant"), who moves this Court to dismiss Plaintiffs' lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). In support of this request, Defendant states as follows:

1.  Plaintiffs, M.D., P.P., J.B., and Jane Does 1-100, ("Plaintiffs") initially filed suit against LSU on July 13, 2022.

2.  On July 14, 2022, Plaintiffs requested summons from the Clerk of Court addressed to Louisiana State University Board of Supervisors with no corresponding address for service.[1] (Doc. 2, p. 15.)

3.  On or about August 22, 2022, LSU's Office of General Counsel received a copy of the aforementioned summons and Original Complaint. No other summons were returned nor were any

---

[1] See La. Const. Art. 8 § 7 (The proper party to sue and be sued is the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.)

returns filed into the record.

4.     On October 10, 2022, LSU moved to dismiss Plaintiffs' suit under Fed. R. Civ. P. 12(b)(5) and 12(b)(2) because Plaintiffs failed to timely request and serve the Louisiana Attorney General's Office ("AG") and the Louisiana Office of Risk Management ("ORM") as statutorily mandated under La. R.S. 13:1507 and La. R.S. 39:1538. (Docs. 19, 19-1.)

5.     On October 30, 2022, Plaintiffs opposed LSU's motion to dismiss claiming they had compiled with all statutory mandates and Fed. R. Civ. P. 4(j) because they had obtained a waiver of service of process from LSU President, William F. Tate, IV, who was sued in his individual capacity. (Doc. 30.)

6.     Plaintiffs also claimed to have served the AG and ORM but provided no proof of service to the Court. *Id.*

7.     On November 11, 2022, LSU replied to Plaintiffs' opposition again noting there was no proof of service in the record that Plaintiffs had served the AG or ORM in accordance with state law. (Doc. 40.)

8.     Following this briefing, on July 14, 2023, the Court ordered Plaintiffs to file proof of notice sent to the AG and ORM within fourteen days of this order. (Doc. 68.)

9.     Also on July 14, 2023, Plaintiffs filed their First Amended Complaint. (Doc. 70.)

10.    On July 23, 2023, over a year after this suit was originally filed and prompted solely by this Court's order (Doc. 68), Plaintiffs filed proof of service of the Original Complaint on the AG on behalf of LSU (again, improperly named as Louisiana State University Board of Supervisors.) (Doc. 74-1.) The date of this proof of service was October 18, 2022, several days past the deadline to serve the AG under La. R.S. 13:5107(A)(2). No proof of service on ORM on behalf of LSU was filed into the record.

11. On August 10, 2023, according to the Court's order (Doc. 68), LSU responded to Plaintiffs' deficient proof of service because Plaintiffs failed to provide proof of service on ORM. (Doc. 80.)

12. On August 18, 2023, Plaintiffs moved without consent to extend the deadline to serve the AG and ORM. (Doc. 82.)

13. On August 28, 2023, without a ruling on this motion to extend the service deadline or with permission from the Court, Plaintiffs filed into the record Affidavits of Service supposedly showing that the AG and ORM had been served with the First Amended Complaint on behalf of LSU. (Docs. 87 & 91.)

14. On September 8, 2023, LSU filed an opposition to Plaintiffs' motion for extension of time to serve specifically arguing Plaintiffs failed to provide this Court with good cause or show excusable neglect. (Doc. 93.)

15. On March 27, 2024, the Court denied as moot LSU's motion to dismiss under 12(b)(5) and 12(b)(2) reserving LSU's right to re-urge this motion and denying Plaintiffs' motion to extend the deadline to serve the AG and ORM. (Doc. 100.)

16. On April 26, 2024, Plaintiffs filed their Proposed Third Amended Complaint, adding additional allegations regarding LSU's violation of Title IX and removing Jane Does 1-100. (Doc. 101.)

17. Pursuant to this Court's Order, LSU now seeks to re-urge their motion to dismiss for insufficient service of process and lack of personal jurisdiction and to have Plaintiffs' suit against LSU dismissed with prejudice.

