UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| M.D., et al. | § | CIVIL ACTION NO.  6:22-cv-002089 |
| | § | |
| VERSUS | § | |
| | § | JUDGE DAVID C. JOSEPH |
| LOUISIANA BOARD OF REGENTS, | § | |
| LOUISIANA STATE UNIVERSITY | § | MAGISTRATE JUDGE DAVID J. |
| BOARD OF SUPERVISORS, et al. | § | AYO |

**MEMORANDUM IN SUPPORT MOTION TO DISMISS PLAINTIFFS' SUIT BY DEFENDANT BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE.**

Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU" or "Defendant"), respectfully submits this memorandum in support of its Motion to Dismiss Plaintiffs' lawsuit filed on behalf of Plaintiffs, M.D., P.P., and J.B., pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). For the reasons set forth below, and those stated in LSU's original motion to dismiss, reply brief, response to Court Order Doc. 68, and in its opposition to Plaintiff's motion to extend deadline to serve as if copied herein *in extenso*, Plaintiffs are still unable to overcome the objections to service of process raised in LSU's original Motion to Dismiss and cannot, at this late date, demonstrate good cause nor excusable neglect. (Docs. 19, 19-1, 40, 80 & 93).

**PROCEDURAL BACKGROUND**

Plaintiffs have repeatedly failed to comply with the Federal Rules of Civil Procedure and Louisiana law to properly serve LSU. Plaintiffs have had close to two years to effectuate proper service on LSU but have failed to comply with the statutory mandates of Louisiana Revised Statutes 13:1507 and 39:1538 and this Court's Orders.  For these reasons, Plaintiffs' lawsuit against LSU should be dismissed with prejudice.

1

Plaintiffs commenced suit against LSU on July 12, 2022. (Doc. 1). On July 15, 2022, Plaintiffs requested summons from the Clerk of Court addressed to Louisiana State University Board of Supervisors with no corresponding address.[1] (Doc. 2, p. 15). On or about August 22, 2022, LSU's general counsel received a copy of the summons and the Original Complaint. No other summons were returned nor were any returns filed into the record.

On October 10, 2022, LSU moved to dismiss Plaintiffs' suit under Fed. R. Civ. P. 12(b)(5) and 12(b)(2) because Plaintiffs failed to timely request and serve the Louisiana Attorney General's Office ("AG") and the Louisiana Office of Risk Management ("ORM") as statutorily mandated under La. R.S. 13:1507 and La. R.S. 39:1538. (Rec. Doc. 19, 19-1). On October 30, 2022, Plaintiffs opposed LSU's motion to dismiss claiming they had complied with all statutory mandates and Fed. R. Civ. P. 4(j) because they had obtained a waiver of service of process from LSU President William F. Tate, IV, who was sued in his individual capacity. (Doc. 30). Plaintiffs also claimed to have served the AG and ORM but provided no proof of service to the Court. On November 11, 2022, LSU replied to Plaintiffs' opposition again noting there was no proof in the record that Plaintiffs complied with Louisiana's statutory mandates for service on state agencies, including LSU. (Doc. 40). Subsequently, Plaintiffs still did not provide any proof of service on the AG nor ORM. By Order dated July 14, 2023, the Court stated that "[i]n light of the representations made by Plaintiffs that as of October 26, 2022, they 'obtained service of process on the attorney general and the Office of Risk Management,'" Plaintiffs were ordered to file proof of notice sent to the AG and ORM within fourteen days from July 14, 2023 (a year after commencement of the lawsuit). (Doc. 68).

On July 27, 2023, a year after suit was filed and prompted solely by the Court's order,

---

[1] See La. Const. Art. 8 § 7 (LSU notes that the proper party to sue and be sued is the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.)

Plaintiffs filed proof of service on the AG on behalf of LSU (improperly named as "Louisiana State University Board of Supervisors"). The service was dated October 18, 2022 - which was several days past the deadline to request service and serve under La. R.S. 13:1507(A)(2) and several days after LSU apprised Plaintiffs of their service deficiencies in LSU's motion to dismiss. (Docs. 74, 74-1). On August 10, 2023, LSU responded to Plaintiffs' deficient proof of service specifically arguing that Plaintiff still had not provided proof of service on ORM as statutorily required and that the purported service on the AG on behalf of LSU was still untimely. (Doc. 80).

