# 2015 La. SB 255

Enacted, June 23, 2015

**Reporter**
2015 La. ALS 172; 2015 La. ACT 172; 2015 La. SB 255

**LOUISIANA ADVANCE LEGISLATIVE SERVICE > LOUISIANA 2015 REGULAR LEGISLATIVE SESSION > ACT 172 > SENATE BILL NO. 255**

## Notice

**Added:** Text highlighted in green

## Synopsis

AN ACT To enact *R.S. 17:3351(H)* and Part XII of Chapter 26 of Title 17 of the Louisiana Revised Statutes of 1950, to be comprised of *R.S. 17:3399.11* through 3399.15, relative to sexual assault on campuses of public postsecondary education institutions; to provide for the general powers, duties, and functions of public postsecondary education management boards; to require annual anonymous sexual assault climate surveys to be conducted; to provide for procedures; to provide for reporting; and to provide for related matters.

## Text

*Be it enacted by the Legislature of Louisiana:*

Section 1. R.S. *La. R.S. § 17:3351(H)* and Part XII of Chapter 26 of Title 17 of the Louisiana Revised Statutes of 1950, comprised of R.S. *La. R.S. § 17:3399.11* through *La. R.S. § 17:3399.15*, are hereby enacted to read as follows:

§ 3351. General powers, duties, and functions of college and university boards

* * *

H.

(1)

(a) When funding is made available, each public postsecondary education institution shall administer an annual, anonymous sexual assault climate survey to its students.

(b) Participation in the sexual assault climate survey shall be voluntary. No student shall be required or coerced to participate in the survey nor shall any student face retribution or negative consequence of any kind for declining to participate.

(c) The Board of Regents, in consultation with the public postsecondary education management boards, shall develop the survey and establish procedures for the administration of the survey and shall use the survey developed by the Center on Violence Against Women and Children at the Rutgers University School of Social Work as a model.

(2) Each public postsecondary education institution shall:

(a) Administer the survey to students who choose to participate.

  **(b)** Report school-specific results of the survey to the Board of Regents.

 **(3)** The Board of Regents shall:

  **(a)** Submit a written report not later than September first of each year regarding the survey results of each public postsecondary education institution and the state as a whole to the governor and the Senate and House of Representatives committees on education for the previous academic year.

  **(b)** Publish the survey results on the board's website and in any other location or venue the board deems necessary or appropriate.

 **(4)** The provisions of this Subsection shall be implemented as expeditiously and to the maximum extent possible utilizing any and all available funding sources, including funding provided by the legislature.

\* \* \*

**PART XII. CAMPUS ACCOUNTABILITY AND SAFETY**

 **§ 3399.11. Short Title**

  This Part may be referred to as the "Campus Accountability and Safety Act".

 **§ 3399.12. Scope**

  Each public postsecondary education institution that receives any Title IV funding from the United States Department of Education shall be subject to all the provisions of this Part.

 **§ 3399.13. Definitions**

  For the purposes of this Part, the following terms shall have the following meanings unless the context clearly indicates otherwise:

  **(1)** "Institution" means a public postsecondary education institution as defined in R.S. 17:3399.12.

  **(2)** "President" means the president of the system of the respective institution.

  **(3)** "Sexually-oriented criminal offense" includes any sexual assault offense as defined in R.S. 44:51 and any sexual abuse offense as defined in R.S. 14:403.

  **(4)** "Title IX coordinator" means the individual designated as a responsible employee in Section 106.8(a) of Title 34, Code of Federal Regulations, as such section is in effect on the date of enactment of this Part.

 **§ 3399.14. Coordination with local law enforcement**

  **A.** Each institution and law enforcement and criminal justice agency located within the parish of the campus of the institution shall enter into a memorandum of understanding to clearly delineate responsibilities and share information in accordance with applicable federal and state confidentiality laws, including but not limited to trends about sexually-oriented criminal offenses occurring against students of the institution.

  **B.** The Board of Regents" Uniform Policy on Sexual Assault shall require that the memorandum of understanding, as described in Subsection A of this Section, be updated every two years.

  **C.** Each memorandum of understanding entered into pursuant to this Part shall include:

   **(1)** Delineation and sharing protocols of investigative responsibilities.

   **(2)** Protocols for investigations, including standards for notification and communication and measures to promote evidence preservation.

   **(3)** Agreed-upon training and requirements for the parties to the memorandum of understanding on issues related to sexually-oriented criminal offenses for the purpose of sharing information and coordinating training to the extent possible.

2015 La. SB 255

    (4) A method of sharing general information about sexually-oriented criminal offenses occurring within the jurisdiction of the parties to the memorandum of understanding in order to improve campus safety.

  D. The local law enforcement agency shall include information on its police report regarding the status of the alleged victim as a student at an institution as defined in this Part.

  E. The institution shall not be held liable if the local law enforcement agency refuses to enter into a memorandum of understanding as required by this Section.

### § 3399.15. Campus security policy

The Board of Regents shall establish uniform policies and best practices to implement measures to address the reporting of sexually-oriented criminal offenses on institution campuses, the prevention of such crimes, and the medical and mental health care needed for these alleged victims that includes the following:

A.

    (1) Confidential advisors. The institution shall designate individuals who shall serve as confidential advisors, such as health care staff, clergy, staff of a women's center, or other such categories. Such designation shall not preclude the institution from partnering with national, state, or local victim services organizations to serve as confidential advisors or to serve in other confidential roles.

    (2) The confidential advisor shall complete the training requirements as provided in this Part.

    (3) Not later than January 1, 2016, the attorney general in collaboration with the Board of Regents, shall develop online training materials, in addition to the training required under this Part, for the training of confidential advisors.

