UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| M.D., et al. | § | CIVIL ACTION NO. 6:22-cv-002089 |
| | § | |
| VERSUS | § | |
| | § | JUDGE DAVID C. JOSEPH |
| LOUISIANA BOARD OF REGENTS, | § | |
| LOUISIANA STATE UNIVERSITY | § | MAGISTRATE JUDGE DAVID J. |
| BOARD OF SUPERVISORS, et al. | § | AYO |
| | § | |
| | § | |

**MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT FILED ON BEHALF OF LSU PRESIDENTS, DR. FIELDON KING ALEXANDER, THOMAS C. GALLIGAN, JR. AND WILLIAM F. TATE, IV**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Dr. Fieldon King Alexander ("Alexander"), Thomas C. Galligan, Jr., ("Galligan")[1] and William F. Tate, IV ("Tate") (collectively "Defendants" or "the LSU Presidents"), who move this Court to dismiss Plaintiffs' Third Amended Complaint ("Amended Complaint") filed on behalf of Plaintiffs, M.D., P.P., and J.B., (Doc. 101). In support of this request, Defendants state as follows:

1. Plaintiffs, M.D., P.P., and J.B., ("Plaintiffs") originally filed suit against LSU on July 13, 2022 (Doc. 1).

2. On October 10, 2022, Galligan and Tate filed a Motion to Dismiss for Failure to State a Claim (Doc. 20) and Alexander filed a similar Motion to Dismiss for Failure to State a Claim on October 25, 2022 (Doc. 28).

3. Plaintiffs opposed these motions on October 31, 2022 (Docs. 31 & 35) and November 14, 2022 (Doc. 44), respectively.

**EXHIBIT A**

---

[1] See Doc. No. 1, p. 1 and 14, Thomas C. Galligan, Jr. was improperly identified at Tom Galligan.

1

4.  On November 4, 2022, Plaintiffs moved for leave to file their First Amended Complaint (Doc. 36).

5.  On July 14, 2023, the Court granted Plaintiffs' Motion for Leave and denied Defendants' Motions to Dismiss as moot but allowing Defendants to file new motions to dismiss (Doc. 69).

6.  The Defendants then each separately moved to dismiss the lawsuit based their prior 12(b)(1), 12(b)(5), and 12(b)(6) motions. (Docs. 19, 41, 49, 83, and 97.)

7.  On March 27, 2024, the Court issued an order denying the defendants' motions without prejudice as moot and reserving the Defendants' the rights to reassert their motions while allowing Plaintiffs until April 29, 2024 to file another amended complaint.[2] (Doc. 100.)

8.  On April 26, 2024, Plaintiffs filed their Proposed Third Amended Complaint. (Doc. 101, *et seq.*)

9.  In the Third Amended Complaint, Plaintiffs present only a single claim against the LSU Presidents – a §1983 claim.  As set forth more fully in Defendants' Memorandum in Support, this claim is untimely on its face.

10. "Federal law does not establish a statute of limitations for § 1983 claims; therefore, federal courts hearing § 1983 claims must borrow a relevant statute of limitations from the forum state. § 1983 claims are best characterized as personal injury actions; therefore, federal courts borrow the forum state's law governing the prescription of personal injury claims. In Louisiana, personal injury claims are governed by Civil Code Article 3492, which provides for a one-year prescriptive period. Consequently, Louisiana's one-year prescriptive period governs the plaintiffs' § 1983 claims." *Dugas v. City of Ville Platte*, No.

---

[2] The Court denied Plaintiffs' Motion to File a Second Amended Complaint (Doc. 76) and ordered Plaintiffs to file a comprehensive amended complaint addressing the deficiencies raised by Defendants.  (Doc. 100.)

       6:17-CV-00337, 2017 WL 6521660, at *5 (W.D. La. Nov. 17, 2017), report and recommendation adopted, No. 6:17-CV-00337, 2017 WL 6521148 (W.D. La. Dec. 19, 2017).

