UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

M.D., ET AL                                    :

VERSUS                                         :      CIVIL ACTION NO.:  6:22-CV-02089

LOUISIANA BOARD OF REGENTS, ET AL  :      JUDGE JOSEPH, MAG. JUDGE AYO

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

## MOTION TO DISMISS FOR FAILURE
## TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

NOW INTO COURT, through undersigned counsel, comes LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT ("LCG"), erroneously referred to as "Lafayette Consolidated Government," sought to be made defendant in the above-captioned matter, who, solely for the purpose of this Motion, avers:

Plaintiffs' Third Amended Complaint brings this Section 1983 action, claiming that LCG is liable to them for deprivations of their Constitutional rights to be free from state-sponsored bodily harm. However, as more fully argued in the Memorandum in Support of LCG's Motion to Dismiss, plaintiffs' claims are either prescribed as untimely or fail to state a claim upon which relief can be granted, as this Circuit does not recognize the "state-created danger" theory doctrine as a basis for liability and/or a viable cause of action. Further, any claim asserted for a "failure to investigate" likewise fails to state a claim upon which relief can be granted. Moreover, plaintiffs' allegations that LCG failed to follow certain laws, enactments, policies, or the Memorandum of Understanding for reporting purposes fails to state a viable 14th Amendment claim.  Thus, all

claims against LCG should be dismissed, with prejudice as either prescribed or for failure to state a claim upon which relief can be granted.

WHEREFORE, premises considered, defendant, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT ("LCG"), erroneously referred to as "Lafayette Consolidated Government," prays for an order dismissing plaintiffs' suit against it under Rule 12(b)(6).  For the reasons stated more fully in the Memorandum in Support of the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, all of the claims against defendant, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT ("LCG"), erroneously referred to as "Lafayette Consolidated Government," should be dismissed, with prejudice, and at plaintiffs' costs.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

BORNE, WILKES & RABALAIS, L.L.C.


BY:   _____s/Joy C. Rabalais_____
JOY C. RABALAIS (26476), T.A.
JORDAN JOHN HENAGAN (36206)
GRANT R. SCHEXNAILDER (40040)
K. ELIZABETH HEINEN (24452)
HUNTER B. AHIA (40251)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana  70502-4305
Telephone:  (337)  232-1604 Ext. 232
Facsimile:  (337) 232-1837
E-mail:  rabalais@bornewilkes.com

ATTORNEYS FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT ("LCG"), erroneously referred to as "Lafayette Consolidated Government"