**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **M.D., et al.** | § | C/A NO. 6:22-cv-002089-DCJ-DJA |
| | § | |
| **VERSUS** | § | |
| | § | JUDGE DAVID C. JOSEPH |
| **LOUISIANA BOARD OF REGENTS,** | § | |
| **LOUISIANA STATE UNIVERSITY** | § | MAGISTRATE JUDGE DAVID J. |
| **BOARD OF SUPERVISORS, et al.** | § | AYO |
| | § | |
| | § | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE'S MOTION TO DISMISS**

Respectfully submitted,

**DORAN & CAWTHORNE, P.L.L.C.**

_____*s/ Pride Doran*_____
Pride J. Doran (#25035)
Nahshon J. Route (#37848)
521 E. Landry Street (70570)
Post Office Box 2119
Opelousas, LA 70571
Phone: (337) 948-8008
Fax: (337) 948-0098
Email: pride@doranlawfirm.com
        nahshon@doranlawfirm.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.      Plaintiffs effected proper service on Defendant under both
           prongs of Rule 4(j)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

           a.      Plaintiffs obtained a waiver of service from LSU's
                 President, William F. Tate, IV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

           b.      Plaintiffs complied with the relevant Louisiana statutes
                 regarding service of process. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

                      Section 13:5107. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

                      Section 39:1538. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Ganpat v. E. Pac. Shipping, PTE. LTD.*, 434 F. Supp. 3d 441 (E.D. La. 2020). . . . . . . . . . . . . . . 2

*George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*,
788 F.2d 1115 (5th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Hicks v. Dallas Cty. Cmty. Colls.*, 2017 WL 6628454 (N.D. Tex. 2017). . . . . . . . . . . . . . . . . . . 3

*Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933 (5th Cir. 1999). . . . . . . . . . . . . 3, 4

*Williams v. Guilford Tech. Cmty. Coll. Bd. of Trs.*, 117 F. Supp. 3d 708
(M.D.N.C. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**State Cases**

*Gilly v. Ricciardi*, 339 So.3d 80 (La. Ct. App. 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Guste ex rel. Courville v. Burris*, 427 So.2d 1178 (La. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Stemcor USA Inc. v. CIA Siderurgica Do Para Cosipar*, 283 So.3d 1014 (La. 2019). . . . . . . . . 11

*Thibodeaux v. McNeese State Univ.*, 354 So.3d 903 (La. Ct. App. 2023). . . . . . . . . . . . . . . . 7, 8

*Whitley v. State ex rel. Bd. of Supervisors of La. State Univ. Agr. Mech. Coll.*,
66 So.3d 470 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 9, 10

*Wilson v. Dep't of Public Safety and Corrections*, 295 So.3d 1274
(La. Ct. App. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 6, 7, 9

**Federal Statutes**

20 U.S.C. § 1681. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

**State Statutes**

LSA–R.S. 13:5107. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

LSA–R.S. 13:5107(A)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, Passim

LSA–R.S. 13:5107(A)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, Passim

LSA–R.S. 13:5107(D)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, Passim

LSA–R.S. 13:5107(D)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, Passim

LSA–R.S. 39:1538. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, Passim

**Federal Rules of Procedure**

Fed. R. Civ. P. 4(j)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 4(j)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, Passim

Fed. R. Civ. P. 4(j)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, Passim

Fed. R. Civ. P. 4(k). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 4(m). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 12(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**State Rules of Procedure**

LSA–C.C.P. art. 1672(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

Plaintiffs respectfully submit this Memorandum in Opposition to Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College's ("Defendant" or "LSU") Motion to Dismiss.  Plaintiffs effected proper service on Defendant pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure, and thus Defendant's motion should be denied.

## INTRODUCTION

Plaintiffs, M.D., P.P., and J.B. (collectively, "Plaintiffs"), filed suit against LSU, the Louisiana Board of Regents, University of Louisiana System Board of Supervisors, Lafayette Consolidated Government, Joseph Savoie, Les Guice, Thomas C. Galligan, Jr., William F. Tate, IV, Fieldon King Alexander, Toby Aguillard and John/Jane Doe Chiefs of Police asserting claims pursuant to Title IX of the Educational Amendments Act of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX") and 42 U.S.C. §1983.  In particular, Plaintiffs bring claims stemming from systemic Title IX failures and deprivations of due process, which include events related to sexual assaults perpetrated by Victor Daniel Silva, a former student of LSU, University of Louisiana Lafayette, and Louisiana Tech University.

