UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **M.D., J.B., P.P., and** | * | **CIVIL ACTION** |
| **JANE DOES 1-100** | * | |
| | * | |
| **VERSUS** | * | **NO.:  6:22-cv-02089-DCJ-DJA** |
| | * | |
| **LOUISIANA BOARD OF REGENTS,** | * | **JUDGE:** |
| **LOUISIANA STATE UNIVERSITY** | * | **DAVID C. JOSEPH** |
| **BOARD OF SUPERVISORS, UNIVERSITY** | * | |
| **OF LOUISIANA BOARD OF** | * | **MAGISTRATE JUDGE:** |
| **SUPERVISORS, LAFAYETTE** | * | **DAVID J. AYO** |
| **CONSOLIDATED GOVERNMENT,** | * | |
| **LAFAYETTE POLICE DEPARTMENT,** | * | |
| **JOSEPH SAVOIE, LES GUICE, FIELDON** | * | |
| **KING ALEXANDER, TOM GALLIGAN,** | * | |
| **WILLIAM F. TATE, THOMAS GLOVER,** | * | |
| **And JOHN/JANE DOE CHIEFS OF** | * | |
| **POLICE, individually and in their** | * | |
| **official capacities** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN REPLY TO
## PLAINTIFFS' OPPOSITION TO  AND IN FURTHER SUPPORT OF
## UL SYSTEM'S MOTION TO DISMISS

Defendant, THE BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM ("UL System" or "Defendant"), respectfully responds to Plaintiffs' Opposition to UL System's Motion to Dismiss (R. Doc. 121).  UL System specifically adopts and incorporates by reference its prior briefing on the procedural issues before the Court, as specifically authorized and ordered by the Court at R. Doc. 100, p. 3.  Prior address of Plaintiffs' arguments can be found at R. Docs. 41, 55, 79, and 95.

### PREAMBLE

Despite the extensive briefing – essentially instructing Plaintiffs how service was deficient and what is required to properly serve UL System and the multiple opportunities that the Court has extended to Plaintiffs to properly serve UL System - Plaintiffs STILL have not served UL System

1

as required by Louisiana statutory law.  Now, in the face of yet another round of briefing on this same issue, the best Plaintiffs can argue is that it is "not logical" to require Plaintiffs to request service on the Attorney General and the Office of Risk Management ("ORM") for *all* Defendants. (R. Doc. 120, pp. 9-10).  In other words, Plaintiffs reason that if the Complaint was served on the Attorney General for at least one of the state entity defendants and ORM was served for at least one of the state entity defendants, then Plaintiffs' job is done.  Implied in this argument is that the Attorney General and ORM can simply "figure it out" and determine what state entities are being named in suit and which are not.

The Attorney General and ORM are served with lawsuits daily and oversee hundreds of entities.  If the legislature intended for the Attorney General and ORM to sift through these citations and do each plaintiff's job for them, then strict requirements governing notice and service of process – like the ones at issue here – would cease to exist.  The time has come for Plaintiffs' (now third) Complaint to be dismissed as to UL System.

## **STATUS OF SERVICE – INCOMPLETE AND UNTIMELY**

Some time back, the Court ordered Plaintiffs to file into the record proof of notice sent to the Attorney General and ORM.  (R. Doc. 68).  Plaintiffs complied.  (R. Doc. 74).  Plaintiffs did *not* request service of process upon the Louisiana Attorney General for service upon UL System. Admittedly, Plaintiffs requested service of process upon ORM for service upon UL System, but did *not* do so within 90 days.  Therefore, Plaintiffs' claims against UL System should be dismissed due to insufficient service of process and lack of jurisdiction for the reasons set forth in UL System's prior briefing at R. Docs. 41, 55, 79 and 95.

After UL System and Louisiana State University Board of Supervisors ("LSU") responded to Plaintiffs' prior filings, Plaintiffs then filed a motion to extend the deadline to serve the Attorney

General and the ORM. (R. Doc. 82). That motion has been denied. (R. Doc. 100, p. 3). Regardless, such a motion was tardy and irrelevant. The record reflects that service has not been properly requested and effected on UL System. As such, UL System specifically objects to any additional extensions of time and opportunities to be extended to Plaintiffs, and Plaintiffs' claims against UL System should be dismissed.

## **LEGAL AUTHORITY**

Plaintiffs should not be afforded any additional opportunities to effect proper service upon UL System for the following reasons.

- The only "new" argument offered by Plaintiffs is reliance upon *Wilson v. Dep't of Public Safety & Corrections*, 53,433 (La. App. 2nd Cir. 4/22/20), 295 So.3d 1274, and *Thibodeaux v. McNeese State Univ.*, 2022-450 (La. App. 3rd Cir. 1/25/23), 354 So.3d 903. Neither decision applies to the facts pending before this Court.

