UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| M.D., J.B., P.P., and<br>JANE DOES 1-100 | *<br>*<br>* | CIVIL ACTION |
| VERSUS | *<br>* | NO.:  6:22-cv-02089-DCJ-DJA |
| LOUISIANA BOARD OF REGENTS,<br>LOUISIANA STATE UNIVERSITY<br>BOARD OF SUPERVISORS, UNIVERSITY<br>OF LOUISIANA BOARD OF<br>SUPERVISORS, LAFAYETTE<br>CONSOLIDATED GOVERNMENT,<br>LAFAYETTE POLICE DEPARTMENT,<br>JOSEPH SAVOIE, LES GUICE, FIELDON<br>KING ALEXANDER, TOM GALLIGAN,<br>WILLIAM F. TATE, THOMAS GLOVER,<br>And JOHN/JANE DOE CHIEFS OF<br>POLICE, individually and in their<br>official capacities | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | JUDGE:<br>DAVID C. JOSEPH<br><br>MAGISTRATE JUDGE:<br>DAVID J. AYO |

**************************************************************************

**MEMORANDUM IN REPLY TO PLAINTIFFS' OPPOSITION AND
IN FURTHER SUPPORT OF
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

NOW INTO COURT, through undersigned counsel, come Defendants, BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM ("UL System"),[1] JOSEPH SAVOIE and LES GUICE (collectively "Defendants"), who respond to Plaintiffs' second opposition to their motion.  Defendants incorporate by reference prior briefing found at R. Docs. 49 and 58.  (*See* R. Doc. 100, p. 3, authorizing briefing by reference).

Plaintiffs have amended their complaint three times and opposed the motions to dismiss filed by all Defendants twice.  Still, the pleading defects have not been cured, and Plaintiffs'

---

[1] UL System separately and previously filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(5) based upon improper service of process.  The instant motion under Rule 12(b)(6) is on behalf of UL System, alternatively to its initial motion to dismiss, as well as on behalf of Joseph Savoie and Les Guice.  Two separate motions were filed due to the different movers, as well as the fact that if personal jurisdiction is found not to exist against UL System, then its grounds for dismissal under Rule 12(b)(6) are rendered moot.  *Kidd v. Monroe Transit System*, Civ. A. No. 19-01596, 2021 WL 537100, at *6 (W.D. La. Jan. 28, 2021).

1

operative Complaint remains ripe for dismissal. Plaintiffs have not alleged new facts in their operative Complaint; they have only peppered their pleading with unfounded conclusions of law. (R. Doc. 101). Their claims remain untimely, failing to show why suit was filed many years after the alleged assaults and more than a year after the publication of Kenny Jacoby's *USA Today* article. Because Plaintiffs are unable to plead plausible claims against Savoie, Guice, and UL System, the claims should be dismissed. At a minimum, Plaintiffs' claims should be dismissed for failing to comply with this Court's Order. (R. Doc. 100).

### What's New in Round Two?

There are few new offerings in Plaintiffs' second opposition:

1. Plaintiffs attempt to borrow from the Ruling on Rule 12 motions in the *Doe* matter pending in the Middle District Court of Louisiana ("MDLA"). (R. Doc. 121, pp. 4-5; 12-13; 15). Importantly, the plaintiff in MDLA is *one* plaintiff who was a student at La. Tech Univ. ("Tech") and who pled allegations specific to her own timeline and different than those plead here. While Defendants maintain their objection to the timeliness of the MDLA claims, it is inappropriate for the three Plaintiffs here, with a poorly-plead Complaint, different claims, and a different timeline, to adopt the Ruling from another court on another set of facts – especially on an issue as date-specific as prescription.

