## UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF LOUISIANA

M.D.,1 J.B., P.P, ) C/A No.
and JANE DOES 1-100                          *
                                             *     **CIVIL ACTION NO. 6:22−cv−02089**
    **Plaintiffs**                              *
                                             *
                                             *
**VERSUS**                                   *     **DISTRICT JUDGE: David C. Joseph**
LOUISIANA BOARD OF REGENTS,                  *
LOUISIANA STATE UNIVERSITY                   *
BOARD OF SUPERVISORS,                        *
UNIVERSITY OF LOUISIANA                      *     **MAGISTRATE JUDGE:  David J. Ayo**
SYSTEM BOARD OF SUPERVISORS,                 *
LAFAYETTE CONSOLIDATED                       *
GOVERNMENT, LAFAYETTE POLICE                 *
DEPARTMENT, JOSEPH SAVOIE,                   *
LES GUICE, FIELDON KING                      *
ALEXANDER, TOM GALLIGAN,                     *
WILLIAM F. TATE, THOMAS                      *
GLOVER, and JOHN/JANE DOE CHIEFS             *
OF POLICE, individually and in their         *
official capacities                          *
                                             *
    **Defendants**                              *
                                             *

**************************************************************************

## LOUISIANA BOARD OF REGENTS' MEMORANDUM IN REPLY TO OPPOSITION TO MOTION TO DISMISS

    **MAY IT PLEASE THE COURT:**

    ***Louisiana Board of Regents***, named defendant herein, files this *brief* reply in further

support of its *Motion to Dismiss Third Amended Complaint* (Doc. 103) of the plaintiffs herein,

and in response to the Plaintiffs' Opposition Memorandum (Doc. 125).

I.

As noted in defendant's Memorandum in Support, the Board of Regents has no effective supervisory ability with regard to the individual circumstances regarding this case. While  La. Const. Art. VIII §5 establishes the Board of Regents to "plan, coordinate and have budgetary responsibility for all public postsecondary education," subsequent provisions of that very section reserve all powers not enumerated therein to the management boards. The enumerated powers vested in the Board of Regents under Section 5(D) of Article VIII clearly identify the Board of Regents' duties of **statewide** planning, coordination and budget development. None of those powers extend, even indirectly, to the operation of any institution.  Most significantly, all "powers of management over public institutions of postsecondary education" are reserved to the management boards. The management boards are the governing boards of the respective institutions placed under them, responsible for their member institutions' day-to-day operations.

Given this constitutional framework of the legislature appropriating funds and management boards expending such funds for the operations of their institutions, Plaintiffs' claims of the Board of Regents' "control" over specific institutions are not just inflated, but patently baseless for purposes of their allegations pursuant to Title IX.

II.

Again, defendants respectfully urge that this Court take notice of the recent decision of the Middle District of Louisiana, Chief District Judge, Shelly Dick, in *Jane Doe No. 1 vs. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, et al*, No. 3:21-cv-00564-SDD-SDJ (M.D. La. Nov. 3, 2022). In this case, the District Court, at pages 29-32 specifically rejected precisely the *contra non valentem* claims made by plaintiff in the instant case.

III.

Of course, the plaintiffs cannot dispute that their claims have prescribed on the face of the Complaint; and as the burden is plaintiffs to show that equitable tolling has applied, the plaintiffs' assertion of *contra non valentem* also fails to the extent that the plaintiffs have not factually plead any act on the part of the Board of Regents that upended plaintiffs from availing themselves of their asserted causes of action, much less  demonstrating an effort to conceal information to prevent the instant filing, or the alleged assaults. That plaintiffs' Complaint fails sufficiently to plead such facts in accordance with the highlighted pleading standards outlined in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) meant that it cannot survive.

IV.

**IN SUM**, defendants' motion is well-founded, and the plaintiffs' claims against the Louisiana Board of Regents should be dismissed, with prejudice, as failing to state a cause of action.


Respectfully Submitted,

**LIZ MURRILL**
**ATTORNEY GENERAL**


BY:   */s/Darren A. Patin*
            **DARREN A. PATIN, #23244**
Special Assistant Attorney General
One Galleria Boulevard, Suite 1400
Metairie, Louisiana 70001
Telephone: (504) 836-6500
Facsimile:  (504) 836-6565
*Counsel for Defendant, Louisiana Board of Regents*

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that I have on this **6th** day of **JUNE, 2024**, served a copy of the foregoing pleading on counsel for all parties to this proceeding either by **e-mailing, faxing or by mailing** the same by United States mail, properly addressed and first class postage prepaid.

*/s/ Darren A. Patin*
_____
**DARREN A. PATIN**