UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| M.D., et al. | § | CIVIL ACTION NO.  6:22-cv-002089 |
| | § | |
| VERSUS | § | |
| | § | JUDGE DAVID C. JOSEPH |
| LOUISIANA BOARD OF REGENTS, et al. | § | |
| | § | MAGISTRATE JUDGE DAVID J. AYO |

**REPLY TO PLAINTIFF'S OPPOSITION TO THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(5) & 12(b)(2)**

Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU" or "Defendants") replies to Plaintiffs, M.D.'s, P.P.'s and J.B.'s, opposition to LSU's motion to dismiss for insufficient service of process and lack of personal jurisdiction. (Doc. 123.) Plaintiffs still have not shown good cause nor excusable neglect for their service deficiencies. And their latest effort to serve the Louisiana Attorney General ("AG") and the Louisiana Office of Risk Management ("ORM") are further evidence of their lack of diligence and ability to follow Louisiana state law of service of process on public bodies. (Docs. 127 & 131.) For the reasons stated more fully below, for the reasons stated in LSU's several other briefs (Docs. 19, 40, 80, 93), and for the reasons stated in co-Defendant, the Board of Supervisors of the University of Louisiana Systems' ("ULL"), reply memorandum which LSU fully adopts herein, *in extenso*, Plaintiffs' suit against LSU should be dismissed with prejudice for lack of personal jurisdiction and insufficient service of process. (Doc. 126.)

Plaintiffs again maintain they have effectuated proper service on LSU because William F. Tate, IV, ("Tate"), who is LSU's current President and a co-Defendant sued in his personal capacity, executed a waiver of service. (Doc. 123, p. 7-8.) However, Fed. R. Civ. P. 4(d) does not

1

allow for waiver of service of summons on governmental entities. Rule 4(d) states "[a]n **individual, corporation, or association** that is subject to service under **Rule 4(e), (f), or (h)** has a duty to avoid unnecessary expenses of serving the summons." (Emphasis added.) It specifically does not include a state entity. *See Libertarian Party v. Dardenne*, 595 F.3d 215, 219 (5th Cir. 2010) (noting that "a state official sued in his official capacity is not subject to the mandatory waiver-of-service provisions of [R]ule 4(d)" and therefore declining the motion for costs and fees under Rule 4(d))(citations omitted.) Plaintiffs cannot use Tate's waiver of service as proof of sufficient service under the Federal Rules of Civil Procedure.[1] Additionally, because Plaintiffs allege Tate is being sued in his personal capacity as opposed to his official capacity, this waiver of service by Tate also cannot support Plaintiffs' assertion that they complied with La. R.S. 13:5107(A)(1) to the extent that they properly served the "agency head or person, depending on the identity of the named defendant" because the identity of the named defendant served here, Tate, was in his personal capacity not his official capacity. Regardless, as *Libertarian Party, supra.*, holds, even if Tate was identified in his official capacity waiver is still inappropriate. Further, Plaintiffs' reliance on two cases, one from North Carolina and one from Texas are inapplicable here considering Louisiana's particularities of service of process found in La. R.S. 13:5107 and La. R.S. 39:1538. (Doc. 123, p. 7.) Plaintiffs' inability to follow the rules of civil procedure are inexcusable, indefensible and unjustified especially considering there are six attorneys of record for Plaintiffs. Plaintiffs' suit against LSU should be dismissed with prejudice due to the ineffective service of process on LSU.

Moreover, Plaintiffs' position that LSU has admitted the LSU Office of General Counsel was "served" with the Original Complaint on August 22, 2022, is a gross misrepresentation of

---

[1] LSU also points out to the Court that Plaintiffs did not file this waiver of service into the record nor is there proof of service on Tate in the record. Again, Plaintiffs fail to comply with Rule 4's mandates. See Fed. R. Civ. P. 4(d)(4).

LSU's statement. LSU has not and did not admit that the Office of General Counsel was "served" but that they "received a copy of the [] summons and Original Complaint." (Docs. 102, ¶3, Doc. 102-1, p. 2.) That is, LSU's General Counsel learned a suit had been filed against LSU and obtained a copy of the suit, which does not equate to formal service of process on LSU nor allow this Court to exercise personal jurisdiction over LSU. *See Mann v. Castiel*, 681 F.3d 368, 373 (D.C. Cir. 2012) (citing *see, e.g., Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir.2004); *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir.2001))("[A] defendant's knowledge that a complaint has been filed is not sufficient to establish that the district court has personal jurisdiction over the defendant.")); *see also Yoo v. US Marshal Serv.*, No. 6:20CV401, 2023 WL 2802247, at *5 (E.D. Tex. Mar. 3, 2023), report and recommendation adopted sub nom. *Yoo v. United States Marshal Serv.*, No. 6:20-CV-00401, 2023 WL 2787968 (E.D. Tex. Apr. 5, 2023) ("[N]othing in the Federal Rules of Civil Procedure allows a judge to excuse service altogether. Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4.")(citations omitted.) Additionally, LSU's Office of General Counsel received the copy internally *and not from Plaintiffs*. It is nonsensical for Plaintiffs to rely on a universities' internal delivery system to circumvent the necessary procedural processes they must follow to haul LSU into federal court especially when LSU, as a State entity, is generally and constitutionally immune from suit in federal court. Plaintiffs' suit against LSU should be dismissed with prejudice.

