UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| M.D., et al. | § | CIVIL ACTION NO. 6:22-cv-002089 |
| | § | |
| VERSUS | § | |
| | § | JUDGE DAVID C. JOSEPH |
| LOUISIANA BOARD OF REGENTS, | § | |
| LOUISIANA STATE UNIVERSITY | § | MAGISTRATE JUDGE DAVID J. |
| BOARD OF SUPERVISORS, et al. | § | AYO |
| | § | |
| | § | |

**PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

Plaintiffs, by and through their undersigned counsel, hereby respectfully submit these objections to the United States Magistrate Judge David J. Ayo's Report and Recommendation ("R&R") to grant Defendants' motions to dismiss, in particular, the recommendation to grant the LSU Defendants'[1] motions to dismiss and dismiss all claims against the LSU Defendants as prescribed. [Doc. 143, R&R]. For the reasons stated below, the Court should reject Judge Ayo's R&R as it relates to the LSU Defendants, and deny their motions to dismiss.

## INTRODUCTION

The Court concluded that (1) Defendant Louisiana Board of Regents' motion to dismiss [Doc. 103] should be granted in its entirety because Plaintiffs' Title IX claims are prescribed; (2) Defendant University of Louisiana System Board of Supervisors' motions to dismiss [Doc. 105 & 106] should granted in their entirety because Plaintiffs' Title IX claims are prescribed; (3) Defendant Joseph Savoie and Defendant Les Guice's motion to dismiss [Doc. 106] should be

---

[1] Plaintiff collectively refers to Defendant Louisiana State University Board of Supervisors, Defendant Fieldon King Alexander, Defendant Thomas C. Galligan, Jr., and Defendant William F. Tate, IV as the "LSU Defendants."

granted in its entirety because Plaintiff's 42 U.S.C. § 1983 claims are prescribed; (4) Defendant Lafayette Consolidated Government's motion to dismiss [Doc. 118] should be granted in its entirety because Plaintiffs' 42 U.S.C. § 1983 claims are prescribed; (5) Defendant Fieldon King Alexander, Defendant Thomas C. Galligan, Jr., and Defendant William F. Tate, IV's ("Defendant LSU Presidents") motion to dismiss [Doc. 115] should be granted in its entirety because Plaintiffs' 42 U.S.C. § 1983 claims are prescribed; and (6) Defendant Louisiana State University Board of Supervisors' ("Defendant LSU") motion to dismiss [Doc. 102] should be granted in its entirety based on its *sua sponte* determination that Plaintiffs' Title IX claims are prescribed. Plaintiffs respectfully object to the Court's recommendation that the LSU Defendants' motions be granted and that Plaintiffs' claims against these Defendants be dismissed as prescribed.

## ARGUMENT

I. **Plaintiffs object to the recommendations that the claims against Defendant LSU and the Defendant LSU Presidents be dismissed as prescribed because they do not address the recent revelations regarding LSU's willful failure to comply with Act 172.**

While the Court addressed many of Plaintiffs' allegations regarding the LSU Defendants' efforts to conceal their failures under Act 172 and Plaintiffs' inability to know of such failures, he did not address the allegations regarding the LSU Defendants' willful failure to comply with Act 172 in the context of *contra non valentem*.

**Unaddressed allegations regarding LSU's willful failure to comply with Act 172**

In their Second Amended Complaint [Doc. 76-1, ¶¶182-190] and Third Amended Complaint [Doc. 101, ¶¶182-190], Plaintiffs allege facts regarding LSU's willful failure to comply with Act 172 that were first discovered in November 2022 and April 2023. In May 2021, ten plaintiffs brought a lawsuit against LSU alleging Title IX and other claims in *Owens et al. v. Board of Supervisors of Louisiana State University, et al.* [Doc. 101, ¶ 182]; *see also Owens et al. v.*

2

*Board of Supervisors of Louisiana State University, et al*, No. 21-242 (M.D. La. 2021). As part of that case, on November 9, 2022, Jennie Stewart, LSU's Title IX Coordinator from 2016 to March 2021, sat for a deposition. [Doc. 101, ¶ 183]. During her deposition, Ms. Stewart testified that the LSU police department actively refused to comply with Act 172 during her entire six-year tenure as LSU's Title IX Coordinator, even ignoring directives from LSU's office of general counsel. [*Id.* at ¶ 184].