18. Under Federal Rule of Civil Procedure 4(j)(2), a state or state-created governmental organization must be served through its chief executive officer or by serving the summons and the complaint in the manner prescribed by state law.

19. The manner prescribed by state law, here, is set forth in La. R.S. 13:5107. Specifically, La. R.S. 13:5107 requires that service be made on the Attorney General of Louisiana within 90 days of filing suit.

20. Further, where a plaintiff seeks to recover money damages in tort against the state or a state agency, La. R.S. 39:1538 imposes additional requirements. Under La. R.S. 39:1538 service of the complaint must be made on the Office of Risk Management.

21. Although Plaintiffs requested service on "Louisiana State University Board of Supervisors," their service on LSU President, William F. Tate, IV is improper to effect service on the agency, their service on the AG on October 18, 2022, was untimely, and Plaintiffs supposed service on ORM of the First Amended Complaint is improper under La. R.S. 13:5107 and La. R.S. 39:1538. Furthermore, Plaintiffs cannot show good cause nor excusable neglect for their procedural failures.

22. Plaintiffs' failure to comply with the service requirements set forth in La. R.S. 13:5107 and La. R.S. 39:1538 renders their Original Complaint, First Amended Complaint, and Third Amended Complaint deficient. (Docs. 1, 70, and 101.)

23. "When the requirements for dismissal under La. R.S. 13:5107 are met, dismissal of the action is **required**." *Thibodeaux v. City of Rayne*, No. 13-3073 (W.D. La. 8/20/2014), 2014 WL 4181471, at *3 (citing *Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections*, 528 F.3d 375, 381 (5th Cir. 2008) (noting that Louisiana courts have held that § 13:5107D is mandatory)); *Calbert v. Batiste*, 2012-852 (La. App. 3 Cir. 2/6/13), 109 So. 3d 505, 508 (dismissing petition without prejudice where plaintiff served the attorney general but failed to serve the head of DOTD and ORM as required by statute).

24. In this case, Plaintiffs' Complaint was filed on July 13, 2022. Thus, by statute, the time

4

for Plaintiffs to request and serve the Attorney General and the Office of Risk Management under La. R.S. 13:5107(D) expired on October 11, 2022. Plaintiffs subsequent attempts to serve LSU in compliance with state law and Fed. R. Civ. P. 4(j) fail as a matter of law. As set more fully in the attached memorandum in support, Plaintiffs lawsuit against LSU should be dismissed with prejudice.

25. LSU adopts all prior factual and legal arguments and assertions of their several motions, oppositions, and responses previously filed as if copied here *in extenso*. (Docs. 19, 19-1, 40, 80 & 93).

WHEREFORE, based on the foregoing facts and legal authority, Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College respectfully requests that this Court sustain this motion and issue an order as prayed for herein.

| | |
|---|---|
| Dated: May 10, 2024 | Respectfully submitted,<br>**LIZ MURRILL**<br>**ATTORNEY GENERAL**<br><br>*/s/Elizabeth Bailly Bloch*<br>**CHRISTINE S. KEENAN** (No. 23293)<br>**ERIC R. MILLER** (No. 21359)<br>**ELIZABETH BAILLY BLOCH** (No. 37591)<br>**MARY KATHRYN GIMBER** (No. 38748)<br>Special Assistants Attorney General<br>THE KULLMAN FIRM APLC<br>4605 Bluebonnet Blvd., Suite A<br>Baton Rouge, Louisiana  70809<br>Telephone: (225) 906-4250<br>Facsimile: (225) 906-4230<br>Email:  EM@kullmanlaw.com<br>            CSK@kullmanlaw.com<br>            EBB@kullmanlaw.com<br>            MKG@kullmanlaw.com |

                                       **Counsel For Movants,**
**Board of Supervisors of Louisiana State University and Agricultural And Mechanical College, Thomas C. Galligan, Jr., and William F. Tate, IV**

## CERTIFICATE

I hereby certify that I have, on this 10th day of May 2024, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

*/s/ Elizabeth Bailly Bloch*
Elizabeth Bailly Bloch