On August 18, 2023, three weeks after being apprised *once again* of their deficient service, Plaintiffs moved, without consent from LSU or the Court, to extend the deadline to serve the AG and ORM. (Doc. 82). On August 28, 2023, Plaintiffs also filed into the record, without this Court's permission, Affidavits of Service supposedly showing that the AG and ORM had been served on August 17, 2023 (over a year after commencement of the suit and a month after the deadline for filing proof of service had passed). Importantly, the Affidavits show that the AG and ORM were served with the *First Amended Complaint* (not the original Complaint)[2] on behalf of LSU. (Docs. 87 & 91). On September 8, 2023, LSU filed an opposition to Plaintiffs' motion for extension of time to serve specifically arguing Plaintiffs failed to provide this Court with good cause or show excusable neglect. (Doc. 93.) On March 27, 2024, the Court denied as moot LSU's motion to dismiss under 12(b)(5) and 12(b)(2) reserving LSU's right to re-urge this motion and denying Plaintiffs' motion to extend the deadline to serve the AG and ORM. (Doc. 100.) On April 26, 2024, Plaintiffs, once again, amended their suit. (Doc. 101.) LSU now seeks to re-urge their motion to dismiss for insufficient service of process and lack of personal jurisdiction.

Additionally, LSU opposes any motion for extension of time to serve LSU as Plaintiffs

---

[2] On July 14, 2023, Plaintiff's filed their First Amended Complaint. (Doc. No. 70).

3

have not provided this Court over the last two years with good cause nor proved excusable neglect for an extension. Further, Plaintiffs' latest dilatory efforts do not comply with the statutory mandates of La. R.S. 13:5107 and La. R.S. 39:1538 and, therefore, LSU should be dismissed with prejudice from Plaintiffs' suit.

## LAW AND ARGUMENT

### I. LEGAL STANDARDS.

Rule 12(b)(5) allows a party to move to dismiss for insufficient service of process. The party making service has the burden of demonstrating its validity when an objection to service is made. *Holly v. Metro. Transit Authority*, 213 F.App'x. 343 (5th Cir. 2007). The district court has broad discretion in determining whether to dismiss an action for ineffective service of process. *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115 (5th Cir. 1986).

Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. Proper service of process is an essential part of the procedure for establishing and proving personal jurisdiction. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1349 (5th Cir. 1992). Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Brown v. City of Monroe*, 2022 WL 3753967, at *2 (W.D. La. Aug. 12, 2022) (internal quotation marks and citation omitted).

Under Rules 12(b)(5), a defendant may assert insufficient service of process as a defense to a claim for relief. The plaintiff bears the burden of showing valid process or sufficient service. *Cordova v. LSU Agricultural & Mechanical College Board of Supervisors*, No. 6:19-cv-1027 (W.D. La. 10/24/2019), 2019 WL 5493355. Under Rule 4(j)(2), a state or state-created governmental organization must be served through its chief executive officer or by serving the

summons and the complaint in the manner prescribed by state law. The manner prescribed by state law, here, is set forth in La. R.S. 13:5107 and La. R.S. 39:1539. These statutes collectively require Plaintiffs to abide by the statutory and legislative mandate that: (1) LSU, the AG, and ORM are served with process, (2) that service be requested on the AG and LSU within 90 days of commencement of the suit, (3) that the AG and LSU be served with process within 90 days of commencement of the suit, and (4) that untimely service requires dismissal of the suit. La. R.S. 39:1538(D), La. R.S. 13:5107 (A)(1)(2) and D (1) and (2), La. Code Civ. Proc. art. 1672(C). This Court has specifically held that the requirements of La. R.S. 13:5107 are **mandatory**, meaning that if the requirements for dismissal are met, dismissal of the action is **required**. *See Thibodeaux v. City of Rayne*, No. 13-3073 (W.D. La. 8/20/2014), 2014 WL 4181471 at *3. Moreover, [w]hen service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Richardson v. U.S. Federal Bureau of Investigations*, No. 3:20-cv-01050 (W.D. La. 3/15/2021), 2021 WL 1207752, at *8 (citing *Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-1062 (W.D. La. 5/12/2020), 2020 WL 2404911, at *3). "Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Id.* (citing *Landry v. Garber*, No. 19-0367 (W.D. La. 6/21/2019), 2019 WL 2946149, at *2). "Good cause 'requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Johnson v. City of* Monroe, No. 3:22-00828 (W.D. La. 10/31/2022), 2022 WL 16954833, at *2 (quoting *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x. 688, 692 (5th Cir. 2008). )).[3] While the Louisiana Supreme Court has allowed a plaintiff

---

[3] *See Calbert v. Batiste*, 2012-852 (La. App. 3 Cir. 2/6/13), 109 So. 3d 505, 508 (dismissing petition without prejudice where plaintiff served the attorney general but failed to serve the head of DOTD and ORM as required by statute).

an opportunity to cure the service defect where the ninety-day period had not yet expired, that is not the case here. *See Hunter v. Louisiana State Univ. Agr. & Mech. Coll. ex rel. Louisiana Health Care Servs. Ctr. for Univ. Hosp. at New Orleans,* 2011-2841 (La. 3/9/12), 82 So. 3d 268. Plaintiffs have not met their burdens.