    (4) The confidential advisor shall inform the alleged victim of the following:

        (a) The rights of the alleged victim under federal and state law and the policies of the institution.

        (b) The alleged victim's reporting options, including the option to notify the institution, the option to notify local law enforcement, and any other reporting options.

        (c) If reasonably known, the potential consequences of the reporting options provided in this Part.

        (d) The process of investigation and disciplinary proceedings of the institution.

        (e) The process of investigation and adjudication of the criminal justice system.

        (f) The limited jurisdiction, scope, and available sanctions of the institutional student disciplinary proceeding, and that it should not be considered a substitute for the criminal justice process.

        (g) Potential reasonable accommodations that the institution may provide to an alleged victim.

        (h) The name and location of the nearest medical facility where an alleged victim may have a rape kit administered by an individual trained in sexual assault forensic medical examination and evidence collection, and information on transportation options and available reimbursement for a visit to such facility.

    (5) The confidential advisor may, as appropriate, serve as a liaison between an alleged victim and the institution or local law enforcement, when directed to do so in writing by an alleged victim who has been fully and accurately informed about what procedures shall occur if information is shared, and assist an alleged victim in contacting and reporting to a responsible employee or local law enforcement.

(6) The confidential advisor shall be authorized by the institution to liaise with appropriate staff at the institution to arrange reasonable accommodations through the institution to allow the alleged victim to change living arrangements or class schedules, obtain accessibility services, or arrange other accommodations.

(7) The confidential advisor shall be authorized to accompany the alleged victim, when requested to do so by the alleged victim, to interviews and other proceedings of a campus investigation and institutional disciplinary proceedings.

(8) The confidential advisor shall advise the alleged victim of, and provide written information regarding, both the alleged victim's rights and the institution's responsibilities regarding orders of protection, no-contact orders, restraining orders, or similar lawful orders issued by a court of competent jurisdiction or by the institution.

(9) The confidential advisor shall not be obligated to report crimes to the institution or law enforcement in a way that identifies an alleged victim or an accused individual, unless otherwise required to do so by law. The confidential advisor shall, to the extent authorized under law, provide confidential services to students. Any requests for accommodations, as provided in Paragraph (6) of this Subsection, made by a confidential advisor shall not trigger an investigation by the institution.

(10) No later than the beginning of the 2016-2017 academic year, the institution shall appoint an adequate number of confidential advisors. The Board of Regents shall determine the adequate number of confidential advisors for an institution, based upon its size, no later than January 1, 2016.

(11) Each institution that enrolls fewer than five thousand students may partner with another institution in their system or region to provide the services described in this Subsection. However, this Paragraph shall not absolve the institution of its obligations under this Part.

(12) Each institution may offer the same accommodations to the accused that are hereby required to be offered to the alleged victim.

B. Website. The institution shall list on its website:

(1) The contact information for obtaining a confidential advisor.

(2) Reporting options for alleged victims of a sexually-oriented criminal offense.

(3) The process of investigation and disciplinary proceedings of the institution.

(4) The process of investigation and adjudication of the criminal justice system.

(5) Potential reasonable accommodations that the institution may provide to an alleged victim.

(6) The telephone number and website address for a local, state, or national hotline providing information to sexual violence victims, which shall be updated on a timely basis.

(7) The name and location of the nearest medical facility where an individual may have a rape kit administered by an individual trained in sexual assault forensic medical examination and evidence collection, and information on transportation options and available reimbursement for a visit to such facility.

C. Online reporting. The institution may provide an online reporting system to collect anonymous disclosures of crimes and track patterns of crime on campus. An individual may submit a confidential report about a specific crime to the institution using the online reporting system. If the institution uses an online reporting system, the online system shall also include information regarding how to report a crime to a responsible employee and law enforcement and how to contact a confidential advisor.

D. Amnesty policy. The institution shall provide an amnesty policy for any student who reports, in good faith, sexual violence to the institution. Such student shall not be sanctioned by the

    institution for a nonviolent student conduct violation, such as underage drinking, that is revealed in the course of such a report.

**E.** Training. Not later than January 1, 2016, the Board of Regents, in coordination with the attorney general and in consultation with state or local victim services organizations, shall develop a program for training for each individual who is involved in implementing an institution's student grievance procedures, including each individual who is responsible for resolving complaints of reported sex offenses or sexual misconduct policy violations, and each employee of an institution who has responsibility for conducting an interview with an alleged victim of a sexually-oriented criminal offense. Each institution shall ensure that the individuals and employees receive the training described in this Subsection no later than the beginning of the 2016-2017 academic year.

**F.** Inter-campus transfer policy.

    **(1)** The Board of Regents" Uniform Policy on Sexual Assault shall require that institutions communicate with each other regarding transfer of students against whom disciplinary action has been taken as a result of a code of conduct violation relating to sexually-oriented criminal offenses.

    **(2)** The Board of Regents" Uniform Policy on Sexual Assault shall require that institutions withhold transcripts of students seeking a transfer with pending disciplinary action relative to sexually-oriented criminal offenses, until such investigation and adjudication is complete.

**Section 2.**

All required provisions for implementation of this Act shall be achieved with existing staff and resources unless a specific appropriation is provided for these purposes.

**Section 3.**

This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, this Act shall become effective on the day following such approval.

# History

Approved by the Governor June 23, 2015

Effective date: June 23, 2015

# Sponsor

Morrell

LOUISIANA ADVANCE LEGISLATIVE SERVICE
Copyright © 2023 LexisNexis. All rights reserved.

**End of Document**