11. Plaintiffs allege that they were sexually assaulted on several different occasions between Spring 2015 and February 2021 (Doc. 101, ¶¶ 98, 101, 124, 137, 148, 155).[3] Plaintiffs did not file suit until July 13, 2022, more than one year, and up to seven years, after each of the alleged incidents of sexual assault. As such, Plaintiffs' claims against Defendants, the LSU Presidents, should be dismissed with prejudice in their entirety as untimely.

12. This lawsuit is untimely on its face and the doctrine of *contra non valentum* nor the doctrine of fraudulent concealment save it.

13. Even if Plaintiffs' claims were timely, the LSU Presidents are entitled to qualified immunity.

14. In order to defeat the LSU Presidents' qualified immunity defense, Plaintiffs' Third Amended Complaint must allege facts that, if true, show that each defendant violated their rights by acting in a way that he should have known was unlawful. Plaintiffs' Third Amended Complaint does not contain such allegations.

15. Plaintiffs' §1983 claims against Alexander, Galligan, and Tate are nothing more than general and conclusory assertions that the Defendants failed "to comply with the administrative requirements of Title IX and their own Title IX policies…" (101 ¶¶ 289 & 290). Critically, Plaintiffs make no specific allegation of wrongdoing against either

---

[3] There appears to be some overlap with the paragraphs for P.P. and J.B. Therefore, the LSU Presidents here have cited those that do not overlap.

|     | Alexander, Galligan, or Tate individually or that they violated a clearly established *constitutional* right. |
| --- | --- |
| 16. | Such allegations are wholly insufficient and fail to include any particular conduct of any individual defendant that would demonstrate that Alexander, Galligan, or Tate acted in a way that they knew was unlawful as required to state a claim against them. |
| 17. | In sum, the allegations in Plaintiffs' Third Amended Complaint are far too vague and conclusory to overcome the defense of qualified immunity and Plaintiffs' claims against the LSU Presidents should be dismissed with prejudice. |
| 18. | Louisiana Revised Statute 9:2798.1(B) provides, "Liability shall not be imposed on public entities *or their officers or employees* based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties. (emphasis added). |
| 19. | In their lawsuit, Plaintiffs allege that LSU and the LSU Presidents failed to notify ULL of Silva's alleged incidents on LSU's campus in 2014 and 2015. As an initial matter, LSU investigated the first alleged incident and could not corroborate the allegations. In this instance, there was no law that prescribed a certain action by anyone at LSU. Thus, any decision LSU reached or any action the LSU Presidents took (or did not take) was within their discretionary authority and grounded in university policy. |
| 20. | In the present case, LSU had no affirmative obligation to notify ULL of any incident involving Silva during the 2014-2015 school year. Regardless, LSU did notify ULL of Silva's arrest for rape. (Doc. 101, ¶¶ 68-69). |
| 21. | Because Plaintiffs' Third Amended Complaint fails to contain any specific allegations that would allow Plaintiffs to overcome this defense, they have failed to state a claim for which |

relief can be granted.

**WHEREFORE**, Defendants, Dr. Fieldon King Alexander, Thomas C. Galligan, and William F. Tate, IV pray the suit of M.D., P.P., and J.B. be dismissed with prejudice without leave to amend, attorney's fees be awarded to these Defendants under 42 U.S.C. 1988(b) as the prevailing parties, and for all other general and equitable relief.

Dated: May 10, 2024

Respectfully submitted,
**LIZ MURRILL**
**ATTORNEY GENERAL**

*/s/Elizabeth Bailly Bloch*
**CHRISTINE S. KEENAN** (No. 23293)
**ERIC R. MILLER** (No. 21359)
**ELIZABETH BAILLY BLOCH** (No. 37591)
**MARY KATHRYN GIMBER** (No. 38748)
Special Assistants Attorney General
THE KULLMAN FIRM APLC
4605 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana  70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
Email: EM@kullmanlaw.com
         CSK@kullmanlaw.com
         EBB@kullmanlaw.com
         MKG@kullmanlaw.com

**Counsel For Defendants, Dr. Fieldon King Alexander, Thomas C. Galligan, Jr., and William F. Tate, IV**

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 10th day of May 2024, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

*/s/ Elizabeth Bailly Bloch*
Elizabeth Bailly Bloch