Plaintiffs filed suit on July 13, 2022.  Thereafter, LSU's President, William F. Tate, IV, waived service of process on August 4, 2022, and LSU was served through its Office of General Counsel on August 22, 2022.  Plaintiffs served the Louisiana Attorney General's Office with a copy of the original Summons and Complaint on October 18, 2022.  [Doc. 74, Plaintiffs' Response to the Court's Order regarding Proof of Service on the Attorney General and Office of Risk Management].  Plaintiffs further served the Louisiana Office of Risk Management on October 26, 2022.  [*Id.*].  Defendant now moves to dismiss this action under Rules 12(b)(2) and 12(b)(5) of the

1

Federal Rules of Civil Procedure alleging defective service of process. However, because Defendant was properly served under both prongs of Rule 4(j)(2), this motion should be denied.

## STANDARD

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, a party may move to dismiss for insufficient service of process. Stated differently, Rule 12(b)(5) "provides for dismissal of a claim if service of process is not completed in the proper manner." *Ganpat v. E. Pac. Shipping, PTE. LTD.*, 434 F. Supp. 3d 441, 447 (E.D. La. 2020). Service is completed in the proper manner if it is made in compliance with the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Id.* "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process . . ." *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Rule 12(b)(2) of the Federal Rules of Civil Procedure similarly allows a party to move for dismissal due to lack of personal jurisdiction. Generally, "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant." Fed. R. Civ. P. 4(k).

## ARGUMENT

**I. Plaintiffs effected proper service on Defendant under both prongs of Rule 4(j)(2).**

Rule 4(j)(2) of the Federal Rules of Civil Procedure provides two methods by which a plaintiff may serve process on a state, municipal corporation, or other state-created governmental organization. First, pursuant to Rule 4(j)(2)(A), a plaintiff may effect service on a state agency by "delivering a copy of the summons and of the complaint to its chief executive officer." Alternatively, a plaintiff may effect service on a state agency by serving a copy of the summons and complaint "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(B). Here, Plaintiffs are in compliance with both

prongs of Rule 4(j)(2), as Plaintiffs obtained a waiver of service from LSU's president and are in compliance with both sections 13:5107 and 39:1538 of the Louisiana Revised Statutes.

### a. Plaintiffs obtained a waiver of service from LSU's President, William F. Tate, IV

Plaintiffs have satisfied the requirement of Rule 4(j)(2)(A) by obtaining a waiver of service from LSU's chief executive officer.

As provided above, a plaintiff effects proper service on a state agency by delivering a copy of the summons and complaint to its chief executive officer. Federal courts have recognized that the chief executive officer of a state university or college is its president. *See Williams v. Guilford Tech. Cmty. Coll. Bd. of Trs.*, 117 F. Supp. 3d 708, 715 (M.D.N.C. 2015) (finding a plaintiff's failure to serve a college in accordance with state law was not fatal to the action because the plaintiff properly served the college's president under Rule 4(j)(2)); *Hicks v. Dallas Cty. Cmty. Colls.*, 2017 WL 6628454 (N.D. Tex. 2017) (finding that a college's chief executive officer was its chancellor for the purposes of Rule (4)(j)(2)).

Additionally, the requirement of Rule (4)(j)(2)(A) may be satisfied by obtaining a waiver of service from the chief executive officer. The Fifth Circuit has held that a "waiver of service of process operates as a substitute for formal service of process, allowing the plaintiff to avoid the unnecessary costs of formal service, while ensuring that the defendant obtains notice of the suit." *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 937–38 (5th Cir. 1999). "Like formal service of process, a waiver of service of process marks the point in a lawsuit after which the defendant must answer or risk default." *Id*.

Here, Plaintiffs have satisfied the requirement of Rule (4)(j)(2)(A) by obtaining a waiver of service from LSU's president, William F. Tate, IV. President Tate waived service on August 4, 2022, less than a month after Plaintiffs filed their lawsuit and well in advance of the ninety (90)

3

days provided by Rule 4(m) for effecting service on a defendant. Accordingly, Plaintiffs are in compliance with Rule 4(j)(2)(A) and Defendant's motion should be denied. *See* Fed. R. Civ. P. 4(j)(2)(A) (providing that a state agency can be served by delivering a copy of the summons and complaint to its chief executive officer); *see also Rogers*, 167 F.3d at 937 ("A waiver of service of process operates as a substitute for formal service of process.").