- First, *Wilson* involved a *pro se* plaintiff. Second, even the *pro se* plaintiff in *Wilson* made more of an effort to properly serve LSU than Plaintiffs have done here with regard to UL System. Third, the *Wilson* court agreed that the trial court properly sustained the exception of improper service of process. However, based on the *pro se* plaintiff's efforts and ability to request and obtain service – something that Plaintiffs have been unable to do here - dismissal was found to be improper.

- Similarly, in *Thibodeaux v. McNeese*, the court agreed that service was insufficient, but the plaintiff, who was a former employee of the university, should be afforded an opportunity to effect service, as required. Here, Plaintiffs gloss over the fact that they did not timely request service upon the Attorney General and ORM within the mandatory ninety days, that they have been afforded an additional opportunity to effect service already, and that Plaintiffs still have not *requested* service upon the Attorney General for UL System. (R. Doc. 79, p. 2). Instead, Plaintiffs jump directly to "dismissal is improper," which is improper in light of the multiple opportunities afforded Plaintiffs already.

- Plaintiffs' motion for additional time to serve the Attorney General and ORM was filed *after* Plaintiffs complied with Court Order R. Doc. 68. If Plaintiffs sought more time in order to properly serve Defendants, then Plaintiffs should have sought an extension *before* responding to the Court Order and *before* Defendants briefed, yet again, the insufficiencies of Plaintiffs' attempts to serve Defendants. FRCP 6(b). *See also, Broyles v. Guillory*, Civ. A. No. 10-cv-01580, 2012 WL 1015768, at * 2 (WD La. Mar. 2, 2012), *adopted* Civ. A. No. 10-cv-01580, 2012 WL 1015404 (WD La. Mar. 22, 2012)(quoting *U.S. v. McLaughlin*, 470 F.3d 698, 700 (7th Cir.

3

2006); *Amos v. Joiner*, Civ. A. No. 14-cv-02344, 2015 WL 5826507, at * 1 (WD La. Aug. 31, 2015), *adopted* Civ. A. No. 14-cv-02344, 2015 WL 5837660 (WD La. Oct. 6, 2015).

- Plaintiffs have not shown good cause or excusable neglect in seeking additional time to file (and in actually filing) the Affidavits of Service. Plaintiffs must show some unexpected or unavoidable hinderance in order to meet the excusable neglect standard. *Greenup v. LeBlanc*, Civ. A. No. 18-cv-01659, 2020 WL 5735170, at * 2 (WD La. Apr. 28, 2020), *adopted* Civ. A. No. 18-cv-01659, 2020 WL 5733206 (WD La. Sept. 24, 2020). Plaintiffs have yet to explain the reason for the insufficient service, the cause of the repeated delay, and/or evidence good faith efforts to properly and timely serve Defendants. *Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*, Civ. A. No. 16-1012, 2017 WL 5079181, at * 8 (WD La. Nov. 1, 2017). One can only surmise that Plaintiffs evolved from not knowing how to properly serve UL System to just not ever getting it right.

- Plaintiffs have had ample and extended time to cure the service defects and not only have failed to do so, but also have failed to show good cause or excusable neglect for their failures. FRCP 4(m) and (j).

- Plaintiffs now admit that they did not "originally serve the Attorney General or Office of Risk Management" and then go on to argue that by now the Attorney General and ORM are on notice because UL System is named "in the caption" and there are allegations against it. (R. Doc. 120, pp. 9-10). Plaintiffs' current position is not based in law and does not cure the objections lodged.

- For these reasons, as well as those set forth in UL System's prior briefing on this issue (R. Docs. 41, 55, 79, and 95), UL System seeks dismissal of all claims adverse to UL System. *See Bernard v. Lafayette City Police Dep't,* 2016-361 (La. App. 3 Cir. 11/16/16)(unpublished opinion), 2016 WL 6778714 (affirming dismissal of lawsuit without prejudice after plaintiff failed to comply with order of court requiring compliance with La. R.S. 39:1538 and La. R.S. 13:5107).

*(Signatures on Following Page)*

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By: /s/ Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Christopher K. Jones (#28101)
Email: cjones@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Catherine S. Giering (#26495)
Email: cgiering@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Baton Rouge, Louisiana 70802
Telephone: (225) 383-3796
Facsimile: (225) 343-9612
*(Counsel for Defendant, Board of Supervisors of The University of Louisiana System)*

-and-

**DECUIR, CLARK & ADAMS, L.L.P.**

s/ Brandon J. DeCuir
Brandon J. DeCuir (#28014)
Linda Law Clark (#22305)
Monica Gant Moton (#27222)
732 North Boulevard
Baton Rouge, La 70802
Tel: 225.346.8716
Fax: 225.336.1950
*(Counsel for Defendant, Board of Supervisors of The University of Louisiana System)*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 3rd day of June, 2024.

/s/ Andrew Blanchfield
Andrew Blanchfield, T.A.