Regardless, dismissal based on untimeliness remains proper here because Plaintiffs' operative Complaint "makes plain that Plaintiffs' claims are time-barred and raise no basis for tolling." (*Id*., at p. 10, citing *Petrobras Am. Inc. v. Samsung Heavy Indus. Co., Ltd*., 9 F.4th 247, 253 (5th Cir. 2021)). For the reasons set forth at R. Doc. 49-2, pp. 18-29, Plaintiffs' claims are time-barred. The operative Complaint (R. Doc. 101) does not change this result because:

- M.D. was aware of her injuries and causal connection to LSU in the Spring of 2015. (R. Doc. 101, ¶¶104-106, 109). M.D. has no claims adverse to Defendants as she

> was, at all times, an LSU student, and she was unknown to ULL or any other UL System institution.
>
> - P.P. was aware of other alleged sexual assault claims against Silva as early as 2019, that students allegedly knew of rumors regarding Silva's purported history of sexual assault, that other students had allegedly reported Silva to the program director, and that a ULL professor allegedly used Silva as a case study on rapists. (*Id*. at ¶¶119, 121, 122, 126). Silva allegedly assaulted P.P. from May 2020 until January 2021. (*Id*. at ¶¶124, 142). P.P. was contacted by Kenny Jacoby in March 2021 about the investigation he was conducting on Silva and various higher education institutions. (*Id*. at ¶144). P.P. does not allege that she reported Silva to ULL, Savoie, or any other UL System institution.
>
> - J.B. alleges that she was assaulted by Silva in February 2021. By March 2021, she had discovered more about Silva on social media, including a group of alleged victims. She allegedly connected with these other women, including P.P., from whom she learned about Kenny Jacoby's investigation. By April 2021, J.B. told others of her alleged assault. (*Id*. at ¶¶143, 148-156, 163-175).

Based on the foregoing and as previously briefed to this Court, the prescriptive period on Plaintiffs' claims began to run as early as April 2015 (M.D.) and as late as April 2021 (J.B.). Kenny Jacoby's article was published on May 26, 2021. Plaintiffs did not file suit until July 13, 2022 – more than one year and up to over six years after Plaintiffs' claims arose. It is untimely on its face, and it "appears beyond doubt that [Plaintiffs] can prove no set of facts in support of [their] claims" which would entitle them to relief. (R. Doc. 121, p. 10, citing *Abdul-Alim Amin v. Univ. Life Ins. Co. of Memphis, Tenn*., 706 F.2d 638, 640 (5th Cir. 1983)).

The doctrine of *contra non valentum* does not save Plaintiffs' claims. The operative Complaint fails to allege any affirmative acts by *Guice, Savoie, or UL System* that could reasonably be considered fraudulent concealment. In fact, there are no allegations *specific to* Guice, Savoie or UL System in Plaintiffs' operative Complaint. (R. Doc. 101, pp. 29-30). Rather, Plaintiffs continue to lump all Defendants together with an overly-generalized theory of failing to investigate Silva. *State of Tex. V. Allan Const. Co*., Inc., 851 F.2d 1526, 1528 (5th Cir. 1988).

2. Plaintiffs offer additional general law on claims pursuant to Section 1983. (R. Doc. 121, pp. 16-17). Plaintiffs then argue alleged facts from the operative Complaint. (R. Doc. 121, pp. 18-21). The alleged facts are not "new"; Plaintiffs' citation and utilization of the allegations in opposition to the motion to dismiss the second time around is "new". However, the inclusion of these allegations does not alter Plaintiffs' failure to state a claim upon which relief may be granted as to Guice (the president of a university that is not implicated here), Savoie, and/or UL System.

Further, Plaintiffs again gloss over that Title IX does not protect M.D. or J.B. here, because M.D. was never a UL System student, and J.B. was never a student, only an adult resident of Arkansas. *See Doe v. Brown Univ.*, 896 F.3d 127, 130 (1st Cir. 2018). Defendants never owed a duty to M.D. and J.B. With regard to P.P., she does not plead the report of any claim to ULL, Savoie, or UL System; thus, Defendants were never in a position to act upon P.P.'s allegations. It goes without saying that an institution cannot respond to something it knows nothing about.