Plaintiffs argue that because failure to effectuate service on the AG and ORM under La. R.S. 13:5107 and La. R.S. 39:1538 does not result in any penalty, such as dismissal of the suit, their failure to timely request service and serve the AG and ORM is excusable. (Doc. 123, pp.9-14.) Basically, Plaintiffs are arguing that just because there is no teeth to these statutes, they are

3

unnecessary, and they do not have to comply with them. This is an afront to Louisiana law. The statutes still mandate timely requests and service on the agency head, the AG, and ORM. Plenty of plaintiffs are able to comply with 13:5107's and 39:1538's directives. Here, these Plaintiffs cannot be excused just because a few Louisiana Appellate Courts, post-*Whitely* and post-amendment of 13:5107, have interpreted these statutes to have no penalty of dismissal. Moreover, Plaintiffs have not timely requested, nor timely served the AG and ORM as they have confessed in their opposition. (Doc. 123, p. 14.) Yet most importantly, Plaintiffs have not timely requested, nor timely served the named defendant, LSU, in this matter pursuant to the state and federal procedure. As stated above, Tate's waiver is not proper service under Rule 4(j) as to LSU. And to this day, Plaintiffs have not served LSU with a summons and complaint as required under Rule 4(j), nor have they timely requested nor served the *named defendant*, LSU, as required by 13:5107. Therefore, dismissal pursuant to 13:5107(D) is mandatory. Plaintiffs' dilatory and halfhearted efforts at serving LSU is inexcusable. Plaintiffs' suit against LSU must be dismissed with prejudice.

Plaintiffs then cite to *Wilson v. Dep't of Pub. Safety & Corr.*, 53,433 (La. App. 2 Cir. 4/22/20), 295 So. 3d 1274, writ denied, 2020-00717 (La. 9/29/20), 301 So. 3d 1176 and *Thibodeaux v. McNeese State Univ.*, 2022-450 (La. App. 3 Cir. 1/25/23), 354 So. 3d 903, writ denied, 2023-00265 (La. 4/18/23), 359 So. 3d 519. As more fully explained by ULL and adopted herein *in extenso* by LSU, these cases are inapplicable to Plaintiffs' situation. (Doc. 126, 3-4.)

Plaintiffs further argue that because 39:1538 does not require a time period for service on the agency head, the AG, and ORM, their untimely request and service on the AG and ORM are proper. This narrow reading of 39:1538 still cannot excuse Plaintiffs' non-compliance with Louisiana's service law, especially when they have not timely requested nor served LSU, the

4

agency. It would be absurd to conclude that any plaintiff could file suit against the State and then sit on their request for summons and complaint because 39:1538 does not allow a specific time period for service. Finally, Plaintiffs contend that they were not required to serve separate summons and complaints on the AG and ORM for each Defendant. Contrary to Plaintiffs' assertions, there is law to support this conclusion. It is implicit in 13:5107 and 39:1538 that each named defendant be served properly, otherwise the phrases "department, board, commission, or agency head or person, depending on the identity of the named defendant" in 13:5107 would be superfluous. For example, Plaintiffs have sued the Board of Regents, ULL, LSU and Lafayette Consolidated Government. Each of these public entities has a different board and agency head or person. Lumping them all together and saying "here AG and ORM, you all sort out which summons and complaint belongs to each defendant" is unfair and is not permitted. Plaintiffs have used this same grouping tactic regarding their allegations of constitutional violations by the LSU, ULL, and Tech Presidents which is also wholly insufficient. This is further proof of Plaintiffs' pleading deficiencies and failure to comply with the Federal Rules of Civil Procedure.[2]

Plaintiffs' lawsuit is fraught with fatal procedural deficiencies that have plagued this matter for almost two years and required extensive briefing by all parties involved. Based on the foregoing, LSU asserts Plaintiffs' suit against LSU should be dismissed with prejudice because of insufficient service of process and lack of personal jurisdiction.

WHEREFORE, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College pray that Plaintiffs' lawsuit and Third Amended Complaint be dismissed with prejudice at Plaintiffs' cost and for all other further and equitable relief.

---

[2] The record also reveals Plaintiffs deficiencies in requesting summons as required under Rule 4. See Doc. 2, only summons issued by this Court.

June 6, 2024                                    Respectfully submitted,

                                                   **LIZ MURRILL**
                                                   **ATTORNEY GENERAL**

                                                   /s/ Elizabeth Bailly Bloch
                                                 **CHRISTINE S. KEENAN** (No. 23293)
                                                 **ERIC R. MILLER** (No. 21359)
                                                 **ELIZABETH BAILLY BLOCH** (No. 37591)
                                                 **MARY KATHRYN GIMBER** (No. 38748)
                                                 Special Assistants Attorney General
                                                 THE KULLMAN FIRM, APLC
                                                 4605 Bluebonnet Blvd., Suite A
                                                 Baton Rouge, Louisiana 70809
                                                 Telephone: (225) 906-4250
                                                 Facsimile: (225) 906-4230
                                                 CSK@kullmanlaw.com
                                                 EM@kullmanlaw.com
                                                 EBB@kullmanlaw.com
                                                 MKG@kullmanlaw.com
                                                 **Counsel for Defendants, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College**

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 6th day of June 2024, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

                                        */s/ Elizabeth Bailly Bloch*
                                          Elizabeth Bailly Bloch