On April 11, 2023, the deposition of the Board of Supervisors pursuant to Fed. R. Civ. P. 30(b)(6) commenced in the *Owens* matter. [*Id.* at ¶ 185]. The Board of Supervisors designated Jane Cassidy, LSU's Interim Title IX Coordinator from March 2021 to September 2022, as one of its deponents. [*Id.* at ¶ 186]. Ms. Cassidy sat for her deposition on April 11, 2023, and testified that LSU conducted an internal audit in 2017 which revealed that LSUPD was not complying with Act 172. [*Id.* at ¶ 187]. Ms. Cassidy further revealed that LSUPD did not begin complying with Act 172 until Fall 2021, when LSU and LSUPD entered into a new memorandum of understanding. [*Id.* at ¶ 188].

Plaintiffs have alleged in their Second Amended Complaint and Third Amended Complaints that, but for the depositions in November 2022 and April 2023, Plaintiffs would not have discovered the LSU Defendants' willful failures and concerted efforts to disregard the requirements of Act 172. [*Id.* at ¶ 189]. Additionally, this misconduct was hidden from the public and is still not public, as it was not incorporated into the 2021 memorandum of understanding. [*Id.*]. Plaintiffs further alleged that it was not foreseeable, nor could Plaintiffs have known, that Defendant LSU and/or its respective police department would disregard applicable Louisiana law. [*Id.* at ¶ 190]. As indicated above, Plaintiff's object to the R&R because it does not address these facts in the context of *contra non valentem*.

***Contra non valentem***

"When a federal statute does not contain a limitations period (as is the case for Title IX and § 1983), the settled practice is to borrow an 'appropriate' statute of limitations from state law." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). As such, claims arising under Title IX and 1983 are subject to the forum state's statute of limitations for personal injury cases. *See Brown v. Pouncy*, 93 F.4th 331, 33 (5th Cir. 2024) ("[A] forum state's general or residual statute of limitations for personal injury claims applies to Section 1983 claims."); *see also Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 583 (5th Cir. 2020) ("Title IX [is] subject to state statutes of limitations for personal injury actions."). Accordingly, because the events forming the basis of Plaintiffs' claims occurred before 2024, the Court correctly determined that Plaintiffs' Title IX and section 1983 claims are subject to the one-year liberative prescriptive period under La. Civ. Code Ann. art. 3492.[2]

"As a rule, a limitations defense is not favored at the pleadings stage because the dispositive issue of when the plaintiff became aware of her claim involves questions of fact that generally cannot be resolved without evidentiary development." *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, 650 F.Supp.3d 452, 472 (M.D. La. 2023). "Indeed, the Fifth Circuit instructs that '[Rule 12] dismissal under a statute of limitation is proper only when the complaint makes plain that the claim is time-barred and raises no basis for tolling.'" *Id*. (alteration in original) (quoting *Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 253 (5th Cir. 2021)). As such, "a defendant may prevail on a limitations defense at Rule 12 only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'"

---

[2] La. Civ. Code Ann. art. 3492 was repealed effective July 1, 2024, and replaced with La. Civ. Code Ann. art. 3493.1 which extended the statute of limitations for delictual actions to two years.

4

*Id*. (alterations in original) (quoting *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 (5th Cir. 1983)).

"In Louisiana, the doctrine of *contra non valentem* is a jurisprudential doctrine under which prescription on a cause of action may be suspended." *Ashton v. United Parcel Serv.*, 147 So.3d 748, 752 (La. Ct. App. 2014); *see also Carter v. Haygood*, 892 So.2d 1261, 1268 (La. 2005) ("To soften the occasional harshness of prescriptive statutes, our courts have recognized a jurisprudential exception to prescription: *contra non valentem non currit praescriptio*, which means that prescription does not run against a person who could not bring his suit."). Louisiana Courts recognized four categories of *contra non valentem*:

> (1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
> (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.

*Anding o/b/o Anding v. Ferguson*, 342 So.3d 1138, 1149 (La. Ct. App. 2022). "These categories allow 'the courts to weigh the equitable nature of the circumstances in each individual case to determine whether prescription will be tolled.'" *M.R. Pittman Grp, L.L.C. v. Plaquemines Parish Gov't*, 182 So.3d 312, 321 (La. Ct. App. 2015) (internal quotation marks omitted) (quoting *Wells v. Zadeck*, 89 So.3d 1145, 1150 (La. 2012)). Accordingly, the Louisiana Supreme Court has indicated that *contra non valentem* should be viewed through the lens "that prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, **that which favors maintaining, as opposed to barring, an action should be adopted**." *Carter*, 892 So.2d at 1268. (emphasis added).

The "third category of *contra non* applies when the defendant engages in conduct which prevents the plaintiff from availing himself of his judicial remedies." *Id*. at 1269. Stated differently, this category encompasses

> situations where an innocent plaintiff has been lulled into a course of inaction in the enforcement of his right by reason of some concealment or fraudulent conduct on the part of the defendant, or because of his failure to perform some legal duty whereby plaintiff has been kept in ignorance of his rights.