Under Federal Rule of Civil Procedure 6(b), a court may for good cause extend the time when an act must be done. Fed. R. Civ. P. 6(b)(1). However, where the motion is made after the time to perform the act has expired, the mover is required to show good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Under the latter provision, the court's discretion is more restricted. *See e.g. Broyles v. Guillory*, No. 1:10-CV-01580, 2012 WL 1015768, at *2 (W.D. La. Mar. 2, 2012), *report and recommendation adopted*, No. 1:10-CV-01580, 2012 WL 1015404 (W.D. La. Mar. 22, 2012)(quoting *U.S. v. McLaughlin*, 470 F.3d 698, 700 (7th Cir.2006)( "Rule 6(b)(2) is less generous to dawdlers than Rule 4(m), not only in requiring the plaintiff to show excusable neglect if his motion for an extension is itself untimely, but also in not requiring the judge to grant the motion even if good cause is shown."); *Amos v. Joiner*, No. 6:14-CV-02344, 2015 WL 5826507, at *1 (W.D. La. Aug. 31, 2015), *report and recommendation adopted*, No. 6:14-CV-02344, 2015 WL 5837660 (W.D. La. Oct. 6, 2015)(because plaintiff waited more than a month after a deadline expired to move for an extension "[plaintiff] must (a) show good cause for the extension, and (b) establish that she failed to request the extension sooner because of excusable neglect.") Good cause requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*, No. CV 2:16-1012, 2017 WL 5079181, at *8 (W.D. La. Nov. 1, 2017) (citing *S&W Enters. v. S. Tr. Bank of Ala.*, NA, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Wright, supra, § 1522.1). "Excusable neglect is 'a failure—which the law will excuse—to take

6

some proper step at the proper time not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hinderance.'" *Greenup v. LeBlanc*, No. 5:18-CV-01659, 2020 WL 5735170, at *2 (W.D. La. Apr. 28, 2020), *report and recommendation adopted*, No. 5:18-CV-01659, 2020 WL 5733206 (W.D. La. Sept. 24, 2020). For excusable neglect, the Court may consider such factors as prejudice to the opponent, length of delay and potential impact on the course of the judicial proceedings, causes for the delay, and the moving party's good faith. *Kostmayer Construction, LLC*, 2017 WL 5079181, at *8.

Fed. R. Civ. P. 4(m) provides that a court must dismiss an action if the defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause. If good cause is shown, the Court must extend the time for an appropriate period. Here, Plaintiffs have had ample time to cure any defects in service and have repeatedly failed to do so. No further extensions are warranted.

## II. PLAINTIFFS CANNOT ESTABLISH GOOD CAUSE OR EXCUSABLE NEGLECT FOR FAILING TO TIMELY SERVE LSU PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(J).

Plaintiffs' repeated failures to timely and properly serve LSU are inexcusable at this point. Plaintiffs have almost two years to effect proper service on LSU pursuant to Rule 4(j)(2), La. R.S. 13:5107, and La. R.S. 39:1538. Not until LSU filed its initial motion to dismiss for insufficient service of process did Plaintiffs first attempt to serve the AG. And even that attempt was untimely. Moreover, even when this Court graciously ordered Plaintiffs to file proof of service on the AG and ORM, Plaintiffs ignored this Court's order and failed to make the requisite showing of service on ORM. (Rec. Doc. 74, 74-1). Rather and without showing good cause, Plaintiffs unilaterally had a process server deliver the First Amended Complaint (not the original Complaint) to ORM on

August 17, 2023, well over a year since commencement of this suit and without this Court granting an extension of time per Rule 4(m). (Rec. Doc. 91). Plaintiffs' last-ditch attempt to comply with La. R.S. 39:1538—that is serving all three entities, LSU, the AG and ORM—was only made because LSU again pointed out Plaintiffs' defect. (Rec. Doc. 80). Lastly, Plaintiffs attempt to serve ORM and the AG was with the *First Amended Complaint*, not the Original Complaint and thus cannot suffice to show they satisfied the mandate of La. R.S. 13:5107 or La. R.S. 39:1538. (Rec. Doc. 87 and 91). Moreover, it appears from the record that all the state agencies were served at the same time with the same summons. This sequence of events shows Plaintiffs' complete lack of diligence and good faith in attempting to properly serve LSU and therefore no good cause nor excusable neglect exists.[4] Moreover, Plaintiffs have needlessly prejudiced LSU and prompted several filings on this issue. Plaintiffs have also disregarded this Court's order by failing to show proof of service on "October 26, 2022."