### b. Plaintiffs complied with the relevant Louisiana statutes regarding service of process

Plaintiffs have satisfied the requirement of Rule 4(j)(2)(B) by complying with both sections 13:5107 and 39:1538 of the Louisiana Revised Statutes.

### Section 13:5107

Pursuant to section 13:5107(D)(1) of the Louisiana Revised Statutes,

> In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party.

Subsection (D)(2) provides that

> If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

Accordingly, these subsections provide that an action against a state agency may be dismissed when the plaintiff fails to request service upon the named defendant within ninety (90) days. Louisiana courts have explained the "purpose behind the ninety-day notice requirement is to make sure that the defendant receives notice of the suit within a reasonable time after it has been commenced." *Gilly v. Ricciardi*, 339 So.3d 80, 85 (La. Ct. App. 2022).

>Section 13:5107(A)(1) states that,
>
>In all suits filed against the state of Louisiana or a state agency, citation and service *may* be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, *and* on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, *and* on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

(emphases added). Subsection (A)(2) provides that service on the Attorney General shall be requested within ninety (90) days of filing suit and the same shall be sufficient to satisfy the requirements of subsection (D). LSA–R.S. 13:5107(A)(2). Notably, however, subsection (A)(2) does not require the dismissal of an action for failure to timely serve the Attorney General. *See Wilson v. Dep't of Public Safety and Corrections*, 295 So.3d 1274, 1278 (La. Ct. App. 2020) ("[T]here is no adverse consequence found within La. R.S. 13:5107(A)(2) for the failure to request timely service upon the Attorney General.").

At the outset, Defendants misconstrue the permissive language in section 13:5107(A)(1) for a mandatory requirement. Section 13:5107(A)(1) does not require that the Attorney General be served within ninety (90) days, or at all. Rather, subsection (A)(1) provides that a party *may* serve the Attorney General to comply with the service requirements of subsection (D).

The Supreme Court of Louisiana reached the same conclusion in *Whitley v. State ex rel. Bd. of Supervisors of La. State Univ. Agr. Mech. Coll.*, a case bearing a striking similarity to the facts at bar. 66 So.3d 470, 472 (2011). In *Whitley*, the plaintiff filed her action against the university defendant on October 26, 2007. *Id*. At the time of filing, the plaintiff only requested service on the chairman of the university defendant's board of supervisors. *Id*. On April 12, 2010,

5

roughly two-and-a-half years after the plaintiff filed suit, the Attorney General and Office of Risk Management received a faxed copy of the citation and petition from the plaintiff's counsel. *Id*.

In interpreting the language of section 13:5107(A)(1), the Louisiana Supreme Court found that the phrase "may be obtained" modified all of the phrases that follow, including those that appear after the conjunctive "and." *Id*. at 477. Accordingly, the Court determined that, from a grammatical standpoint, citation and service:

> 1. may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and
> 2. may be obtained by citation and service on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and
> 3. may be obtained by citation and service on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

*Id*. Thus, the Court found that "[p]roviding permission to request service on the AG and the head of the agency does not impose a requirement that the plaintiff's request for service pertain to both[,]" and "[t]he fact that these phrases are joined by a conjunctive 'and' d[id] not make the phrases mandatory." *Id*. To the contrary, "[i]f the legislature had intended to require a request for service on multiple individuals, it could have done so by use of mandatory language such as 'shall' or 'must.'" *Id*. Consequently, the Louisiana Supreme Court concluded that the plaintiff's "request for service of citation on [the university defendant] satisfied the requirements of LSA–R.S. 13:5107(A) and (D) and, thus, afforded [the university defendant] an opportunity to request the legal representation to which it is entitled." *Id*. at 479.