The second time around, Plaintiffs' response to Defendants' motion to dismiss again falls flat. After three amendments to the Complaint and two attempts to oppose Defendants' motion, Plaintiffs' claims are ripe for dismissal.

## Ignorance is not Bliss.

Ignoring Defendants' points equates to a waiver of those issues.[2] Plaintiffs had an opportunity to amend their complaint a third time and oppose Defendants' Motion to Dismiss a second time and, in doing so, waived the following:

---

[2] "The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal." *JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F.Supp.3d 620, 634 (M.D. La. 2018)(citing *Magee v. Life Ins. Co. of N. Am.*, 261 F.Supp.2d 738, 748 n. 10 (S.D. Tex. 2003)); *see also United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010)(defendant's failure to offer any "arguments or explanation … is a failure to brief and constitutes waiver"). By analogy, failure to brief an argument in the district court waives that argument in that court." *JMCB*, 336 F.Supp.3d at 634 (quoting *Magee*, 261 F.Supp.2d at 748 n. 10); *see also Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at * 3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F.App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at * 5 (S.D. Tex.

- Plaintiffs and their claims against all Defendants remain "lumped together." (R. Doc. 101 at pp. 30-56). Poorly plead allegations place the Court in a position to "search the Complaint" to determine if Plaintiffs "eked out a claim." *Lewis v. United States*, 2019 WL 4738791, at *19 (M.D. La. Sept. 27, 2019) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

- M.D. was never a student in the UL System, and her claims arose before the Act was effective. (R. Doc. 49-2 at pp. 13-14, 31-32). M.D.'s claims should be dismissed for failure to state a claim.

- P.P. was aware of many claims of Silva's assaults and was contacted by Mr. Jacoby regarding the *U.S. News* article in March 2021. (*Id.* at pp. 14-15). P.P.'s claims are time-barred.

- J.B. was not a student of any of the Defendant Universities and lived in Arkansas, where her alleged assault occurred. (R. Doc. 49-2 at pp. 15-17, 33). J.B.'s claims should be dismissed for failure to state a claim.

- *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015) applies, and Plaintiffs' claims are prescribed. (*Id.* at pp. 19-21).

- Plaintiffs need not know that they have a specific claim, only the facts that may support that cause of action. (*Id.* at pp. 21-22). Plaintiffs' claims are prescribed.

- Learning of another suit does not give rise to a timely claim. (*Id.* at p. 28). *Daigle v. Cimarex Energy Co.*, 333 F.Supp.3d 604, 615 (W.D. La. June 28, 2018) citing *Ford v. Stone*, 599 F.Supp. 693 (M.D. La. 1984); *Eastin v. Entergy Corp.*, 2003-1030 (La. 2/6/04), 865 So.2d 49, 56. Plaintiffs' claims are prescribed.

Plaintiffs lace their opposition with the argument that Defendants' "failure to investigate Silva" exposed them to an environment where they may encounter Silva. However, Plaintiffs fail to plead (1) what Guice, Savoie and UL System were required to investigate; (2) what required Guice, Savoie and UL System to investigate Silva and when; and (3) how that alleged "failure" exposed M.D. (an LSU student), P.P. (a non-reporting student at ULL while Plaintiffs acknowledge ULL was never notified of any reports on Silva), and J.B. (an adult non-student residing in Arkansas), to Silva.

---

Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

For these reasons and those more fully set forth below, Defendants move this Court to dismiss all claims by all Plaintiffs.

## I. Plaintiffs' claims are time-barred.

### A. Plaintiffs concede that their claims are prescribed on the face of the Complaint.

Plaintiffs do not dispute: that a one-year prescriptive period applies to their claims under Title IX and Section 1983; that the application of this prescriptive period results in prescribed, time-barred claims; that federal law governs the accrual of Plaintiffs' claims and that their claims accrued the moment Plaintiffs became aware that she suffered an injury or otherwise obtained sufficient information to know that she was injured. Therefore, the burden shifted to Plaintiffs to show that their case presents a rare and exceptional circumstance in which equitable tolling applies.