*Id*. As such, this category is implicated "when (1) the defendant engages in conduct which rises to the level of concealment, misrepresentation, fraud or ill practice; (2) the defendant's actions effectually prevented the plaintiff from pursuing a cause of action; and (3) the plaintiff must have been reasonable in his or her inaction." *Anding*, 342 So.3d at 1149.

"The fourth category of *contra non valentem*, commonly referred to as the discovery rule, provides that prescription does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent or unreasonable." *Anding*, 342 So.3d at 1149. "Under the discovery rule, prescription begins to run when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Id*.; *see also Morgan v. Entergy New Orleans, Inc.*, 234 So.3d 113, 116 (La. Ct. App. 2017) (indicating that under the discovery rule, "prescription is suspended until the tort victim discovers or 'should have discovered' the facts upon which his or her cause of action is based"). "In these 'should have discovered' cases, the Supreme Court has focused on the reasonableness of the claimant's 'action or inaction.'" *Morgan*, 234 So.3d at 119.

   a. **LSU Presidents**

The Court erred in finding that Plaintiffs did not meet their burden that *contra non valentem* should toll prescription of their section 1983 claims against the Defendant LSU Presidents.

**<u>Third category</u>**

Based on the allegations regarding LSU's willful failures, the statute of limitations for Plaintiffs' section 1983 claims against the Defendant LSU presidents should be tolled under the third category of *contra non valentem*. In their Second and Third Amended Complaints, Plaintiffs allege that Defendants Alexander, Galligan and Tate had a responsibility to oversee their respective institutions and to ensure that their institutions complied with legal obligations. [Doc. 101, Third Amended Complaint at ¶¶ 53, 280-299]. Plaintiffs have further alleged that the Defendant LSU Presidents showed deliberate indifference to their rights to bodily integrity by failing to adhere to the mandates of Act 172. However, as demonstrated above, LSU's willful failure to comply with the Act, as well as the failure of the Defendant LSU presidents to rectify this willful failure and their deliberate indifference to the same, was not revealed until November 2022.

Plaintiffs' theory of the case rests on Defendants' conduct and as set forth in the four-corners of Plaintiffs' Second and Third Amended Complaints, Defendants took measures to ensure that Plaintiffs could not discover the depths of their misconduct. As such, Plaintiffs reasonably relied on the Defendant LSU Presidents' representations that they would abide by Louisiana law, and that relevant parties at LSU would abide by their responsibility to conduct appropriate investigations as contemplated by Title IX, and other policies, procedures, and resources. *Id.* at ¶¶ 194–204. Due to Plaintiffs' reliance on such representations, Plaintiffs could not have discovered the Defendant LSU Presidents' deliberate indifference to LSU's willful failures until November 2022 and April 2023. Thus, because Plaintiffs filed their original complaint on June 13, 2022, and filed their Second Amended Complaint with these newly discovered allegations in July 2023, their section 1983 claims against the Defendant LSU Presidents should not be dismissed as prescribed.

**Fourth category**

Alternatively, the statute of limitations for Plaintiffs' section 1983 claims against the Defendant LSU Presidents should be tolled under the fourth category of *contra non valentem*. In their Second and Third Amended Complaints, Plaintiffs allege a system of de facto deliberate indifference. Plaintiffs could not have known of the Defendant LSU Presidents' acts and failures because Plaintiffs were summarily excluded from Defendants' closed system. Moreover, Plaintiffs were justified in relying on the Defendant LSU Presidents' contrary representations, which Defendants made to continue to receive valuable funding, that LSU would take appropriate measures to investigate, report, and prevent sexual assault, and to otherwise abide by the mandates of Act 172. LSU continued to accept Title IX funds and publicly represented that they had entered into memoranda with law enforcement to mitigate and respond to sexual assault and misconduct involving students, or perpetrated by students.

However, it was not revealed until November 2022 that LSUPD actively refused to comply with Act 172. Consequently, the Defendant LSU Presidents' deliberate indifference regarding such willful noncompliance was not discoverable until November 2022, particularly because such facts were not released publicly nor included in the 2021 memorandum of understanding, but were only revealed during a Title IX lawsuit against LSU. Thus, because Plaintiffs could not have discovered such facts until November 2022, the statute of limitations should be tolled, and Plaintiffs' section 1983 claims raised against the Defendant LSU Presidents in their original June 13, 2022 complaint should not be dismissed as prescribed.

    b. **LSU**

The Court erred in finding that Plaintiffs did not meet their burden that *contra non valentem* should toll prescription of their Title IX claims against Defendant LSU.