Plaintiffs' complete failure to effectuate proper service after being given so many chances to cure the deficiency are inexcusable and their lawsuit against LSU should be dismissed with prejudice.

### III. LA. R.S. 13:1507 AND LA. R.S. 39:1538 ARE LEGISLATIVELY MANDATED AND ANY EXTENSIONS FOR SERVICE CANNOT BE HAD.

"In Louisiana, legislation 'is the solemn expression of the legislative will….'" *84 Lumber Co. v. Cont'l Cas. Co.*, 914 F.3d 329, 334 (5th Cir. 2019). The purpose of La. R.S. 13:5107 and La. R.S. 39:1538 is to ensure that the State of Louisiana is given proper notice of suit as a sovereign entity and to protect the public from unnecessary judgments. *See e.g., Dorsey v. Moses*, 2018-961 (La. App. 3 Cir. 4/10/19), 269 So. 3d 907, 910. Both statutes require at a minimum that Plaintiffs

---

[4] Plaintiffs' reliance on LSU President William F. Tate's waiver of service of process does not comply with Fed. R. Civ. P. 4(j)(2)(A) because President Tate was sued in his individual capacity and his waiver was for that purpose only. Additionally, Plaintiffs were apprised that LSU could not waive service due to the statutory mandates.

8

serve LSU, the AG and ORM. *Whitley v. State ex rel. Board of La. State Uni. Agr. Mechanical College*, 11-0040, pp. 16-17 (La. 7/1/11), 66 So.3d at 480. And Plaintiffs must timely request service on LSU and the AG within 90 days of commencement of the action. Here, Plaintiffs have offered no proof that they followed this mandate. In fact, Plaintiffs have proved the opposite, their complete and utter failure to request service timely. La. R.S. 13:5107 and La. R.S. 39:1538 do not allow Plaintiffs to turn back the clock because neither statute allows for any extension of the time delays. Plaintiffs' eleventh-hour attempts to serve ORM also do not satisfy the legislative mandates. Plaintiffs are required to effectuate proper service on each entity under both the Federal Rules of Civil Procedure and under Louisiana law. In the absence of service, notice has not been provided, and personal jurisdiction is lacking. "Proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Brown*, 2022 WL 3753967, at *2. In sum, Plaintiffs have not provided this Court with any just cause for their delay to properly serve LSU under the statutory mandates and their suit against LSU should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, LSU requests it be dismissed from Plaintiffs' suit and for all other general and equitable relief. Plaintiffs' dilatory tactics are an afront to Louisiana law and this Court's generous extensions to cure their procedural defects. Because of Plaintiffs' lack of diligence, they cannot show good cause nor excusable neglect and their most recent affidavits of service should be disregarded. Accordingly, LSU's motion to dismiss based on Fed. R. Civ. P. 12(b)(5) and 12(b)(2) is viable and the defects raised therein have not been cured by Plaintiffs latest round of improper service. Therefore, Plaintiffs' suit against LSU should be dismissed with prejudice.

Dated: May 10, 2024,

        Respectfully submitted,
**LIZ MURRILL**
**ATTORNEY GENERAL**

*/s/Elizabeth Bailly Bloch*
**CHRISTINE S. KEENAN** (No. 23293)
**ERIC R. MILLER** (No. 21359)
**ELIZABETH BAILLY BLOCH** (No. 37591)
**MARY KATHRYN GIMBER** (No. 38748)
Special Assistants Attorney General
THE KULLMAN FIRM APLC
4605 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
Email: EM@kullmanlaw.com
       CSK@kullmanlaw.com
       EBB@kullmanlaw.com
       MKG@kullmanlaw.com

**Counsel For Movants,**
Board of Supervisors of Louisiana State University And Agricultural And Mechanical College, Thomas C. Galligan, Jr., and William F. Tate, IV

### CERTIFICATE OF SERVICE

I hereby certify that I have, on this 10th day of May 2024, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

        */s/ Elizabeth Bailly Bloch*