While *Whitley* was decided before the amendment of LSA–R.S. 13:5107, the addition of subsection (A)(2) does not change the *Whitley* Court's analysis. Recently, in *Wilson v. Dep't of*

*Public Safety & Corrections*,[1] and *Thibodeaux v. McNeese State Univ.*,[2] the Louisiana Court of Appeals addressed the Legislature's silence regarding enforcement of subsection (A)(2) in the face of *Whitley's* holding. In *Wilson*, the Court of Appeals explained that, "[i]n the interim since *Whitley*, the legislature has had ample opportunity to provide a penalty for failure to properly serve the Attorney General within 90 days of filing an action." 295 So.3d at 1279. However, "[t]he legislature has not chosen to do so, and in the absence of the legislature's imposition of such a penalty, this court declines to judicially compose one." *Id*. As such, the Court determined that "the trial court erred in dismissing [the plaintiff]'s petition as those grounds for objection can be cured by [the plaintiff] requesting and obtaining service on the Attorney General and Risk Management." *Id*. Thus, the Court gave the plaintiff a reasonable period of time beyond the ninety days provided in subsection (A)(2) to request and obtain service on the Attorney General. *Id*; *see also Whitley*, 66 So.3d at 481 ("[T]he Louisiana Code of Civil Procedure requirement for service within 90 days and the corresponding dismissal for a failure to serve within 90 days *is limited to 'named defendants.'*" (emphasis added)).

Similarly, in *Thibodeaux*, the Court of Appeals explained that "the gap created by the legislature's addition of La.R.S. 13:5107(A)(2)'s mandatory service requirement without providing any consequence in Subsection (D) should be construed in favor of maintaining the plaintiff's action." 354 So.3d at 907. The Court of Appeals further noted the Louisiana Supreme Court "conclu[ded] that La.R.S 13:5107's only consequence for failure to request service is in Subsection D which does not address the failure to serve the AG, unless he is a named defendant." *Id*. at 908. Thus, because the plaintiff "timely requested service on the only named defendant as

---

[1] 295 So.3d 1274 (La. Ct. App. 2020).
[2] 354 So.3d 903 (La. Ct. App. 2023).

7

provided in La.R.S, 13:5107(D),[] the trial court erred in dismissing her claims against McNeese State University." *Id*. at 909.

Pursuant to *Whitley*, a plaintiff bringing suit against a state university need only request service on the university within ninety (90) days of filing to comply with 13:5107(A)(1) and (D). Here, Defendant concedes in its Memo in Support of its Motion to Dismiss that it was served through its Office of General Counsel on August 22, 2022, a little over a month after the action was filed and well in advance of the October 11, 2022 deadline. Moreover, as explained by the *Wilson* and *Thibodeaux* Courts, the Legislature has not provided a penalty for failure to serve the Attorney General within ninety (90) days under subsection (A)(2) and courts should provide plaintiffs with reasonable time to cure such a deficiency. Plaintiffs have cured any deficiency under subsection (A)(2) by serving the Attorney General with a copy of the original Summons and Complaint on October 18, 2022. As such, Plaintiffs properly complied with section 13:5107 and Defendant's motion to dismiss on this ground should be denied.

**Section 39:1538**

Pursuant to section 39:1538,

> A. Claims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted in accordance with the provisions specified in this Chapter.
> . . .
> D. In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107.

Notably absent from the statute is any provision establishing a time period for service or requiring dismissal of an action for failure to comply with the statutory requirements. As such, Defendants'

8

argument that Plaintiffs' action must be dismissed for failing to serve the Attorney General and Office of Risk Management within ninety (90) days is misplaced. *See Wilson*, 295 So.3d at 1279 ("More importantly for our purposes, La. R.S. 39:1538 does not provide a time constraint on the required service or provide for dismissal for the failure to effectuate service.").

The Louisiana Supreme Court reached a similar conclusion in *Whitley*. 66 So.3d at 481. As provided in the previous section, in *Whitley*, the Attorney General and Office of Risk Management received a faxed copy of the citation and petition from the plaintiff's counsel approximately two-and-a-half years after the plaintiff filed suit against the university defendant. *Id*. at 472. The Court found the service provisions of LSA-R.S. 39:1538(4)[3] to be distinguishable from those of LSA-R.S. 13:5107, noting that "unlike the provisions of LSA–R.S. 13:5107, LSA–R.S. 39:1538 does not mandate that service of citation be requested within 90 days of the filing of the petition or that the failure to do so warrants the dismissal of the action pursuant to LSA–C.C.P. art. 1672(C)." *Id*. at 480. The Court further explained that "the Louisiana Code of Civil Procedure requirement for service within 90 days and the corresponding dismissal for a failure to serve within 90 days is limited to 'named defendants.'" *Id*. at 481. Thus, because the Attorney General and Office of Risk Management were not defendants, "the requirement of service and sanction of dismissal [wa]s not available." *Id*.