### B. Plaintiffs failed to show a rare and exceptional circumstance to which equitable tolling applies.

#### 1. Plaintiffs do not plead any "steps" that Guice, Savoie or UL System took to prevent them from "availing themselves" of their causes of action.

Plaintiffs desperately attempt to apply the third category of *contra non valentem* to resurrect their stale claims. (R. Doc. 121 at pp. 9-14). Yet, Plaintiffs do not plead any act by *Guice, Savoie or UL System* that prevented Plaintiffs from availing themselves of their cause of action. What efforts did Guice, Savoie and UL System take to allegedly conceal a "failure" and what was the alleged failure? How could these Defendants have prevented the alleged harm to Plaintiffs (a non-student; a non-reporting student; and an out-of-state adult)? What alleged choice did these Defendants make that allegedly concealed information that would have prevented Plaintiffs' alleged assaults? The Complaint must sufficiently plead these facts, and it does not. Even Plaintiffs admit that alleged assaults were not known to the UL System. (R. Doc. 101 at ¶¶

72, 76, 79, 81). Plaintiffs' formulaic recitation of the elements of the third category of *contra non valentem* does not a timely suit make. *Twombly*, 550 U.S. at 555.

After Defendants pointed out Plaintiffs' failure to allege concealment, Plaintiffs inserted "along with Defendants' acts of willful concealment" in making this same argument a second time. (R. Doc. 121, p. 13). Simply inserting buzzwords into an argument as a response to a well-founded motion to dismiss does not cure the deficiencies. *Walker v. Apple Studios Louisiana, LLC*, 2024 WL 347893, at *5 (M.D. La. Jan. 30, 2024)(Plaintiff offered no factual support for his use of "formulaic buzzwords"; "numerous federal district courts in Louisiana have found that a 'formulaic pleading of … words or phrases' in combination with a plaintiff's allegations 'does not transform any set of facts' … and 'does not provide protection against a well-founded motion to dismiss.'"). Plaintiffs' argument continues to fail.

### 2. The discovery rule does not render Plaintiffs' claims timely.

In a meager two paragraphs, Plaintiffs address the discovery rule. (R. Doc. 121, pp. 14-15). In those two paragraphs, Plaintiffs: cite to one case for the proposition that Title IX does not require flawless investigations or perfect solutions; do not cite to any cases on point resulting in the discovery rule resurrecting their time-barred claims; do not cite to the record; do not address the dates plead in their Complaint; and do not respond to Defendants' arguments. Plaintiffs attempt to convince the Court to find their claims timely without addressing the "facts" plead in their own Complaint or by explaining why the claims did not begin to accrue sooner than another suit filing. Based on the foregoing as well as the argument and legal authority set forth in Defendants' prior briefing (R. Docs. 49 and 58), Plaintiffs' claims are time-barred and should be dismissed as a matter of law.

**II.     Plaintiffs fail to state a claim under Title IX and Section 1983.**

In the interest of judicial economy, Defendants re-aver its arguments and support therein from their original briefing. (R. Docs. 49-2 and 58). All points germane and responsive to Plaintiffs' opposition are addressed above and in prior briefing. Additionally, in their first opposition, Plaintiffs accused Defendants of "turning a blind eye" to "allegations of sexual assault." (R. Doc. 57 at p. 17). Defendants responded that Plaintiffs failed to identify the "allegations of sexual assault" that Defendants allegedly ignored. (R. Doc. 58). Even now, there is no citation to the record or explanation of these allegations. As set forth above, it is established that the only UL System student named as a Plaintiff, P.P., has not plead any report to ULL. There was no "allegation" to which Guice, Savoie, or UL System purportedly "turned a blind eye."