**<u>Third category</u>**

Based on the allegations regarding LSU's willful failures, the statute of limitations for Plaintiffs' Title IX claims against Defendant LSU should be tolled under the third category of *contra non valentem*. In their Second and Third Amended Complaints, Plaintiffs allege that Defendant LSU was legally obligated under Act 172 and Title IX to protect against sexual misconduct and coordinate with law enforcement to delineate responsibilities in furtherance of that goal and to share information. [Doc. 101, ¶¶ 43-45]. Plaintiffs have further alleged that Defendant LSU represented that it was complying with its legal obligations and taking steps to "provide an environment free from discrimination on the basis of sex, gender, and sexual misconduct." [*Id.* at ¶¶ 50-52]. However, as demonstrated above, Defendant LSU's willful failure to comply Act 172 and Title IX was not revealed until November 2022 and April 2023.

As set forth in the four-corners of Plaintiffs' Second and Third Amended Complaints, Defendant LSU took measures to ensure that Plaintiffs could not discover its failures and misconduct. As such, Plaintiffs reasonably relied on Defendant LSU's representations that they would abide by Louisiana law, that it would foster an environment free from sexual misconduct, and that relevant parties at LSU would abide by their responsibility to conduct appropriate investigations as contemplated by Title IX, and other policies, procedures, and resources. [*Id.* at ¶¶ 50-52, 194–204.] Due to Plaintiffs reliance on such representations, Plaintiffs could not have discovered Defendant LSU's willful failures to comply with federal and state law until November 2022 and April 2023. Thus, because Plaintiffs filed their original complaint on June 13, 2022, and filed their Second Amended Complaint with these newly discovered allegations in July 2023, their Title IX claims against Defendant LSU should not be dismissed as prescribed.

**Fourth category**

Alternatively, the statute of limitations for Plaintiffs' Title IX claims against Defendant LSU should be tolled under the fourth category of *contra non valentem*. In their Second and Third Amended Complaints, Plaintiffs allege a system of de facto deliberate indifference. Plaintiffs could not have known of Defendant LSU's acts and failures because Plaintiffs were summarily excluded from its closed system. Moreover, Plaintiffs were justified in relying on Defendant LSU's contrary representations, which it made to continue to receive valuable funding, that Defendant LSU would take appropriate measures to investigate, report, and prevent sexual assault, and to otherwise abide by the mandates of Act 172. Defendant LSU continued to accept Title IX funds and publicly represented that they had entered into memoranda with law enforcement to mitigate and respond to sexual assault and misconduct involving students, or perpetrated by students. [Doc. 101, ¶¶ 50-52]

However, it was not revealed until November 2022 that LSUPD actively refused to comply with Act 172. Consequently, Defendant LSU's willful noncompliance was not discoverable until November 2022, particularly because such facts were not released publicly nor included in the 2021 memorandum of understanding, but were only revealed during a Title IX lawsuit against Defendant LSU. Thus, because Plaintiffs could not have discovered such facts until November 2022 and April 2023, the statute of limitations should be tolled, and the Title IX claims Plaintiffs raised against Defendant LSU in their original June 13, 2022 complaint, and filed their Second Amended Complaint with these newly discovered allegations in July 2023, should not be dismissed as prescribed.

**CONCLUSION**

Based on the foregoing, the Court should reject Judge Ayo's R&R to the extent that it grants Defendant LSU and the Defendant LSU Presidents' motions to dismiss, and to the extent that it finds Plaintiffs' Title IX claims against Defendant LSU and section 1983 claims against the Defendant LSU Presidents are prescribed.

DATED:    March 28, 2025            Respectfully Submitted,

**STROM LAW FIRM**

/s/ Bakari T. Sellers
Bakari T. Sellers (S.C. Bar No. 79714)
Matthew B. Robins (S.C. Bar No. 103685)
6923 N. Trenholm Road, Suite 200
Columbia, South Carolina 29206
Phone: (803) 252-4800
Email:  bsellers@stromlaw.com
            mrobins@stromlaw.com

*Admitted Pro Hac Vice

/s/ Elizabeth K. Abdnour
Elizabeth K. Abdnour (OH: 81795, MI: 78203)
**ABDNOUR WEIKER LLP**
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
Phone: (517) 994-1776
Email:  liz@education-rights.com

*Admitted Pro Hac Vice

Pride J. Doran (#25035)
Nahshon J. Route (#37848)
**DORAN & CAWTHORNE, P.L.L.C.**
521 E. Landry Street (70570)
Post Office Box 2119
Opelousas, LA 70571
Phone: (337) 948-8008
Fax: (337) 948-0098
Email:  pride@doranlawfirm.com

nahshon@doranlawfirm.com

*Attorneys for the Plaintiffs*

Case 6:22-cv-02089-DCJ-DJA Document 144 Filed 03/28/25 Page 12 of 12 PageID #: 1908