Moreover, the Court provided that the "purpose of LSA–R.S. 39:1538 is to provide notice to the AG, the ORM, and the department head that a tort action has been brought[,]" and the statute did not provide for dismissal for the failure to effectuate service. *Id*. Additionally, while there is "a reference in LSA–R.S. 39:1538(4) to LSA–R.S. 13:5107, based on the clear language, this is a reference to who must be served and not a reference to when service must occur or to a sanction

---

[3] LSA-R.S. 39:1538(4) is now LSA-R.S. 39:1538(D).

for failure to serve timely." *Id*. Thus, the Court concluded that the legislature could have amended LSA-R.S. 39:1538(4) to require that service be made within a certain time period if it had intended to do so. *Id*. Ultimately, the Court determined that the plaintiff cured the deficiency in its service by its subsequent service of citation on the Attorney General and Office of Risk Management, and the university defendant was not entitled to dismissal. *Id*.

The facts at bar are similar to those addressed in *Whitley*. While Plaintiffs did not originally serve the Attorney General or Office of Risk management, Plaintiffs have since provided proof that both entities were served with a copy of the original Summons and Complaint in October 2022. As such, Plaintiffs' service on the Attorney General and Office of Risk Management occurred within four months of the filing of the action, well in advance of the two-and-a-half-years it took the plaintiff in *Whitley* to serve such entities. Accordingly, Plaintiffs have cured any defects in service existing under LSA-R.S. 39:1538 and Defendant is not entitled to dismissal on this ground.

Defendant seems to suggest that Plaintiffs' October 2022 service on the Attorney General and Office of Risk Management are deficient because those entities were not served with multiple copies of the summons and complaint such that they received one on behalf of each Defendant. However, Defendant offers no law in support of the proposition that the Attorney General and Office of Risk Management must be served with a copy of the complaint for each State defendant in an action. Moreover, it is axiomatic that the purpose of service of process is to provide notice. *See Whitley*, 66 So.3d at 481 ("The purpose of LSA–R.S. 39:1538 is to provide notice to the AG, the ORM, and the department head that a tort action has been brought."). There is no logical argument that Plaintiff failed to provide the Attorney General and Office of Risk Management with notice that Defendant was named in a lawsuit after Plaintiff served both entities with a copy

10

of the Complaint clearly naming Defendant in the caption and alleging causes of action against it. Accordingly, Defendant, the Attorney General, and the Office of Risk Management have all been served with a copy of the Summons and Complaint, and the Attorney General and Office of Risk Management have been on notice of Plaintiff's suit since October 2022. *See Stemcor USA Inc. v. CIA Siderurgica Do Para Cosipar*, 283 So.3d 1014, 1021 (La. 2019) ("Courts should not adopt a hypertechnical construction of a statute . . . when a reasonable interpretation can be adopted which will not do violence to the plain words of the statute and which will carry out the legislative intent." (quoting *Guste ex rel. Courville v. Burris*, 427 So.2d 1178, 1182 (La. 1983)). Thus, Plaintiffs are in compliance with section 39:1538.

Ultimately, Plaintiffs are in compliance with LSA–R.S. 13:5107 and LSA–R.S. 39:1538. As such, Plaintiffs have complied with the requirement of Rule 4(j)(2)(B) and Defendant's motion should be denied.

## **CONCLUSION**

Based on the foregoing, Plaintiffs have complied with both prongs of Rule 4(j)(2) by effecting service on LSU's chief executive officer and serving Defendant in accordance with LSA–R.S. 13:5107 and LSA–R.S. 39:1538. Accordingly, Defendant's motion should be denied.

Respectfully this 30th day of May, 2024.

                                              **DORAN & CAWTHORNE, PLLC**

*s/ Pride Doran*
Pride J. Doren (#25035)
Nahshon J. Route (#37848)
521 E. Landry Street (70570)
Post Office Box 2119
Opelousas, LA 70571
Phone: (337) 948-8008
Fax: (337) 948-0098
Email: pride@doranlawfirm.com
        nahshon@doranlawfirm.com

*Attorneys for the Plaintiffs*

**CERTIFICATE OF FILING**

  This shall serve as notice that all parties of record have been served with this filing pursuant to CM/ECF.

                     *s/ Pride Doran*
                     Pride Doran

This 30th day of May, 2024.