**III.    Plaintiffs conflate qualified immunity for claims made against state officials in their individual capacity with those made against officials in their official capacity.**

"When considering a defendant's entitlement to qualified immunity, we must ask whether the law so clearly and unambiguously prohibited his conduct that *every* reasonable official would understand that what he is doing violates the law." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)(emphasis in original). Additionally, each defendant's actions must be evaluated individually. *Minnis*, 972 F.Supp.2d at 885; *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007). "Because vicarious liability is inapplicable to … Section 1983 suits, a plaintiff must plead that *each* Government-official defendant, through the official's own *individual* actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676. Importantly, the purpose of Section 1983 is to compensate a person for injuries caused by the deprivation of constitutional rights. *See Carey v. Piphus*, 435 U.S. 247, 254, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252 (1978). Plaintiffs' Complaint does not meet this standard.

Plaintiffs' Section 1983 claims against Guice and Savoie in the operative Complaint are identical to Plaintiffs' previous Complaints. Plaintiffs' second opposition to Defendants' motion on this issue is identical to its first opposition on this issue. (*Cf.* R. Doc. 57, pp. 18-22 and R. Doc. 121, pp. 24-28). Therefore, Defendants refer the Court to its original response to Plaintiffs' argument at R. Doc. 58, pp. 8-10. Plaintiffs' allegations as to Guice and Savoie remain wholly insufficient and fail to include any particular conduct of any individual defendant that would demonstrate that Guice and/or Savoie acted in a way that they knew was unlawful. Here, there are no facts to support the contention that Guice and/or Savoie violated a clearly established constitutional right. *See also Doe on Behalf of Doe v. Dallas Independent School Dist.*, 153 F.3d 211, 218-19 (5th Circ. 1998)(upheld trial court's granting of summary judgment in favor of principal of school based on qualified immunity; involving sexual abuse allegations under Title IX).

Defendants again urge the Court not to extend any additional time to Plaintiffs to conduct discovery regarding the qualified immunity defense. The purpose of the subject motion is to avoid the time and cost involved in defending a suit where the defense of qualified immunity may be dispositive. The issue of qualified immunity should be resolved "at the earliest possible stage of litigation," and before subjecting defendants to the full cost of discovery. *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). "Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is 'an entitlement not to stand trial or face the burdens of litigation.'" *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). "The privilege is 'an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.' As a

result, 'we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)(*per curiam*).

The allegations in Plaintiffs' operative Complaint do not serve to overcome the defense of qualified immunity. Plaintiffs' claims against Guice and Savoie should be dismissed with prejudice.

## IV. Conclusion

Plaintiffs' claims against UL System, Guice and Savoie, both based upon Title IX and Section 1983, should be dismissed with prejudice as they are prescribed. If the claims are found to be timely, which is denied, Plaintiffs' claims should be dismissed with prejudice for failure to plead a plausible claim upon which relief may be granted. Plaintiffs' claims under Section 1983 against Guice and Savoie in their individual capacities should be dismissed with prejudice based on qualified immunity and without a discovery deferral. For these reasons, Plaintiffs' claims should be dismissed with prejudice.

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By:  s/Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Catherine S. Giering (#26495)
Email: cgiering@keoghcox.com
Special Assistant Attorneys General
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612
*(Counsel for Defendants, Board of Supervisors of The University of Louisiana System, Joseph Savoie and Les Guice)*

       -and-

       **DECUIR, CLARK & ADAMS, L.L.P.**

       s/ Brandon J. DeCuir
       Brandon J. DeCuir (#28014)
       Linda Law Clark (#22305)
       Monica Gant Moton (#27222)
       732 North Boulevard
       Baton Rouge, La 70802
       Tel: 225.346.8716
       Fax: 225.336.1950
       *(Counsel for Defendants, Board of Supervisors of The University of Louisiana System, Joseph Savoie and Les Guice)*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 5th day of June, 2024.

                        /s/ Andrew Blanchfield
                        Andrew Blanchfield